**E-FILED**
Wednesday, 15 December, 2004  03:18:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, CASE M. TIERNEY, by and through his next best friend, J. ROBERT TIERNEY, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | No.  04-3138 |
| | ) | |
| SHERIDAN SWIM CLUB, INC., an Illinois corporation, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

NOW COMES the Defendant, BARNEY BIER, by and through his attorney, LISA MADIGAN, Attorney General for the State of Illinois, who represents him in his individual and official capacity as the Adams' County State's Attorney, and submits the following memorandum of law in support of his motion to dismiss.

### I. BACKGROUND

On June 24, 1999, plaintiff filed a complaint in the United States District Court for the Central District of Illinois, 99-CV-03149, naming, amongst various defendants, Barney Bier.[1]  On October 23, 2001, the Federal Court entered an Order dismissing the suit against Barney Bier as well as other defendants also in the 1999 federal lawsuit, plaintiffs at one point appealed the dismissal of defendants, Judge Vahle and Doug Olson[2].  On

---

[1]Defendant requests that the Court take judicial notice of its file for civil case number 99-CV-03149 for purposes of this motion to dismiss.

[2]Plaintiffs' current complaint continues to assert violations against Judge Vahle, although he is not named as a defendant.

1

appeal of those claims, the Seventh Circuit in its decision at 304 F.3d 734 upheld the dismissal of Olson and Vahle and further found that the suit against Olson was so frivolous as to justify an award of attorney's fees.

Plaintiffs, undeterred by the court's October dismissal of the suit and the Federal Court's award of sanctions against them, brought a second lawsuit against many of the same defendants, including Barney Bier, in the Circuit Court for the Eighth Judicial Circuit, Adams County, State of Illinois, in case number 02-L-12.[3]

In plaintiffs' Adams County complaint, they allege misconduct on the part of Bier following the 1999 federal claim, including allegations that Bier was acting under color of law in his capacity as State's Attorney. The allegations against Bier mirror plaintiffs' current complaint alleging violations of their constitutionally protected rights based on the handling of Tierney's suits and complaints against other defendants in alleged criminal matters. Plaintiffs in the state suit also made conspiracy allegations against Bier. Plaintiffs also previously alleged spoilation of evidence, fraudulent conspiracy, and many other allegations against Bier. Further, plaintiff asserted in his prior claims that his suit was brought under §1983 and under §1985.

The Adams County Court dismissed plaintiffs' complaint in its entirety on April 16, 2003, including the complaints against Bier. The Fourth District Appellate Court on December 22, 2003, dismissed plaintiffs' appeal in its entirety for failure to comply with the Fourth District's rules.[4] Plaintiffs are currently *pro se*. All attorneys of record in the federal

---

[3]Defendant asks the Court to take judicial notice of the third amended complaint and order of dismissal attached hereto as Exhibit A for reference.

[4]Defendant asks the Court to take judicial notice of the Fourth District's Order attached hereto as Exhibit B.

lawsuit have withdrawn from representing them or the minor child. Having failed to prevail in his prior two claims, plaintiffs brings the same substantive pleadings again in this case.

Plaintiffs claims are barred by either claim preclusion (*res judicata*) and/or collateral estoppel (issue preclusion) or *Rooker-Feldman*. Alternatively, plaintiffs' claims are barred by qualified immunity and/or prosecutorial immunity.

## II.  LAW

### COMPLAINT

When the federal rules do not require anything more than notice pleading, a plaintiff may plead themselves out of court when they submit factual allegations that show the pleading itself is unfounded. *C.f. Tierney v. Vahle*, 304 F.3d 734, 742 (7th Cir. 2002)(the Seventh Circuit found Tierney, the same plaintiffs as here, had plead themselves out of court. The court specifically noted that the longer a complaint is, the likelier that the plaintiff has in fact plead himself out of court.)

### JUDICIAL NOTICE

In resolving a motion to dismiss under Rule 12(b)(6), the District Court is entitled to take judicial notice of matters in the public record. *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003).

### *ROOKER-FELDMAN*

The *Rooker-Feldman* doctrine bars the District Court from exercising subject matter jurisdiction over state law decisions. *Crestview Village Apartments v. U.S. Dept. of Housing & Urban Development*, 383 F.3d 552-555 (7th Cir. 2004). The crucial point under *Rooker-Feldman* is whether the District Court is in essence being called upon to review the state court decision. *Id.* at 556.

3

For purposes of applying *Rooker-Feldman*, the court will find issues are barred if they are inextricably intertwined with a state court judgment. An issue is inextricably intertwined with a state court judgment if the plaintiff had a reasonable opportunity to raise the issue in the state court proceedings. *Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529, 534 (7th Cir. 2004).

