E-FILED
Thursday, 23 December, 2004 10:21:02 AM
Clerk, U.S. District Court, ILCD

DEC 2 0 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

J. ROBERT TIERNEY, ANN S. TIERNEY, )
CASE M. TIERNEY, By And Through His )
Next Best Friend, J. ROBERT TIERNEY )
    Plaintiffs, )
)
vs. ) No.04-3138
) **JURY DEMAND**
SHERIDAN SWIM CLUB, INC., an Illinois corporation, )
DOUG OLSON, ROBERT MEYER, and ROBERT HULTZ, )
Members of the Sheridan Swim Club Inc., Board in their )
Individual and Official Capacities, ANDREW C. SCHNACK III, )
BARNEY BIER, and JON BARNARD in their Individual )
Capacities, DENNIS GORMAN, Attorney for The Quincy )
School District 172, a political subdivision of the State of Illinois, )
in his Individual and Official Capacities, )
)
    Defendants )

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT / MOTION FOR ENLARGEMENT OF TIME

Now comes the Plaintiffs Robert Tierney, Ann Tierney, and Case Tierney, Pro se, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, moves this honorable Court for leave to file Second Amended Complaint, and in support thereof, Plaintiffs make the following statements:

1. The complaint was filed on or about June 23, 2004.
2. An amended complaint was filed on or about July 7, 2004.
3. Pursuant to Federal Rules of Civil Procedure Rule 4(d), copies of the Amended Complaint were mailed on October 15, 2004, to each Defendant along with a Waiver of Service of Summons (attached), a Notice Of Lawsuit And Request For Waiver Of Service Of Summons (attached), and a stamped, self-address return envelope.
4. Plaintiffs were required per Federal Rules of Civil Procedure – Rule 4(d) to allow the Defendants 30 days to return the waiver.
5. **No Complaint** has been returned by the U.S. Post office as undelivered.

6. **No Defendant** has returned the waiver as of today's date of December 17, 2004.
7. Four (4) of the defendants are attorneys and are well aware of the duty to accept waiver of service.
8. The Plaintiffs have first hand knowledge that the attorney-of-record for most of the defendants regarding previous pending federal litigation, which also involved the Plaintiffs, was aware of the filing of the lawsuit as of July 3, 2004.
9. On or about November 3, 2004, the Magistrate Court filed a text order requesting the Plaintiffs file a status report as to the issue of the service of the complaint.
10. On or about November 16, 2004, Plaintiffs filed a status report.
11. On or about November 17, 2004, the Magistrate Court issued a text order allowing the Plaintiffs until January 3, 2004, to perfect service on the Defendants.
12. In November and December of 2004, the Plaintiffs obtained additional evidence, which required clarification to some of the factual pleadings in the Complaint(s), especially pertaining to claims against Defendant Bier.
13. The Plaintiffs were forced to obtain judicial intervention by the Chief Judge of the Eight Judicial Circuit Court in order to gain access to, and copies of public records, which were unlawfully impounded by the Adams County Circuit Clerk, which as a matter of law, are subject to disclosure upon request in compliance with The Freedom of Information Act. (See Exhibits attached to this Motion, and ¶¶'s 72-75 of the Second Amended Complaint)
14. The Plaintiffs drafted a Second Amended Complaint and attached as Exhibits B1-6, the documents obtained in November 2004.
15. The Plaintiffs drafted the summons for issuance by the Clerk of this Court and mailed them to the Clerk on or about December 8, 2004.
16. On December 13, 2004, the Clerk of this Court issued summons for service of the Complaint on all the Defendants, and mailed these summons back to the Plaintiffs.
17. On December 15, 2004, the Plaintiffs mailed the Second Amended Complaint to the Clerk of the Court with a written request to file the complaint.
18. On December 15, 2004 received the summons from the Clerk of this Court.
19. On December 15, 2004, the Plaintiffs also received a copy of a Motion for Enlargement of Time, filed on behalf of just one (Bier) of the Defendants.

