E-FILED
Tuesday, 28 December, 2004  02:05:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
DEC 2 8 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, CASE M. TIERNEY, By And Through His Next Best Friend, J. ROBERT TIERNEY<br>Plaintiffs,<br><br>vs.<br><br>SHERIDAN SWIM CLUB, INC., an Illinois corporation, DOUG OLSON, ROBERT MEYER, and ROBERT HULTZ, Members of the Sheridan Swim Club Inc., Board in their Individual and Official Capacities, ANDREW C. SCHNACK III, BARNEY BIER, and JON BARNARD in their Individual Capacities, DENNIS GORMAN, Attorney for The Quincy School District 172, a political subdivision of the State of Illinois, in his Individual and Official Capacities,<br>Defendants | No.04-3138<br>**JURY DEMAND** |

## MOTION FOR ENLARGEMENT OF TIME

Now comes the Plaintiffs Robert Tierney, Ann Tierney, and Case Tierney, Pro se, and pursuant to Rule 6b of the Federal Rules of Civil Procedure, moves this honorable Court for an enlargement of time in which to perfect service of the complaint, and to respond to Plaintiff's Motion to Dismiss, and in support thereof, Plaintiffs make the following statements:

1. The complaint was filed on or about June 23, 2004.
2. An amended complaint was filed on or about July 7, 2004.
3. Pursuant to Federal Rules of Civil Procedure Rule 4(d), copies of the Amended Complaint were mailed on October 15, 2004, to each Defendant along with a Waiver of Service of Summons (attached), a Notice Of Lawsuit And Request For Waiver Of Service Of Summons (attached), and a stamped, self-address return envelope.
4. Plaintiffs were required per Federal Rules of Civil Procedure – Rule 4(d) to allow the Defendants 30 days to return the waiver.
5. **No Complaint** has been returned by the U.S. Post office as undelivered. and **no Defendant** has returned the waiver.

6. The Plaintiffs have first hand knowledge that the attorney-of-record for most of the defendants regarding previous pending federal litigation, which also involved the Plaintiffs, was aware of the filing of the lawsuit as of July 3, 2004.

7. Four (4) of the Defendants are attorneys and well aware of their obligation to accept waiver of service in lieu of good cause.

8. On or about November 3, 2004, the Magistrate Court filed a text order requesting the Plaintiffs file a status report as to the issue of the service of the complaint.

9. On or about November 17, 2004, the Magistrate Court issued a text order allowing the Plaintiffs until January 3, 2004, to perfect service on the Defendants.

10. In November and December of 2004, the Plaintiffs obtained additional evidence, which required clarification to some of the factual pleadings in the Complaint(s), especially pertaining to claims against Defendant Bier.

11. The Plaintiffs were forced to obtain judicial intervention by the Chief Judge of the Eight Judicial Circuit Court in order to gain access to, and copies of public records, which were unlawfully impounded by the Adams County Circuit Clerk, which as a matter of law, are subject to disclosure upon request in compliance with The Freedom of Information Act.

12. The Plaintiffs drafted a Second Amended Complaint and attached the documents obtained in November 2004 as Exhibits B,1-6.

13. The Plaintiffs drafted the summons for issuance by the Clerk of this Court and mailed them to the Clerk on or about December 8, 2004. The summons were issued on Dec. 13, 2002, and received by the Plaintiffs on December 15, 2004.

14. On December 15, 2004, the Plaintiffs mailed the Second Amended Complaint to the Clerk of the Court with a written request to file the complaint.

15. On December 15, 2004, the Plaintiffs also received a copy of a Motion for Enlargement of Time, filed on behalf of just one (Bier) of the Defendants.

16. As previously stated in ¶6 above, the Plaintiffs have never received an executed copy of a Request For Waiver Of Service Of Summons from any of the Defendant, including the Defendant (Bier) who filed the Motion for Enlargement of Time.

17. On December 16, 2004, the Plaintiffs received a copy of the Motion to Dismiss, filed on behalf of Defendant Bier.

18. On December 16, 2004, the Plaintiffs contacted the attorney of record for Defendant Bier (Matthew Bilinsky) in order to discuss the issue.

2

19. When advised by Plaintiff that Defendant Bier never returned the signed Waiver Notice, Mr. Bilinsky agreed to accept service by mail of the Second Amended complaint.

20. However, the Clerk of the Court returned the Second Amended Complaint with a cover letter informing the Plaintiffs that a Motion for Leave to File was required.

21. On or about December 18, 2004, the Plaintiffs filed a *combined* Motion for Leave to file Second Amended complaint and a Motion for Enlargement of time to perfect service and respond to Defendant Bier's Motion to Dismiss. (Refer to Motion for leave to file Second Amended Complaint – filed 12/20/04).

22. However, it appears from the docket entry that the Clerk only recognized the Motion as one for leave to file the second amended complaint, and therefore that Motion is not pending before the Court for a decision.

23. Therefore, as matters now stand, the Plaintiff have until December 29, 2004, to respond to the Motion to Dismiss, and until January 3, 2004, to perfect service of the complaint, and Defendant Bier has until January 3, 2005 to respond to the Motion for leave to file second amended complaint.

24. Defendant Bier has agreed to accept service of the Second Amended Complaint, and the Complaint may have a material impact on the status of Defendant Bier's legal representation by the Illinois Attorney General, and/or upon the pleadings in Bier's Motion to Dismiss.

25. Therefore, the Plaintiffs further request that a date for responding to Defendant Bier's Motion to Dismiss be held in abeyance until the other defendants have been served and respond (as required within 20 days), so that the Plaintiffs may file a single, inclusive reply to any and all responsive pleadings or Rule 12 Motions filed by all the various defendants.

26. In the alternative, this Court can simply deny defendant Bier's Motion to Dismiss as moot, with leave to re-file against the second amended complaint after service has been perfected on all the Defendants.

27. Due to the necessity of filing the Second Amended Complaint (with leave of the Court), the impending Holidays, the number of Defendants remaining to be served, and the determination of the defendants to avoid service of the complaint, the Plaintiffs also request an additional 18 days time up to and including January 21, 2004, to perfect service of the Second Amended Complaint upon the remaining Defendants.

28. This Motion is made in good faith in order to properly represent the interests of the Plaintiffs and is not intended to cause undue delay.
29. If any undue prejudice has accrued to a party, it is the Plaintiffs who are afflicted.
30. None of the Defendants will be unduly prejudiced by granting these Motions.
31. Granting this Motion will in fact promote the interests of judicial economy.

Wherefore, the plaintiffs respectfully prays this honorable Court grant this motion for an enlargement of time to perfect service of the Second Amended Complaint, and to respond to Defendants Bier's Motion, and hold in abeyance any date for responding to the Motion under the Second Amended Complaint is served upon all Defendants, and for any other relief the Court deems appropriate.

Dated December 27, 2004

Respectfully submitted,

_____  
Robert Tierney

_____  
Ann Tierney

_____  
Case Tierney

### PROOF OF SERVICE

Service of the foregoing instrument was made by faxing a copy of same to the fax number of such attorneys of record of the parties to the above cause or, by hand delivering same in an envelope addressed to such attorney/parties at their business address as disclosed by the pleadings of record herein; or, by enclosing the same in an envelope addressed to same attorneys/parties, with postage thereon fully prepaid, addressed to the individuals set forth below and by depositing the same in the United States Mail from the Office on this 27 day of December, 2004.

_____

Matthew Bilinsky  
Office of the Attorney General  
500 South Second Street  
Springfield, IL 62706