E-FILED
Wednesday, 12 January, 2005  02:37:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
JAN 1 2 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, CASE M. TIERNEY, By And Through His Next Best Friend, J. ROBERT TIERNEY<br>       Plaintiffs,<br><br>vs.<br><br>SHERIDAN SWIM CLUB, INC., an Illinois corporation, DOUG OLSON, ROBERT MEYER, and ROBERT HULTZ, Members of the Sheridan Swim Club Inc., Board in their Individual and Official Capacities, ANDREW C. SCHNACK III, BARNEY BIER, and JON BARNARD in their Individual Capacities, DENNIS GORMAN, Attorney for The Quincy School District 172, a political subdivision of the State of Illinois, in his Individual and Official Capacities,<br>       Defendants | No.04-3138<br>**JURY DEMAND** |

**PLAINTIFFS REPLY TO DEFENDANT BIER'S RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

  NOW COMES the Plaintiffs Robert Tierney, Ann Tierney, and Case Tierney, Pro se, and for their Reply to Defendant Bier's Response to Plaintiffs' Motion for Leave to File Amended Complaint, states as follow:

### BACKGROUND FACTS

1. The complaint was filed on or about June 23, 2004.
2. An amended complaint was filed on or about July 7, 2004.
3. Pursuant to Federal Rules of Civil Procedure Rule 4(d), copies of the Amended Complaint were mailed on October 15, 2004, to each Defendant along with a Notice Of Lawsuit And Request For Waiver Of Service Of Summons (attached), and a stamped, self-address return envelope.
4. Plaintiffs were required per Federal Rules of Civil Procedure – Rule 4(d) to allow the Defendants 30 days to return the waiver.
5. **No Complaint** has been returned by the U.S. Post office as undelivered.
6. **No Defendant** has returned the waiver as of today's date of December 17, 2004.

1

7. Four (4) of the defendants are attorneys and are well aware of the duty to accept waiver of service.

8. The Plaintiffs have first hand knowledge that the attorney-of-record for most of the defendants regarding previous pending federal litigation, which also involved the Plaintiffs, was aware of the filing of the lawsuit as of July 3, 2004.

9. On or about November 3, 2004, the Magistrate Court filed a text order requesting the Plaintiffs file a status report as to the issue of the service of the complaint.

10. On or about November 16, 2004, Plaintiffs filed a status report.

11. On or about November 17, 2004, the Magistrate Court issued a text order allowing the Plaintiffs until January 3, 2004, to perfect service on the Defendants.

12. In November and December of 2004, the Plaintiffs obtained additional evidence, which required clarification to some of the factual pleadings in the Complaint(s), especially pertaining to claims against Defendant Bier.

13. The Plaintiffs were forced to obtain judicial intervention by the Chief Judge of the Eight Judicial Circuit Court in order to gain access to, and copies of public records, which were unlawfully impounded by the Adams County Circuit Clerk, which as a matter of law, are subject to disclosure upon request in compliance with The Freedom of Information Act. (See Exhibits attached to this Motion, and ¶¶'s 72-75 of the Second Amended Complaint)

14. The Plaintiffs drafted a Second Amended Complaint and attached the documents obtained in November 2004 as Exhibits B.1-6.

15. On December 15, 2004, the Plaintiffs mailed the Second Amended Complaint to the Clerk of the Court with a written request to file the complaint.

16. On December 15, 2004, the Plaintiffs also received a copy of a Motion for Enlargement of Time, filed on behalf of just one (Bier) of the Defendants.

17. As previously stated in ¶6 above, the Plaintiffs have never received an executed copy of a Request For Waiver Of Service Of Summons from any of the Defendant, including Defendant Bier who filed the Motion for Enlargement of Time.

18. On December 16, 2004, the Plaintiffs received a copy of the Motion to Dismiss, filed on behalf of Defendant Bier.

19. On December 16, 2004, the Plaintiffs contacted the attorney of record for Defendant Bier (Matthew Bilinsky) in order to discuss the issue.

20. When advised by Plaintiff that Defendant Bier never returned the signed Waiver Notice, Mr. Bilinsky agreed to accept service by mail of the Second Amended complaint.

21. However, the Clerk of the Court returned the Second Amended Complaint with instruction to obtain leave of Court to file the Second Amended Complaint.

22. On and after December 17, 2005, the Plaintiffs filed a Motion for Leave to File Second Amended complaint, a Motion for Enlargement of Time to serve the Complaint on the other 6 Defendants who are still refusing to accept Waiver of Service, and a Motion for Enlargement of Time to Response to Defendant Bier's Motion to Dismiss.

23. On or about January 3, 2005, Defendant Bier filed a Response objecting to the Plaintiffs Motion for Leave to File the Second Amended Complaint based on the argument that the Second Amended Complaint fails to correct any alleged defects.

