**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY ) <br> CASE M. TIERNEY, by and through his ) <br> Next Best Friend, J. ROBERT TIERNEY, ) <br>       ) <br>             Plaintiffs, ) <br>       ) Case No. 04-3138 <br> v.    ) <br>       ) Judge Jeanne E. Scott <br> SHERIDAN SWIM CLUB, INC., an Illinois ) <br> Corporation, DOUG OLSON, ROBERT ) Magistrate B. G. Cudmore <br> MEYER, and ROBERT HULTZ, Members of the ) <br> Sheridan Swim Club, Inc. Board in their Individual ) <br> And Official Capacities, ANDREW C. SCHNACK, ) <br> III, BARNEY BIER, JON BARNARD, in their ) <br> Individual Capacities,  DENNIS GORMAN, ) <br> Attorney for The Quincy School District #172, a ) <br> political subdivision of the State of Illinois, in his ) <br> Individual and Official Capacities, ) <br>             Defendants. ) | |

**DEFENDANT BIER'S MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, Barney Bier, by his attorneys, Julie M. Koerner and Clifford G. Kosoff, in support of his motion to dismiss plaintiffs' second amended complaint, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), states as follows:

**PRELIMINARY STATEMENT**

Prior to the present litigation, plaintiffs initiated a §1983 claim, *inter alia*, against defendant, Barney Bier, in the United States District Court for the Central District of Illinois on June 24, 1999, in docket number 99-CV-3149.[1]  That §1983 action, along with various state law claims, arose from an incident in which the Tierney family raised

---

[1] In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. <u>Anderson v. Simon</u>, 217 F.3d 472, 474-75 (7th Cir., 2000).  Plaintiffs acknowledge and refer to the prior law suit in Count V, Section A, Paragraph 41 of their second amended complaint.

1

allegations of sexual misconduct by the swim coach, Richard Powers, of the Sheridan Swim Club who was also the head coach of the Quincy High School swim team. Plaintiffs further alleged that their civil rights were violated by various members of the Sheridan Swim Club Board, including Bier, and other individuals in that said individuals "retaliated" against the Tierney family, which included their expulsion from membership in the Sheridan Swim Club on April 15, 1999.[2] Additionally, the Tierneys allege that an harassing phone call was made in furtherance of a "conspiracy" to "retaliate" against the Tierneys for exercising their rights to free speech. This Court granted defendant Bier's motion for summary judgment in 99-CV-3149 on October 23, 2001. See, Order of Judge Jeanne E. Scott granting motion for summary judgment (Document 189). Plaintiffs did not appeal this Court's order granting summary judgment on behalf of defendant Bier.

In February of 2002, plaintiffs filed a Complaint in the Circuit Court of the Eighth Judicial Circuit of Adams County, Illinois, Docket Number 02 L 12.[3] During the course of those state proceedings, plaintiffs amended their pleadings several times culminating in the filing of plaintiffs' third amended complaint. See, Amended Complaint, Exhibit D (Document 3). That complaint, in part, again purported to raise a § 1983 action for violations of the right to access to the courts, freedom of speech, right of association, and procedural due process in addition to various state law claims for spoliation of evidence, intentional infliction of emotional distress, and conspiracy against defendant Bier. See, Amended Complaint, Exhibit D (Document 3). On April 16, 2003[4], the circuit court

---

[2] In addition to taking judicial notice of the prior suit in this Court, a brief recitation of the relevant facts of the prior litigation can be found in Tierney v. Vahle, 304 F.3d 734 (7th Cir., 2002). See second amended complaint, Count II, Section A, Paragraph 4, "until their wrongful expulsion on or about April 15, 1999"
[3] Plaintiffs acknowledge this subsequent state action against defendant Bier in Count V, Section A, Paragraph 42 of their second amended complaint.
[4] Ten months after the evidentiary hearing date occurred on June 24, 2002, conduct from which plaintiffs allege Bier's conduct violated their civil rights in this action, see Count IV, Paragraphs 24-25, Count V, 45-

2

dismissed plaintiffs' third amended complaint in its entirety.  See, Defendant's Exhibit A, attached and incorporated herein this memorandum by reference.  Plaintiffs' sought appeal of that decision in the Fourth District Appellate Court, which appeal was dismissed on December 22, 2003, for plaintiffs' failure to prosecute the appeal.  See, Defendant's Exhibit B, attached and incorporated herein this memorandum by reference.

