E-FILED
Friday, 04 March, 2005  04:49:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, CASE M. TIERNEY, By And Through His Next Best Friend, J. ROBERT TIERNEY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 04-3138 |
| SHERIDAN SWIM CLUB, INC., an Illinois corporation, ANDREW C. SCHNACK, III, in his Individual Capacity, DOUG OLSON, ROBERT MEYER, and ROBERT HULTZ Members of the Sheridan Swim Club Inc., Board in their Individual and Official Capacities, BARNEY BIER, Member of the Sheridan Board in His Individual and Official Capacities, and in his Individual Capacity as the Adams County State's Attorney, JON BARNARD, in his Individual Capacity as an Adams County Assistant State's Attorney, DENNIS GORMAN, Attorney for the Quincy School District #172, a political subdivision of the State of Illinois, in his Individual and Official Capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO QUASH SERVICE AND DISMISS

Defendant **DENNIS W. GORMAN**, by his attorneys, **SCHMIEDESKAMP, ROBERTSON, NEU & MITCHELL**, submits this memorandum in support of his motion for an order quashing the service of summons pursuant to Fed. R. Civ. P. 4(e) and Fed. R. Civ. P. 12(b)(4), and for a dismissal under Fed. R. Civ. P. 4(m).

## Introduction and Background

1.     This action was commenced without an attorney by a complaint filed on June 23, 2004. The original complaint and the pending second amended complaint are the latest in an ongoing series of lawsuits filed in state and federal court dating back to 1999. The issues presented in the present lawsuit have been the subject of prior defense summary judgment rulings and dismissals and three appeals to the United States Court of Appeals for the Seventh Circuit.[1] The Plaintiffs have been sanctioned by both the District Court and the Seventh Circuit.

---

[1] The prior proceedings and dispositions are summarized below:

a.    J. Robert Tierney, et al., v. Quincy School District No. 172, et al., Case No. 99-3149, filed in the United States District Court for the Central District of Illinois ("Tierney I"), Dismissal and summary judgment orders entered in favor of all Defendants, and affirmed in total by the Seventh Circuit. Tierney v. Vahle, 304 F.3d 734 (7th Cir. 2002) and Ann S. Tierney v. Quincy School District No. 172, No. 02-1403 and 04-1205, unpublished order dated February 22, 2005. Plaintiffs' former counsel was sanctioned by the Seventh Circuit for filing a frivolous appeal regarding claims against Defendant Debbie Olson. The District Court awarded attorney's fees pursuant to 42 U.S.C. § 1988(b) in favor of Debbie Olson, and also awarded fees to Quincy School District No. 172 ("QSD") under 28 U.S.C. § 1927.

b.    Ann S. Tierney v. Quincy School District No. 172, Case No. 01-3179, filed in the United States District Court for the Central District of Illinois ("Tierney II"). This case was dismissed as duplicative of Tierney I, and the dismissal order entered in favor of QSD was affirmed by the Seventh Circuit. Ann S. Tierney v. Quincy School District No. 172, No. 02-1403 and 04-1205, unpublished order dated February 22, 2005. QSD previously filed a petition for fees with the District Court, which has been stayed pending a ruling by the Seventh Circuit on appeal. See minute order dated February 4, 2002. The order provides that Plaintiff must notify the court of the resolution of the appeal within 10 days of a ruling by the Seventh Circuit so that the pending motion for fees may be addressed.

c.    Ann S. Tierney v. Quincy School District No. 172, Case No. 01-3380, filed in the United States District Court for the Central District of Illinois, (case dismissed as duplicative of Tierney I, on the court's own motion).

d.    J. Robert Tierney, et al, v. Sheridan Swim Club, Inc., et al., Case No. 02-L-12, filed in the Circuit Court for the Eighth Judicial Circuit, Adams County, Illinois, (case

2.  On July 1, 2004, Plaintiffs' former counsel filed a motion to withdraw with the Seventh Circuit upon learning of the filing of this *pro se* lawsuit. See Exhibit C. The Defendant has no knowledge of the communications between the Plaintiffs and their former counsel, but it is fairly obvious that the motion to withdraw was motivated by a desire to avoid further sanctions because this *pro se* lawsuit is nothing less than a collateral attack on Judge Scott's summary judgment order, or an ill-conceived attempt to raise issues that could have been appealed to the Seventh Circuit.