### *RES JUDICATA*

*Res judicata* will operate to bar plaintiff's claims in a subsequent tribunal which arise from the same core of operative facts as his previous state court action. *C.f. Garcia v. Village of Mt. Prospect*, 360 F.3d 630 (7th Cir. 2004). Under *res judicata*, once a transaction has caused injury, all claims arising from that transaction or transactions must be brought in one suit or be lost. *Andersen v. Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir. 1996).

### COLLATERAL ESTOPPEL

Under the doctrine of collateral estoppel, or issue preclusion, any issue of law or fact that has previously been litigated is barred or collaterally estopped. *Garcia*, 360 F.3d at n.6.

### STATUTE OF LIMITATIONS

The limitations period for actions brought pursuant to 42 U.S.C. ¶1983 is the state personal injury limitations of two years. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1036 (7th Cir. 2003).

### QUALIFIED IMMUNITY

Qualified immunity is a defense available to state and federal officials to ensure protection when they are required to exercise their discretion. *Harlow v. Fitzgerald*, 102

4

S.Ct. 2727 (1982). A public official is entitled to qualified immunity if its conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2738 (1982).

Unless it has been authoritatively decided that certain conduct is forbidden, a public official is entitled to qualified immunity. *Rice v. Burks*, 999 F.2d 1172, 1174 (7th Cir. 1993).

A plaintiff has the burden of establishing the existence of the alleged clearly established constitutional right. *Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir. 1988), *cert. denied* 109 S.Ct. 497 (1988).

A two-part test is used to analyze qualified immunity. *Triad Associates, Inc. v. Renault Robinson*, 10 F.3d 492 (7th Cir. 1993). The first part of the analysis requires that the alleged conduct establishes a violation of a constitutional or statutory duty. *Id.* at 497. The second step requires that the statutory or constitutional violations alleged were so clearly established that a reasonable official would have understood at the time of the incident that the conduct violated the law. *Id.*

### III.  ARGUMENT

#### A.    PLAINTIFFS' CLAIMS ARE BARRED BY *RES JUDICATA*, COLLATERAL ESTOPPEL, AND/OR *ROOKER-FELDMAN*

Plaintiffs' complaint alleges the same various allegations or similar allegations as were raised previously in either the  federal court or in their complaint in state court in Adams County. In fact, plaintiffs even note the existence of the Adams County complaint in their pleadings in this case.

As to defendant Bier, plaintiffs factually allege that Bier stored records of Sheridan in his office at the Adams County State's Attorney (par. 19); spoke with the Sheriff's Department to learn what individuals had been served with subpoenas (par. 21); instructed

5

witnesses to a lawsuit to contact an attorney named John Bernard (par. 22); that Bier had conflicts of interest between his job as a State's Attorney and his position on the Sheridan Swim Club Board (par. 23); that Bier was previously named in plaintiffs' prior litigation (par. 24); that witnesses failed to appear in a prior state proceeding (par. 30); that Bier retained as counsel in his prior litigation a friend of his (par. 41); that hearings were held on June 24, 2002, and thereafter in the state court proceeding (par. 42); that many witnesses failed to appear at the hearing and plaintiffs allege that they were required to do so by subpoena (par. 45); that plaintiffs requested discovery from the defendants in the state court proceeding and in the prior federal litigation from June 1999 through October 2001 which only a single document was produced (pars. 46-47); that certain documents from 1999 which did not involve plaintiffs were shown to persons other than plaintiffs (pars. 48-54); that a letter was not disclosed to plaintiffs in the prior litigation (pars. 54-58); that State's Attorney Bier in his capacity as State's Attorney withheld evidence relative to a criminal matter from the Illinois Appellate Prosecutor's Office (par. 70); that Bier urged the Sheridan Board of Directors to deny a Sheridan Youth membership to Case Tierney unless all pending litigation was dropped (par. 81); that Bier withheld information from Sheridan Board Members (par. 82) and general allegations about Bier's actions in pursuing or not pursuing criminal prosecutions in his role as State's Attorney.

All of these allegations flow from the denial of swimming membership to the Tierney family in the late 1990s.

As an initial matter, plaintiff has filed this lawsuit on behalf of his minor child. Plaintiff is not a licensed attorney and the Seventh Circuit has already warned plaintiff that his minor child may only appear by counsel. Thus, to the extent that the minor has no attorney and is not of age to sign his own pleadings, all claims by Case Tierney must be

dismissed.