20. As previously stated in ¶6 above, the Plaintiff have never received an executed copy of a Request For Waiver Of Service Of Summons from any of the Defendant, including the Defendant (Bier) who filed the Motion for Enlargement of Time.
21. On December 16, 2004, the Plaintiffs received a copy of the Motion to Dismiss, filed on behalf of Defendant Bier.
22. On December 16, 2004, the Plaintiff contacted the attorney of record for Defendant Bier (Matthew Bilinsky) in order to discuss the issue.
23. When advised by Plaintiff that Defendant Bier never returned the signed Waiver Notice, Mr. Bilinsky agreed to accept service by mail of the Second Amended complaint.
24. However, the Clerk of the Court returned the Second Amended Complaint with the attached cover letter. (See letter from Clerk Waters).
25. The returned Complaint was received today.
26. Upon notice that this Court grants leave to file the Second Amended Complaint, the Plaintiffs will perfect service on the remaining 6 Defendants through service by summons of the Second Amended Complaint.
27. Due to the necessity of filing the Second Amended Complaint (with leave of the Court), the impending Holidays, the number of Defendants remaining to be served, and the determination of the defendants to avoid service of the complaint, the Plaintiffs request an additional 14 days time up to and including January 17, 2004, to perfect service of the Second Amended Complaint upon the remaining Defendants.
28. In addition, the Second Amended Complaint may have a material impact on the status of Defendant Bier's legal representation by the Illinois Attorney General, and/or upon the pleadings in Bier's Motion to Dismiss.
29. Therefore, the Plaintiffs further request that a date for responding to Defendant Bier's Motion to Dismiss be held in abeyance until the other defendants have been served and respond (as requited within 20 days), so that the Plaintiff may collectively and simultaneously respond to any and all responsive pleadings and or Rule 12 Motions by filing a single, inclusive response.
30. This Motion is made in good faith in order to properly represent the interests of the Plaintiffs and is not intended to cause undue delay.

31. The Plaintiffs respectfully request that this Court take judicial notice of the fact that none of the Defendants (including Bier) complied with Federal Rules of Civil Procedure Rule 4(d), by returning a signed Waiver of Service of summons in the provided self-addressed return envelope.

32. Therefore, if any undue prejudice has accrued to a party, it is the Plaintiffs who are afflicted.

33. None of the Defendants will be unduly prejudiced by granting these Motions.

34. Granting this Motion will in fact promote the interests of judicial economy.

Wherefore, the plaintiffs respectfully prays this honorable Court grant this motion for leave file the Second Amended Complaint, for an enlargement of time up to and including January 17, 2004, to perfect service of the second amended complaint, to hold in abeyance any date for responding to Defendant Bier's Motion, and for any other relief the Court deems appropriate.

Dated December 17, 2004

Respectfully submitted,

_____          _____
Robert Tierney                              Ann Tierney

_____
Case Tierney

### PROOF OF SERVICE

Service of the foregoing instrument was made by faxing a copy of same to the fax number of such attorneys of record of the parties to the above cause or, by hand delivering same in an envelope addressed to such attorney/parties at their business address as disclosed by the pleadings of record herein; or, by enclosing the same in an envelope addressed to same attorneys/parties, with postage thereon fully prepaid, addressed to the individuals set forth below and by depositing the same in the United States Mail from the Office on this _17_ day of        December, 2004.

_____

Matthew Bilinsky
Office of the Attorney General
500 South Second Street
Springfield, IL 62706

4



| | UNITED STATES DISTRICT COURT | |
|---|---|---|
| JOHN M. WATERS<br>CLERK OF COURT | CENTRAL DISTRICT OF ILLINOIS<br><br>OFFICE OF THE CLERK<br>151 U.S. COURTHOUSE<br>600 EAST MONROE STREET<br>SPRINGFIELD, ILLINOIS 62701 | TEL: 217.492.4020<br>FAX: 217.492.4028 |

December 16, 2004

J. Robert Tierney
Ann S. Tierney
2517 Summer Creek
Quincy, IL 62305

FEDERAL CIVIL PROCEDURE AND RULES. RULE 15 READS: A party may amend a pleading once as a matter of course at anytime before a responsive pleading is served. Otherwise a party may amend a pleading ONLY BY LEAVE OF COURT or by written consent of the adverse party.

We are returning the enclosed "Second Amended Complaint". You must seek leave of court to file a second amended complaint.