## ARGUMENT

The Second Amended Complaint was not submitted to cure any alleged defects. The complaint was drafted and mailed before the Plaintiffs received any Motion to Dismiss. The Amended Complaint was filed in order to stipulate exactly in what capacity Defendants Bier and others were being sued, and to comply with F.R.C.P. Rules 15 (b) & (d). (See paragraphs 8, 95, 99 & 100 of the Second Amended Complaint).

New evidence was discovered in November 2004, (and only after judicial intervention by the Chief Judge of the Illinois 8th Judicial Circuit) as stated in paragraphs 71 – 75 of the second amended complaint and substantiated by Exhibits B,1-6 of the complaint. Therefore, the pleadings had to be amended in order to *conform to the evidence*, pursuant to F.R.C.P. Rule 15(b).

This action was taken in view of the statement contained in the letter from 8th Circuit Chief Judge Brownfield (Exhibit B-5 of Second Amended Complaint, wherein Judge Brownfield states:

> "In reviewing the file and discussing such with Judge Slocum and Schuering, I am unable to determine why the file would be impounded by your office. Possibly there is something I am not aware of, but I note that the "Order" which appointed a special prosecutor did not directed impoundment of the file, and I am not aware of any statute which would, therefore, allow such."

The Second Amended Complaint alleges that Defendant Bier ordered the unlawful impoundment of this case file, and Judge Brownfield letter provides a judicial conclusion (by 3

3

judges) that impounding the file was unlawful, and outside the course and scope of Bier power and duties as the Adams County States Attorney.

Furthermore, since transactions and events occurred after filing of the initial and first amended complaint, the seconded amended complaint can also be viewed as a *supplemental pleading* pursuant to F.R.C.P Rule 15(d).

This Reply in not submitted as a Response to Defendant Bier's Motion to Dismiss. However, The Plaintiffs respectfully request that this Court take judicial notice of the fact that none of the Defendants (including Bier) complied with Federal Rules of Civil Procedure Rule 4(d), by returning a signed Waiver of Service of summons in the provided self-addressed return envelope. Per Rule 4 of the Fed. Rules of Civil Procedure:

> 4(d)(2)(f) shall allow the defendant a reasonable time *to return the waiver*, which shall be at least 30 days from the date on which the request is sent, or 60 days from the date if the defendant is addressed outside any judicial district of the United States.
> 4(d)(3) A defendant that, before served with process, *timely returns a waiver* so requested is not required to serve an answer to the complaint until 60 days after the date on which the request of waiver of service was sent.
> 4(d)(4) *When the plaintiff files a waiver of service with the court*, the action shall proceed, except as provided in paragraph (3).

None of the Defendants, including Bier, returned the waiver of service, and no waiver has been filed with the Court. Therefore, Bier's Motion to Dismiss should be stricken with leave to re-file against the second amended complaint. Bier *sandbagged* the Plaintiffs through his failure to return the signed waiver of service.

By way of background, claims were brought against Bier in Federal Case 99-3149 and State Court Case 2002-L-12, for causes of action, which occurred in 1999 and 2000. The claims against Bier alleged unlawful acts, which occurred outside the course and scope of the duties of his office, which represented abuse of the power and weight his office.

However, in both lawsuits, Bier was not represented by the Illinois Attorney General, but by private counsel. Therefore, the Plaintiffs are in the process of challenging the propriety of the Illinois Attorney General providing legal representation for Bier in this litigation. A complaint will be filed with the Ethics Commission of the Illinois Attorney General. In addition, the Plaintiffs will file a Motion to Disqualify the Illinois Attorney General if they do not voluntarily withdraw.

## CONCLUSION

Wherefore, the plaintiffs respectfully prays this honorable Court grant the motion for leave file the Second Amended Complaint, for an enlargement of time to perfect service of the second amended complaint, to hold in abeyance any date for responding to Defendant Bier's Motion, and for any other relief the Court deems appropriate.

Dated January 11, 2005

Respectfully submitted,

_____           _____
Robert Tierney                                                    Ann Tierney

_____
Case Tierney

### PROOF OF SERVICE

Service of the foregoing instrument was made by faxing a copy of same to the fax number of such attorneys of record of the parties to the above cause or, by hand delivering same in an envelope addressed to such attorney/parties at their business address as disclosed by the pleadings of record herein; or, by enclosing the same in an envelope addressed to same attorneys/parties, with postage thereon fully prepaid, addressed to the individuals set forth below and by depositing the same in the United States Mail from the Office on this 11 day of January, 2005.

_____

Matthew Bilinsky
Office of the Attorney General
500 South Second Street
Springfield, IL 62706