On June 23, 2004, plaintiffs' filed the instant suit against defendant Bier.  See, Complaint filed June 23, 2004 (Document 1).  Subsequent to that initial complaint, plaintiffs filed a second amended complaint on January 27, 2005.  See, Second Amended Complaint filed January 27, 2005 (Document 23).  Plaintiffs allege, *inter alia*, a §1983 claim for violating their right of access to the courts, freedom of speech, right of association without retaliation, procedural due process, and conspiracy to interfere with civil rights, as well as state law claims for conspiracy, intentional infliction of emotional distress, and spoliation of evidence.  See, Second Amended Complaint filed January 27, 2005 (Document 23)

### STATEMENT OF FACTS[5]

Prior to a Quincy High School swim meet, Coach Rick Powers allegedly conducted "massages" of several female swim team members, of which Meryl Tierney was a member.  See, Tierney v. Vahle, 304 F.3d 734 (7th Cir., 2002).  Subsequent to the alleged incident, in February of 1999, Nick Shildt and Terri Conboy, employees of the Quincy School District, conducted interviews of two female swimmers of Quincy High

---

49, 61-71.  Other conduct related to the state court litigation is alleged to have occurred on or about October 18, 2002, which is also before the termination of the state court litigation in April of 2003.
[5] For purposes of this motion to dismiss only, defendant Bier admits all well-pleaded facts in plaintiffs' second amended complaint, though a history of these lengthy events is found throughout the pleadings, this discussion of the facts is limited to those facts set forth in Count V, "The Conduct and Occurrences Complained of in this Complaint."  This summary of the facts is not a recital of the facts contained therein, but merely an overview of some of the events alleged by plaintiffs as a basis for their action.

3

School related to the allegations of sexual misconduct by Coach Powers and prepared a report of their findings (Paragraph 50). This report was disclosed to Andrew Schnack and Judge Vahle who subsequently wrote letters in support of Powers in March of 1999 (Paragraphs 52-59). The Sheridan Swim Club expelled the Tierneys from membership at the club on or about April 15, 1999. On June 24, 1999, plaintiffs filed their first federal suit (99-CV-3149) involving the issues surrounding the sexual misconduct allegations of Powers and their expulsion from the Sheridan Swim Club.

In February of 2002, plaintiffs filed their state court action in the Circuit Court of the Eighth Judicial Circuit of Adams County (02 L 12). An evidentiary hearing in the state court action was held on June 24, 2002, a hearing at which Dennis Gorman and Barney Bier testified and in which a number of defendants were represented by Jonathan Barnard (Paragraphs 62-70). Plaintiffs learned of the March 5, 1999 letter written by Andrew Schnack on October 17, 2002 (Paragraph 72). On October 18, 2002, Barney Bier filed a motion for appointment of a special prosecutor in any criminal matter involving Andrew Schnack and allegations of perjury in relation to the Tierney state action (Paragraph 74b). See, Second Amended Complaint, Exhibit B-1 (Document 23). Plaintiffs sought to take the depositions of certain witnesses, including Judge Chet Vahle, in the state court action after October 17, 2002 (Paragraphs 74c-77). The deposition of Doug Olson went forward in February of 2003, at which time Olson testified that Schnack had telephoned Tierney in December of 1999 using the Olson's cell phone (Paragraphs 83-87). In January of 2000, plaintiffs petitioned Bier to investigate and prosecute the parties involved in the harassing phone call (Paragraphs 90-91). Bier referred prosecution to the State's Attorney's Appellate Prosecutor (Paragraph 92). In

May of 2003, plaintiff, Robert Tierney, spoke with the Illinois Attorney General's Office regarding the actions of defendant Bier (Paragraph 104). Bier retaliated against plaintiffs through actions of the Sheridan Swim Club (Paragraph 105) in denying the a youth membership to Case Tierney unless all pending lawsuits were dropped (Paragraph 106). On June 21, 2004, Bier urged the Sheridan Swim Club to again deny a youth membership to Case Tierney unless all pending lawsuits were dropped (Paragraph 108).