3.  The court is well-aware of the general history regarding these litigants. This background is concisely summarized by the Seventh Circuit in its two opinions, which affirmed dispositions of all issues in favor of all Defendants. Tierney v. Vahle, 304 F.3d 734 (7th Cir. 2002) and Ann S. Tierney, et al., v. Quincy School District No. 172, 02-1403 and 04-1205 dated February 22, 2005 (Exhibit D).

4.  Dennis Gorman was joined as a Defendant in *Tierney I*, and subsequently dismissed by an order entered on March 19, 2001 (Case No. 99-3149, d/e 118). The dismissal was affirmed by the Seventh Circuit on February 22, 2005, but the appeal remains pending.[2] The present suit is duplicative of the other pending claims, which is improper. See Missouri ex rel. Nixon v. Prudential Health Care, 259 F.3d 949, 954 (8th Cir. 2001) (A plaintiff may not "pursue multiple federal suits against the same party involving the same controversy at the same time."); Walton v. Eaton Corp.,

---

dismissed by circuit court). Plaintiffs appealed dismissal order to Illinois Fourth District Appellate Court, but then failed to file a brief, and the appellate court dismissed the appeal on its own motion. Circuit court's dismissal order and mandate of appellate court are attached as Exhibit A and Exhibit B, respectively.

[2]See Plaintiffs' petition for rehearing filed with Seventh Circuit on March 3, 2005, attached as Exhibit E.

563 F.2d 66, 70 (3d Cir. 1977) ("[Plaintiff] had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.").

5.      While the Defendant believes the filing of this lawsuit, (as an attempt to end-run the prior rulings of this court and the Seventh Circuit), is itself sanctionable, the first issue that must be addressed is the defective service of the summons.

### Improper Service of Summons

6.      On October 15, 2004, Plaintiff J. Robert Tierney mailed to Mr. Gorman a request for waiver of service of summons. (Exhibit F). Mr. Gorman refused this request for good cause because it is apparent that Mr. Tierney is engaged in the unauthorized practice of law in purporting to represent his wife, Ann Tierney, and his minor son, Case Tierney.

7.      On December 13, 2004, Plaintiff J. Robert Tierney had a summons directed to Dennis Gorman issued by the United States District Court Clerk's Office, (d/e 11). This summons was delivered to a receptionist at Mr. Gorman's law office on February 15, 2005. (Affidavit of Sarah Wellman, Exhibit G; Affidavit of Dennis Gorman, Exhibit H).

### Unauthorized Practice of Law

8.      Under Illinois law, a person is privileged to appear in court on his own behalf, but he has no such privilege or authority to represent other persons unless he is admitted to the practice of law. 705 ILCS 205/1. Janiczek v. Dover Management Company, 134 Ill.App.3d 543, 545, 481 N.E.2d 25 (1st Dist. 1985). See also Blue v. People of the State of Illinois, 223 Ill.App.3d 594, 585 N.E.2d 625 (2d Dist. 1992). As the court explained in Janiczek, "Where it appears that one not licensed to practice law has instituted legal proceedings on the behalf of another in a court of record,

4

such action should be dismissed, and if the action has proceeded to judgment, the judgment is void and will be reversed." Janiczek, 134 Ill.App.3d at 545.

9. The record presently before the court establishes that Plaintiff J. Robert Tierney is engaged in the unauthorized practice of law by prosecuting this action on behalf of Plaintiffs Ann S. Tierney and Case Tierney, a minor. As in the past lawsuits referenced in the pending second amended complaint, it is apparent that Plaintiff J. Robert Tierney has signed pleadings on behalf of Ann and Case. Although counsel for this Defendant has not participated in any of the proceedings in this action since it was filed in June 2004, we have reason to believe based upon past history that neither Ann nor Case have attended any of the telephonic hearings, and at all times, Plaintiff J. Robert Tierney has held himself out as their attorney-representative. While the issuance of an injunction is the proper remedy to protect against the unauthorized practice of law, (Richard F. Mallen & Associates, Ltd. v. Myinjury.com Carpenter, 329 Ill.App.3d 953, 955, 769 N.E.2d 74 (1st Dist. 2002)), it should go without saying there can be no effective service of a summons by a non-lawyer acting on behalf of himself and others.