The claims plaintiffs raise here either have already been brought in the prior federal and state lawsuits, or could have been brought therein. Thus, they are all barred by *res judicata* and/or collateral estoppel. Further, to the extent that plaintiff is complaining about witnesses and discovery produced in the other cases, these issues should have been brought up before those courts. The discovery and spoilation issues are specifically mentioned in the Adams County complaint and therefore those claims are barred by *res judicata* and/or collateral estoppel.

Plaintiffs' state court claim made various allegations against Bier including constitutional violations, spoilation of evidence violations, etc. Plaintiffs lost the state case on appeal. Since this case involves allegations that were raised in or are inextricably intertwined with the state case, this Court lacks jurisdiction to hear this complaint under *Rooker-Feldman*. Plaintiffs are in essence asking this Court to address the judgment in the prior state lawsuit or issues that were so inextricably intertwined with it, such as witnesses and evidence produced or not produced therein, and such claims are barred by *Rooker-Feldman*.

**B.    PLAINTIFFS' CLAIMS ARE BARRED BY QUALIFIED IMMUNITY AND/OR PROSECUTORIAL IMMUNITY**

Under the doctrine of qualified immunity, plaintiffs must first establish that they have alleged a violation of their constitutional rights. If plaintiffs meet that burden, they must then further establish that as to the specific acts they complain of, it was clearly established such conduct constituted a constitutional violation.

Here, plaintiff complains factually that the State's Attorney Bier hired attorneys who were friends with him; engaged in communications with witnesses in another lawsuit; failed

7

to turn over discovery in a different lawsuit; failed to prosecute criminal actions; or turn over information for prosecution of criminal actions.  Plaintiffs also allege that Bier acted with a conflict of interest and failed to disclose information about the conflict of interest.

A complaint may contain general allegations, but it is possible for a plaintiff to plead themselves out of court.  Here plaintiffs have identified the specific factual allegations setting forth the conduct of which they complain.  None of the conduct they have alleged violates any of their rights under the constitution.  They have no constitutional rights in the prosecution or decisions relating to criminal prosecution of other persons.  Plaintiffs here have plead specific conduct that they allege Bier engaged in, none of which rises to the level of a constitutional violation and therefore Bier is entitled to qualified immunity as a matter of law.

Alternatively, it has not been clearly established that any of the actions of which plaintiffs complain constituted a constitutional violation that was clearly established and therefore Bier is entitled to qualified immunity as a matter of law.

Alternatively, as to the decisions about who to prosecute and what evidence to submit or not submit to a state's attorney, plaintiffs have no standing or legal interests in any such claims.  Further, such actions by the State's Attorney are protected by prosecutorial immunity and therefore are barred.

## C.  STATUTE OF LIMITATIONS

Plaintiffs allege various acts from 1999 up to a hearing in the state lawsuit that happened in 2002.  All of plaintiffs' claims which are from conduct that occurred more than two years prior to the filing of this federal litigation are barred and should be dismissed from this case.

### III.  CONCLUSION

Pursuant to *Rooker-Feldman*, this Court lacks subject jurisdiction over the claims against Bier and they should be dismissed.  Alternatively, based upon *res judicata*, collateral estoppel, qualified immunity and/or prosecutorial immunity, the claims against Bier in his individual and official capacity as State's Attorney are barred and should be dismissed.

WHEREFORE, defendant, BARNEY BIER, in his individual and official capacity as Adams' County State's Attorney, prays that this honorable Court dismiss the claims against him in his individual and official capacity as the Adams' County State's Attorney and for such further and other relief as this Court deems just and proper.

Respectfully Submitted,

BARNEY BIER, individually and in his official capacity as Adams' County State's Attorney,

Defendant,

LISA MADIGAN, Attorney General of the State of Illinois,

Attorney for Defendant,

Matthew D. Bilinsky, #6217270
Assistant Attorney General
500 South Second Street                      BY:    /s/Matthew D. Bilinsky
Springfield, IL 62706                                     Matthew D. Bilinsky
217/782-5819                                              Assistant Attorney General

Of Counsel.

**Certificate of Service**

I hereby certify that on December 15, 2004, I presented the foregoing Memorandum of Law in Support of Motion to Dismiss to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on December 15, 2004, I have mailed by United States Postal Service, the document to the following non-registered participant:

Robert Tierney
Ann Tierney
Case Tierney, c/o Robert Tierney
2517 Summer Creek
Quincy, IL 62305

Respectfully submitted,

 /s/ Matthew D. Bilinsky
Matthew D. Bilinsky, #6217270
Assistant Attorney General
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-5819
Facsimile:  (217) 524-5091
mbilinsky@atg.state.il.us