Sincerely,

John M Waters

John M. Waters
Clerk, U.S. District Court

IN THE CIRCUIT COURT OF THE EIGHT JUDICIAL CIRCUIT
ADAMS COUNTY, ILLINOIS

| | |
|---|---|
| J. Robert Tierney, et all ) | |
| ) | |
| Plaintiffs, ) | No. 02-L-12 |
| ) | |
| v. ) | |
| ) | |
| Sheridan Swim Club, Barney Bier, et al, ) | |
| ) | |
| Defendants, ) | |
| ) | |

**MOTION TO COMPEL RELEASE OF CASE RECORDS**

Now comes Plaintiff Robert Tierney, and moves this Court pursuant to 735 ILCS 5/2-1401 and Freedom of Information Act, 5 ILCS 140/11 to order the above named Defendants to release all records pertaining to Case 2002-MR-98 (Motion For Appointment Of Special Prosecutor) and in support thereof states as follows:

1. That on or about October 18, 2002, Adams County State's Attorney Barney Bier allegedly filed this Motion.
2. This Motion requests the appointment of a special prosecutor to investigate the alleged perjury of attorney, Andrew Schnack, which occurred during hearings pursuant to 8th Circuit Court Case 2002-L-12.
3. That both Andrew Schnack and Barney Bier were defendants in that case.
4. Plaintiff Robert Tierney, is a named party (Plaintiff) in that lawsuit.
5. That on or about November 4, 2004, Plaintiff Robert Tierney appeared before Adams County Circuit Clerk, Glenn Hultz, and attempted to gain access to the case file.
6. That Glenn Hultz informed Mr. Tierney that on orders from Adams County State's Attorney Barney Bier's secretary "Cheryl", the case record was "impounded". (See Exhibit 1)
7. Mr. Hultz further stated that case 2002-MR-98 was coded as an "eavesdropping" case in order to conceal the existence of the case from public knowledge and access via an Internet search of public court records.
8. Mr. Hultz stated that the case was assigned to Judge Slocum.

WHEREFORE, Plaintiff Robert Tierney request that this Court schedule a hearing and/or enter an order compelling the immediate release of all documents in this case.

Dated November 4, 2004

Robert Tierney
Plaintiff, Pro Se

# CLERK OF THE CIRCUIT COURT
EIGHTH JUDICIAL CIRCUIT, ADAMS COUNTY
521 VERMONT STREET
QUINCY, ILLINOIS 62301

GLEN F. HULTZ
CLERK

PHONE: (217) 277-2000
FAX: (217) 277-2116

November 4, 2004

Due to our file being impounded and the unavailability of the Judge involved, Mr. Tierney was denied access to case number 02-MR-98.

*Lori Geschwandner*

Lori Geschwandner
Adams County Circuit Clerk's Office



**CIRCUIT COURT**
EIGHTH JUDICIAL CIRCUIT
**STATE OF ILLINOIS**

CHAMBERS OF
**THOMAS L. BROWNFIELD**
CHIEF CIRCUIT JUDGE

ADAMS COUNTY COURTHOUSE
QUINCY, ILLINOIS 62301
(217) 277-2055
FAX (217) 277-2072
OR
MASON COUNTY COURTHOUSE
HAVANA, ILLINOIS 62644
(309) 543-3634
FAX (309) 543-4214

November 5, 2004



FILED
NOV 08 2004

Mr. Glen Hultz
Circuit Clerk
Adams County Courthouse
Quincy, IL 62301

RE: Case No. 02-MR-98

Dear Glen:

Robert Tierney appeared in my office today with a copy of a motion to compel release of case records in hand, wishing to discuss such with me immediately.

I informed Mr. Tierney that I did not have the time to do so, would review the pleading and the file, and proceed accordingly.

In reviewing the file and discussing such with Judges Slocum and Schuering, I am unable to determine why the file would be impounded by your office. Possibly there is something I am not aware of, but I note that the "Order" which appointed a special prosecutor did not directed impoundment of the file, and I am not aware of any statute which would, therefore, allow such.

As a result, I see no reason why Mr. Tierney could not have access to the file and a copy of the pleadings. If you are aware of a reason for such, please let me know.

Sincerely,

THOMAS L. BROWNFIELD
Chief Judge

TLB/mw