## DISCUSSION

**I.   PLAINTIFFS' SUIT AS AGAINST DEFENDANT BIER MUST BE DISMISSED AS BARRED BY *RES JUDICATA*.**

*Res judicata*, or claim preclusion, refers to the preclusive effect of a judgment in foreclosing litigation on matters that were or <u>could have been raised</u> in an earlier suit. <u>Garcia v. Village of Mount Prospect</u>, 360 F.3d 630, 634 (n6) (7th Cir., 2004) (emphasis added). In order for *res judicata* to apply, the prior court must (1) have reached a final judgment on the merits; (2) involve the same parties or their privies as the current claims; and (3) constitute the same cause of action as the current claims. <u>Id</u>., at 635.

In the Tierneys' second amended complaint filed October 10, 2000 (99-CV-1349), plaintiffs' specifically allege that Bier violated their First and Fourteenth Amendment rights, pursuant to §1983. <u>See</u>, Second Amended Complaint, Count IV, "Claims For Relief", filed October 10, 2000, 99-CV-3149. The second amended complaint filed January 27, 2005, in the instant action, shows that in Count IV, Section 5, Paragraph 78(b), plaintiffs allege that Bier, as a member of the Board of Sheridan, acting under "color of state law" retaliated against plaintiffs for the exercise of their right to free speech. Plaintiffs' challenge the same conduct as a violation of the same constitutional right as raised in the earlier federal suit.

5

*Res judicata* clearly applies to bar plaintiffs' present suit. A final judgment was entered by this Court on October 23, 2001. The same plaintiffs are involved, J. Robert Tierney, Ann Tierney, and Case Tierney. The same defendant, Barney Bier, is involved. The same underlying facts and events are alleged to give rise to plaintiffs' claim of constitutional violations, to wit: plaintiffs free speech rights concerning the alleged sexual misconduct of Powers and the expulsion of the Tierneys from the Sheridan Swim Club.

Plaintiffs' attempt to limit their current action to "occurrences complained of occurred on June 24, 2002 and thereafter", is futile. There is nothing about the alleged impropriety of the conduct of the June 24, 2002 evidentiary hearing that abridges plaintiffs' right to free speech, association, or right of access to the courts. Those alleged violations still rely for their premise on the conduct of the parties between 1999 through 2001. Their cause of action, in essence, remains the same. Plaintiffs are still claiming a violation of their right to free speech regarding their right to speak about Coach Powers alleged sexual misconduct. They are still claiming a violation of their right to free association, which still addresses their expulsion from the Sheridan Swim Club. Plaintiffs want another opportunity to address the alleged wrongs of 1999, which is clearly barred by *res judicata*.

Moreover, this fact is also clearly evidenced in the prayer for relief sought by the plaintiffs, which includes a prayer for "judgment ordering Sheridan to allow the Plaintiffs or anyone acting on their behalf, to obtain a Sheridan membership and Sheridan Stock Certificate on behalf of any Plaintiff."[6]

In addition to the final judgment entered in this Court, a final judgment with respect to these parties and the same, or related, facts and issues was also entered by the

---

[6] See, Second Amended Complaint, Count VII, "Damages and Relief Sought", Paragraph 2.

Eighth Judicial Circuit Court on April 16, 2003. *Res judicata* will operate to bar plaintiff's claims in a subsequent tribunal which arise from the same core of operative facts as a previous state court action. The "occurrences complained of on June 24, 2002 and thereafter" are certainly issues that were raised or <u>should have been raised</u> during the state court proceedings. Specifically, plaintiffs allege that conduct undertaken by Bier, relating to testimony, discovery documents, witnesses, and depositions, undertaken by Bier during an evidentiary hearing and throughout discovery in the state court litigation, violated their rights. Plaintiffs' claim of constitutional violations remain the same and the suit against defendant Bier must be dismissed, pursuant to the provisions of *res judicata*.