10. Mr. Tierney is not a licensed attorney and has already potentially prejudiced the rights of Ann Tierney and Case Tierney by failing to comply with the simple procedural requirements of process. Further, if the court agrees as suggested here, that this lawsuit is an attempt to re-litigate issues decided by the District Court during the pendency of an appeal (conduct which amounts to a collateral challenge to the judgment order in 99-3149), the mere filing of this lawsuit could expose Ann and Case to additional sanctions. The court has a responsibility to protect the public (including these Plaintiffs) from being harmed by non-lawyers practicing law.

5

### Failure to Comply With Rule 4(e)

11. In addition to J. Robert Tierney's lack of authority to represent Ann Tierney and Case Tierney, the service of the summons is defective and should be quashed because the summons directed to Dennis Gorman was not served on him personally or by leaving copies "at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" as required by Fed. R. Civ. P. 4(e)(2). Further, there is no Illinois state law authority which permits service upon an individual by leaving the summons and complaint with a receptionist at a defendant's place of business (Fed. R. Civ. P. 4(e)(1)). To the contrary, such an attempt to obtain proper service is ineffective. See e.g., Schusterman v. Northwestern Medical Faculty Foundation, 95 Ill.App.3d 632, 635-636, 557 N.E. 2d 1178 (1st Dist. 1990), (attempt to serve doctor by leaving summons and complaint with business partner "wholly ineffective").

### Violation of Rule 4(m)

12. The purported service of the summons on February 15, 2005, was well beyond the 120 days after the filing of the original complaint which a party has to effect service under Fed. R. Civ. P. 4(m). There has been no showing to excuse the Plaintiffs' failure to serve the Defendant within 120 days of June 23, 2004, and the court should exercise its discretion to dismiss this Defendant under Rule 4(m). Coleman v. Milwaukee Board of School Directors, 290 F.3d 932 (7th Cir. 2002). In exercising its discretion, the court should consider the entire history of harassment and abuse of the court system by these particular Plaintiffs. The Seventh Circuit has noted that Mr. Tierney is pursuing a "vendetta" against QSD, Tierney v. Vahle, 304 F.3d 734, 742 (7th Cir. 2002), which is further substantiated by correspondence received from Mr. Tierney himself during the five year history of this litigation. See e.g., Letter from J. Robert Tierney to Brett Gorman

dated November 29, 2002, attached as Exhibit I. In further support of this request for dismissal under Rule 4(m), the Defendant incorporates QSD's pending motion for attorney's fees (Exhibit J) and supporting memorandum (Exhibit K) in 01-3197, which provide additional detail on the Plaintiffs' history of litigation abuse.

### Request for Relief

Wherefore, Defendant Dennis Gorman moves for the entry of an order quashing the summons in this cause pursuant to Fed. R. Civ. P. 4(e), for dismissal under Fed. R. Civ. P. 4(m).

s/_____ Brett K. Gorman
Brett K. Gorman, IL Bar #6210850
Attorney for Defendant Dennis W. Gorman
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey Street, P. O. Box 1069
Quincy, IL 62306-1069
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail: bgorman@srnm.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, using the CM/ECF system which will send notification of such filing to the following:

J. Robert Tierney
Ann S. Tierney
Case M. Tierney
spg@insightbb.com

Paul R. Bown
Brown Hay & Stephens
pbown@bhslaw.com

Clifford G. Kosoff
Julie M. Koerner
O'Halloran, Kosoff, Geitner & Cook PC
ckosoff@okgc.com
jkoerner@okgc.com

Matthew D. Bilinsky
Terence J. Corrigan
Illinois Attorney General
mbilinsky@atg.state.il.us
tcorrigan@atg.state.il.us

                                                s/         Brett K. Gorman
Brett K. Gorman, IL Bar #6210850
Attorney for Defendant Dennis W. Gorman
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey Street, P. O. Box 1069
Quincy, IL 62306-1069
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail: bgorman@srnm.com