    **II.    PLAINTIFFS' SUIT AS AGAINST DEFENDANT BIER MUST BE DISMISSED AS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.**

The *Rooker-Feldman* doctrine, which emerged from two Supreme Court cases, <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), prohibits the inferior federal courts from reviewing state court decisions. <u>Crestview Village Apartments v. U.S. Department of Housing & Urban Development</u>, 383 F.3d 552, 555-56 (7th Cir., 2004). "It is a jurisdictional doctrine premised upon the fact that, because federal district courts are courts of original jurisdiction, lower federal courts are not authorized to review appeals from state court judgments…". <u>Crestview</u>, 383 F.3d at 556. The United States Supreme Court alone has appellate jurisdiction over the civil judgments of state courts. <u>Id</u>.

To determine whether the *Rooker-Feldman* doctrine applies, the federal court must ask the fundamental question, whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. <u>Id</u>. If the

7

injury alleged resulted from the state court judgment, then *Rooker-Feldman* directs that the lower federal courts lack subject matter jurisdiction. <u>Id</u>. "Likewise, if the federal injury is "inextricably intertwined" with the state court judgment, *Rooker-Feldman* bars the federal action." <u>Id</u>. The crucial question is whether the federal district court is, in essence, being called upon to review the state court decision. <u>Id</u>.

Clearly, plaintiffs are asking this Court to review the decision of the Eighth Circuit Court to dismiss plaintiffs' state court action, which is clearly barred by the *Rooker-Feldman* doctrine. Plaintiffs' allege that defendant Bier's conduct during the July 24, 2002 evidentiary hearing forms the basis for their §1983 action and pendant state court claims, as well as his alleged conduct during the discovery phase of that state court litigation. Plaintiffs had their opportunity for a collateral review of the Eighth Circuit Court's decision to dismiss their action in their direct appeal to the Fourth Appellate Court, an appeal which they abandoned. <u>See</u>, Defendant's <u>Exhibit B</u>, attached and incorporated herein this memorandum by reference.

In <u>Doe & Associates Law Offices v. Napolitano</u>, 252 F.3d 1026, 1030 (9th Cir., 2001), the Ninth Circuit found that if the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are 'inextricably intertwined" and the federal suit is barred for lack of subject matter jurisdiction. Plaintiffs' suit here is an impermissible *de facto* appeal of the Eight Circuit Court's decision to dismiss plaintiffs' third amended complaint, which included, in essence, the same allegations of tortious conduct against the same party, defendant Bier. Plaintiffs' make the same state law claims, specifically intentional infliction of emotional distress, spoliation of evidence, and conspiracy as they did in the state court action.

Further, plaintiffs' still seek the same remedies from a court of law, particularly monetary damages and reinstatement to the Sheridan Swim Club with all of the attendant benefits, as they did in the prior federal suit and the state court action. See, *Taylor v. Federal National Mortgage Association, et. al*., 374 F.3d 529 (7th Cir., 2004). The Eighth Circuit dismissed plaintiffs' claims, and denied their prayer for relief. If this Court were to exercise subject matter jurisdiction over plaintiffs' present federal suit, then it would be calling into question the Eighth Circuit Court's decision to dismiss plaintiffs' claim, which is an impermissible contravention of the *Rooker-Feldman* doctrine.

### III. PLAINTIFFS' SUIT AS AGAINST DEFENDANT BIER MUST BE DISMISSED AS BARRED BY COLLATERAL ESTOPPEL.

In addition to the application of *res judicata*, collateral estoppel also bars plaintiffs' instant suit. Collateral estoppel, or issue preclusion, applies when a prior judgment between the same parties in a different cause of action is an estoppel as to those matters in issue or points controverted on which a final determination has been rendered. *Ashe v. Swenson*, 397 U.S. 436, 443-444 (1970). Plaintiffs' suit in the Eighth Judicial Circuit raised the same issues between the same parties as they attempt to do here. As indicated above, the Eighth Judicial Circuit Court entered a final judgment in that matter on April 23, 2003. The subsequent appeal of that Court's decision was abandoned by the plaintiffs. Defendant Bier prays that this Court find that plaintiffs' instant action is barred by collateral estoppel.

Moreover, with respect to issues that plaintiffs failed to raise in the state court litigation, plaintiffs claims are still barred. Collateral estoppel, much like *res judicata*, also acts as a bar to claims which should have been brought in the prior proceeding and must be dismissed.

### IV. PLAINTIFFS' §1983 CLAIMS FOR CONDUCT OCCURRING PRIOR TO JUNE 23, 2002 ARE BARRED BY THE STATUE OF LIMITATIONS.

In Illinois, the statute of limitations for § 1983 actions, based on the statute of limitations for personal injury actions, is two years. *Hildebrandt v. Illinois Department of Natural Resources*, 347 F.3d 1014, 1036 (7th Cir., 2003). To the extent that plaintiffs' allegations of civil rights violations are based on conduct or acts that occurred prior to June 23, 2002, those claims are time barred and subject to dismissal. Specifically, plaintiffs' allegations regarding the disclosure of the Schildt/Conboy report, correspondence and communications in 1999 regarding coach Powers' retention as swim coach and the Tierneys' allegations of sexual misconduct, discovery violations in the prior federal lawsuit through October of 2001, and Bier's decision to forego criminal prosecution against Schnack and/or defer prosecution to the Appellate Prosecutor's Office in early 2000, are all allegations of conduct which occurred more than two years before suit was filed.

### V. PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

745 ILCS 10/8-101 provides that:

> "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term "civil action" includes any action, whether based on the common law or statutes or Constitution of this State."

Plaintiffs' state court claims for spoliation of evidence, intentional infliction of emotional distress and conspiracy arise from conduct that occurred on June 24, 2002 or through the course of the state court litigation which terminated on April 16, 2003.

Plaintiffs filed their initial complaint on June 23, 2004, which was more than one year following the conduct which plaintiffs allege gave rise to their state claims. Plaintiffs have not plead any viable state court action accruing on or after June 23, 2003, thus their state law claims are subject to dismissal.

### VI. PLAINTIFFS' § 1983 CLAIMS ARE BARRED BY ABSOLUTE PROSECUTORIAL IMMUNITY.

The decision to initiate a prosecution "lies at the heart of the prosecutorial function" and shall not be subject to actions for damages. *Neville v. Classic Gardens*, 141 F. Supp.2d 1377, 1384 (S.D.GA 2001) citing *Altman v. Kelly*, 28 F.Supp.2d 50, 53 (D.Mass. 1998); See also, *Imbler v. Pachtman*, 424 U.S. 409 (1976). Plaintiffs' §1983 claims that defendant Bier failed to initiate a criminal prosecution against Schnack in January of 2000, in addition to being time barred, are subject to dismissal pursuant to Bier's absolute prosecutorial immunity. A prosecutor's refusal or delay in charging an individual with a criminal offense is a prosecutorial decision afforded the same protection as the decision to initiate or continue criminal proceedings. See *Anderson v. Simon*, 217 F.3d 472, 475-76 (7th Cir., 2000). Clearly, Bier's conduct, including his decision to seek appointment of a special prosecutor by the Court, all relate to his prosecutorial function. Therefore, plaintiffs' §1983 action is barred and subject to dismissal.

### VII. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS.

This Court lacks subject matter jurisdiction over the state law claims in plaintiffs' second amended complaint set forth in Section VI, Counts I, II, and III, as Bier was a State's Attorney for Adams County, a state official, and plaintiffs allege that Bier undertook conduct in that capacity. Illinois requires that any action brought against a

11

state official for actions undertaken within the scope of their authority, be brought in the Illinois Court of Claims.  See *Hampton v. City of Chicago*, 349 F.Supp.2nd 1075, 1078-1081 (N.D.Ill. 2004) (District Court did not have jurisdiction over state claims against assistant state's attorney for alleged acts within the scope of his authority under doctrine of sovereign immunity).

### VIII. PLAINTIFFS' HAVE NOT PLEAD A VIABLE § 1983 CLAIM.

Plaintiffs' have failed to plead a viable § 1983 claim for violations of their civil rights of access to the courts, free speech, right of association, and procedural due process, by defendant Bier.  In order to establish a § 1983 violation, plaintiff must plead and prove the following elements: 1) a person acting under color of state law; 2) deprived the plaintiff of rights, privileges or immunities secured either by the Constitution or by federal law; and, 3) the defendant's conduct was the cause in fact of the violation of the Constitution or federal law.  *Martinez v. California*, 444 U.S. 277 (1980).

Plaintiffs have no constitutional rights in the prosecutorial decision to decline or initiate criminal prosecutions.  *Anderson v. Simon*, 217 F.3d 472, 475-76 (7th Cir., 2000).  They have no constitutional right to belong to a private club, to wit: the Sheridan Swim Club.  The fact that they have filed two prior lawsuits involving the same and related allegations arising out of the same events or transactions, including two or three appeals of those lawsuits, clearly evidences that the Tierneys have had plenty of access to the courts regarding their claims.  There are insufficient factual allegations asserted, subsequent to facts and/or conduct occurring in 1998 and 1999, which supports any of their claims.

Notice pleading is all that is required in a federal suit, and *pro se* plaintiffs often plead themselves out of court by filing pleadings alleging factual allegations which show, on their face, that plaintiffs do not have a viable claim upon which relief can be granted. Plaintiffs vacillate between allegations that defendant Bier is acting as a Board member for the Sheridan Swim Club, in making recommendations to the Sheridan Swim Club Board regarding whether to grant or deny a youth membership to Case Tierney, and as the Adams County State's Attorney, in making decisions whether to prosecute   In the first instance, Bier's actions as a Board member for Sheridan Swim Club, are not actions taken under color of law.  In the latter instance, his actions in 2000, about whether or not to initiate a criminal prosecution are entitled to absolute immunity.  Plaintiffs' suit fails miserably to allege facts upon which must be dismissed.

## CONCLUSION

For the foregoing reasons and the reasons set forth in defendant's motion to dismiss second amended complaint, defendant Bier respectfully prays that this Honorable Court grant his motion to dismiss plaintiffs' second amended complaint as to defendant Bier in its entirety.

    Respectfully Submitted,

    DEFENDANT BARNEY BIER, IN HIS
    INDIVIDUAL CAPACITY AS THE
    ADAMS COUNTY STATE'S ATTORNEY

    By:  s/Julie M. Koerner
    Julie M. Koerner Bar Number: 6204852
    Attorney for Defendant-Barney Bier
    O'Hallran, Kosoff, Geitner & Cook, P.C.
    650 Dundee Road, Suite 475

                    Northbrook, Illinois 60062
                    Telephone: (847) 291-0200
                    Fax: (847) 291-9230
                    E-mail: jkoerner@okgc.com

Julie M. Koerner
O'Halloran, Kosoff, Gei tner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone: (847) 291-0200

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| J. ROBERT TIERNEY, et. al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 04-3138 |
| vi. ) | |
| ) | Judge Jeanne E. Scott |
| SHERIDAN SWIM CLUB, INC., et. al. ) | Magistrate B. G. Cudmore |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 24, 2005, I electronically filed the foregoing **Defendant Bier's Memorandum in Support of Motion To Dismiss Plaintiffs' Second Amended Complaint** with the Clerk of Court using the CM/ECF system, in which plaintiffs' are participants.

J. Robert Tierney
Case M. Tierney
Ann S. Tierney
2157 Summer Creek Drive
Quincy, IL 62305

                                                            By:  s/Julie M. Koerner
                                                            Julie M. Koerner Bar Number: 6204852
                                                            Attorney for Defendant-Barney Bier
                                                            O' Halloran, Kosoff, Geitner & Cook, P.C.
                                                            650 Dundee Road, Suite 475
                                                            Northbrook, Illinois 60062
                                                            Telephone: (847) 291-0200
                                                            Fax: (847) 291-9230
                                                            E-mail: jkoerner@okgc.com