E-FILED
Friday, 04 March, 2005  05:29:14 PM
Clerk, U.S. District Court, ILCD
Wednesday, 15 December, 2004  03:20:15 PM
Clerk, U.S. District Court, ILCD

4/1/2003 ... PM  FROM: 217-223-6072   TO: 1-309-672-6957  FAX  '03 OF 00

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT

ADAMS COUNTY, ILLINOIS



JAMES R. TIERNEY, ANN S. TIERNEY and )
MERYL A. TIERNEY,                    )
                                     )              APR 16 2003
          Plaintiffs,                )
                                     )
     vs.                             )   No. 02-L-12
                                     )
SHERIDAN SWIM CLUB, et al.,          )
                                     )
          Defendants.                )

## ORDER

Cause comes on for supplemental hearing on Defendants' Motion to Dismiss the Third Amended Complaint, and Plaintiffs' Motion to Strike the Motion to Dismiss. Plaintiff Robert Tierney appears in person, Ann Tierney and Meryl Tierney do not appear. Jonathan H. Barnard, appears on behalf of all Defendants.

Argument, and certain documentary evidence presented by Plaintiff is considered on the Motion to Dismiss. Oral argument is heard on the Motion to Strike. The Court, having considered the arguments of the parties, pertinent case law and evidence herein, hereby orders, adjudges and decrees as follows:

Plaintiffs' Motion to Strike, as well as the Request to Present Testimony in Support Thereof, is hereby denied. The Court hereby grants the Motion to Dismiss all Counts of the Third Amended Complaint of Plaintiffs, pursuant to Section 2-615 and Section 2-619 of the Illinois Code of Civil Procedure, and accordingly, the same are hereby dismissed with prejudice at Plaintiffs' costs.

It is further ordered that all other Motions pending at the time of this ruling are hereby denied, including Plaintiffs' Motions for Discovery and various Discovery Sanctions; School District No. 172's Motion to Quash and for Sanctions; and Chet and ~~...~~

Dated: ___4-11-___, 2003.

Signature redacted pursuant to
USDC-CDIL Adm.Proc. Rule II(l)(1)(f)

The Honorable Joe K. Vespa

pc   Jonathan H. Barnard
     Marec Edgar
     Robert Tierney / Ann Tierney / Meryl Tierney
     Chet W. Vahle / Barb Vahle

*The clerk will please send a copy hereof to Judge Vespa in Peoria, the Plaintiff, Mr. Tierney and the attorneys. The Parties can make any further challenges to this order by way of Motion if they see fit to do so.*

EXHIBIT
A

**E-FILED**
Wednesday, 15 December, 2004  03:30:18 PM
Clerk, U.S. District Court, ILCD

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In re: Tierney, J. Robert & Ann v. Sheridan Swim Club et
General No. 4-03-0434
County of Adams
02L12

O R D E R

This matter is heard upon a Rule, entered upon this
Court's own motion, against appellant to show cause why the
appeal should not be dismissed for failure to file an appellant's
brief as required by Supreme Court Rules 342 & 343.

The Court, being fully advised of the premises, hereby
enforces the Rule and dismisses the appeal for failure to comply
with this Court's Rule.

Appeal dismissed.

ENTERED:  12/22/03

FILED
DEC 2 2 2003
Clerk of the
Appellate Court, 4th Dist.

BY ORDER OF THE COURT
CONSISTING OF THE PANEL OF:

Honorable Robert W. Cook
Honorable James A. Knecht
Honorable Robert J. Steigmann


EXHIBIT

B

JUL 0 6 2004

# UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT
Case No. 02-1403 & 04-1205

J. ROBERT TIERNEY, ANN S. TIERNEY,
MERYL A. TIERNEY, and CASE M.
TIERNEY by and through his next
friend J. Robert Tierney,

               Plaintiff-Appellant

vs.

RICHARD POWERS, a Coach of School
District No. 172 and a Coach of the
Sheridan Swim Club, in his Individual
Capacity, QUINCY SCHOOL DISTRICT
NO. 172, a Political Subdivision

               Defendant-Appellee

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

United States District
Court for the Central
District of Illinois

Case No. 99-3149

Honorable Jeanne Scott,
U.S. District Judge Presiding

## MOTION TO WITHDRAW AS COUNSEL FOR
## PLAINTIFFS-APPELLANTS

Now come RICHARD L. STEAGALL, attorney for the Plaintiffs-Appellants, and

pursuant to this court's inherent powers, moves the court to enter the following Order and

for such motion states:

1.      The undersigned represented the Plaintiffs-Appellants in the district court

and in this appeal. He filed Plaintiffs-Appellants' Brief & Short Appendix and Plaintiffs-

Appellants' Appendix.

2.      He has been informed by Paul Bown, attorney for Sheridan Swim Club,

Inc., that J. Robert Tierney and Ann S. Tierney have filed a pro se action in the U.S.

District Court for the Central District of Illinois against Sheridan Swim Club, Inc.,

officers and agents of Sheridan Swim Club, Inc,. and the attorney for the Quincy School



EXHIBIT

C

District No. 172. He has obtained a copy of the docket sheets of the district court in

*Tierney v. Sheridan Swim Club, Inc.*, C.D.Ill. Case No. 04-3138. A true copy of that

docket sheet is attached. The first the undersigned learned of the June 23, 2004 filing of

this pro se lawsuit was when Mr. Bown told him in a telephone call on July 1, 2004.

3.     This appeal involves claims against the Sheridan Swim Club, Inc. and

certain of its agents and officers for conduct occurring in April 15, 1999 and thereafter. It

also involves claims against the Quincy School District No. 172 and certain of its officers

and agents for conduct occurring on February 26, 1999 through August 15, 2000 and

thereafter as Ann Tierney asserts a claim for denial of promotion in retaliation for

exercise of her First Amendment rights. asserts claims.

4.     The filing of the pro se lawsuit and conflict between himself and his clients

over matters that have been done in the Plaintiffs-Appellants' Brief and matters to be

done in this court has created irreconcilable differences between the undersigned and his

clients, Plaintiffs-Appellants, J. Robert Tierney, Ann S. Tierney, and Meryl Tierney. The

conflicts are to such a degree that the undersigned can not ethically continue to represent

the Plaintiffs in this or any other litigation or matter. He is serving the clients with a copy

of this motion along with a letter within the attorney-client privilege advising them of the

reasons that compel him to file this motion. [1]

5.     The undersigned attorney has made reference to the pro se lawsuit because

it a matter of public record and not a confidence he obtained from his clients.[2]  He has not

---

[1] This court has not adopted Rules of Professional Responsibility. Since this case comes
on an appeal from the Central District of Illinois, the undersigned is relying upon the Rules of
Professional Conduct of the Supreme Court of Illinois − which are the Rules of Professional
Conduct of the Central District of Illinois. CD-IL Local Rule 83.6 (D) − to guide him.

[2] The Rules of Professional Responsibility of the Supreme Court of Illinois define
"confidence" as information protected by the lawyer-client privilege. However, R.P.C. 1.6 c −

elaborated further on the filing of that lawsuit or on the conflict over matters that have been done and are to be done in this court because of his ethical obligation to keep the confidences of his client imposed by R.P.C. 1.6 (a) of the Rules of Professional Responsibility of the Supreme Court of Illinois.

6.    The undersigned realizes that the appellants' brief has been filed, but the conflict between himself and his client is of such a serious nature that he can not ethically continue to represent Plaintiffs-Appellants in any capacity. R.P.C. 1.6 c (1) allows confidences to be revealed by court order. In the event this court has reservations about allowing him to withdraw, he asks that the court enter an Order directing him to file an explanation of the circumstances requiring his withdrawal. That will eliminate his ethical obligation under R.P.C. 1.6 (a) to maintain client confidences enabling him to make full disclosure of the nature of the conflict.

7.    Upon entry of an Order of Withdrawal, the undersigned will make arrangements for the transfer of necessary file materials to Plaintiffs-Appellants upon reasonable assurances for payment of outstanding fees and expenses consistent with the original Contract for Legal Services.

**WHEREFORE**, RICHARD L. STEAGALL, attorney for the Plaintiffs-Appellants pray this Court enter an Order granting him leave to withdraw as attorney for the Plaintiffs-Appellants forthwith.

Respectfully Submitted,

RICHARD L. STEAGALL

---

which imposes the lawyer's obligation to maintain client confidentiality uses the term "Confidentiality of Information" and "secret". The information on the conflicts between this lawyer and these clients may well not be confidential because of disclosure made by the client to an adversary. However, the undersigned is liberally construing the application of "confidence" to give the client the benefit of any interpretation.

## AFFIDAVIT

RICHARD L. STEAGALL, being first duly sworn on oath, deposes and states that the facts stated in the foregoing motion are true to the best of his personal knowledge and the opinion that there are irreconcilable differences between him and his clients requiring withdrawal is held in good faith by him based upon his 26 years training and experience in the practice of law.

_____
RICHARD L. STEAGALL

Subscribed to and sworn to before me
this 1st day of **July, 2004.**

_____
Notary Public

"OFFICIAL SEAL"
DEBORAH L. BUNCH
Notary Public, State of Illinois
My Commission Expires 1-18-2006

4

## **PROOF OF SERVICE**

The undersigned certifies that a true and correct copy of this document was duly served upon the individuals set forth below by enclosing a copy of the same in an envelope addressed as set forth below and by depositing the envelope with postage fully prepaid in a U.S. Post Office Mail Box in Peoria, Illinois, on this **1st** day of **July, 2001**:

Mr. Brett K. Gorman
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey
P.O. Box 1069
Quincy, IL  62306

Mr. John J. Gazzoli, Jr.
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, MO  63102

Ms. Megan Guenther
Miller, Tracy, Braun, Funk & Guenther, Ltd.
316 S. Charter
P.O. Box 80
Monticello, IL  61856

Mr. Paul Bown
Brown, Hay & Stephens
700 First National Bank Bldg.
P.O. Box 2459
Springfield, IL  62705

J. Robert Tierney
2517 Summer Creek
Quincy, IL 612301

Ann S. Tierney
2517 Summer Creek
Quincy, IL 612301

Meryl Tierney
2517 Summer Creek
Quincy, IL 612301

RICHARD L. STEAGALL
Nicoara & Steagall
416 Main Street, Suite 815
Commerce Bank Building
Peoria, IL  61602-1103
Telephone:  (309) 674-6085

Docket as of June 25, 2004 5:06 pm                    Web PACER (v2.4)

# U.S. District Court

## USDC for the Central District of Illinois (Springfield)

### CIVIL DOCKET FOR CASE #: 04-CV-3138

### Tierney, et al v. Sheridan Swim Club, et al

Filed: 06/23/04
Assigned to: Judge Jeanne E. Scott
Jury demand: Plaintiff
Referred to: Mag. Judge Byron G. Cudmore
Demand: $600,000
Nature of Suit: 440
Lead Docket: None
Jurisdiction: Federal Question
Dkt# in other court: None
Cause: 42:1983 Civil Rights Act

J ROBERT TIERNEY
    plaintiff

J Robert Tierney
[COR LD NTC] [PRO SE]
2517 Summer Creek
Quincy, IL 62301

ANN S TIERNEY
    plaintiff

Ann S Tierney
[COR LD NTC] [PRO SE]
2517 Summer Creek
Quincy, IL 62301

CASE M TIERNEY, By and Through
his next best friend, J Robert
Tierney
    plaintiff

Case M Tierney
[COR LD NTC] [PRO SE]
2517 Summer Creek
Quincy, IL 62305

    v.

SHERIDAN SWIM CLUB INC, an
Illinois Corporation
    defendant

ANDREW C SCHNACK, III, in his
Individual Capacity
    defendant

DOUG OLSON, members of the
Sheridan Swim Club, Board in
their Individual and Official
Capacities
    defendant

ROBERT W MEYER, members of the
Sheridan Swim Club Inc., board
in their individual and
official capacities
    defendant

ROBERT HULTZ, members of the
Sheridan Swim Club, Inc.,
Board in their Individual and
Official Capacities
    defendant

BARNEY S BIER, Member of the
Sheridan Board in his
individual and official
capacities and in his
Individual Cpacity as the
Adams County State's Attorney
    defendant

JON BARNARD, in his Individual
Capacity as an Adams Count
Assistant State's Attorney
    defendant

DENNIS GORMAN, Attorney for
the Quincy School District
#172, a political subdivision
of the State of Illinois, in
his Individual and Official
Capacities
    defendant

# DOCKET    PROCEEDINGS

## DATE    #                DOCKET    ENTRY

6/23/04   1     COMPLAINT -  case referred  to Mag. Judge Byron G. Cudmore
                (mc) [Entry date 06/25/04]

6/25/04   2     FILING FEE PAID on 6/23/04  in the amount of $ 150  receipt
                # 4991. (mc) [Entry date 06/25/04]

## Case Flags:
## REFER
## 33

## END OF DOCKET: 3:04cv3138

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/01/2004 12:00:08 | | | |
| **PACER Login:** | ns0024 | **Client Code:** | Tierney |
| **Description:** | docket report | **Search Criteria:** | 3:04cv03138 |
| **Billable Pages:** | 3 | **Cost:** | 0.21 |

UNPUBLISHED ORDER
Not to be cited per Circuit Rule 5ₒ

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 25, 2004 *
Decided February 22, 2005

Before

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Nos. 02-1403 & 04-1205

| | |
|---|---|
| ANN S. TIERNEY, et al.,<br>    *Plaintiffs-Appellants,*<br><br>v.<br><br>QUINCY SCHOOL DISTRICT NO.<br>172, a political subdivision of the State<br>of Illinois, et al.,<br>    *Defendants-Appellees.* | Appeals from the United States<br>District Court for the Central<br>District of Illinois<br><br>Nos. 01-3179 & 99-3149<br><br>Jeanne E. Scott,<br>*Judge.* |

**EXHIBIT**



D

## ORDER

These successive appeals are the latest chapter in a case with a convoluted procedural history involving four suits in the district court, a separate case in state court, and four appeals to this court. We previously affirmed the dismissal of a number of claims and defendants and also sanctioned the plaintiffs' former attorney. *See Tierney v. Vahle*, 304 F.3d 734 (7th Cir. 2002). In the present appeals, the Tierneys raise a number of arguments but most are either waived,

---

    * After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

irrelevant, or directly contrary to arguments they presented to the district court. We affirm in all respects.

## FACTS

The event that sparked this protracted litigation occurred in November 1998 when Richard Powers, the coach of the Quincy High School swim team and also an employee of the Sheridan Swim Club (where the high school team practiced), attended a team party the night before a meet. At that party, the plaintiffs allege that Powers gave massages to several girls on the team, including the Tierneys' then 16 year-old daughter Meryl. During this massage, Powers allegedly unhooked Meryl's bra and rubbed her back and legs up to the base of her buttocks. We note that these are merely allegations and we do not know whether they are true. Mr. and Mrs. Tierney, along with parents of some of the other girls on the swim team, complained to school officials about the incident. An assistant superintendent investigated the matter and prepared a report, which he shared with various people from both Sheridan and the school district. The precise findings of the investigation are not in the record, but the school district retained Powers as the swimming coach. Meryl did not participate in swimming the following year.

The plaintiffs allege that after they reported Powers's alleged misconduct, both Sheridan and the school district retaliated against them. Sheridan terminated the Tierneys' memberships in April 1999, claiming, among other things, that they were late in paying their membership dues. At the time of the alleged massage incident, Mrs. Tierney was (and apparently still is) employed as Dean at Quincy Junior High School. At the beginning of the 1999-2000 academic year, one of the school's two assistant principals was transferred to a different position within the school district. He was not replaced for budgetary reasons and the district asked Mrs. Tierney to assume some of his duties until the end of the school year. After the academic year ended the district eliminated the second assistant principal position and replaced it with a new position, Building Assistant. The district posted a flyer at the school that announced the new job and listed two contact people. Mrs. Tierney saw the notice shortly after it was posted; three weeks later she wrote a letter to the school's principal—not one of the two contact people—asking about the Building Assistant position. Her letter said nothing about wanting to apply for the job but instead asked for additional information and requested confirmation of her understanding that the new position would have a lower salary and different duties than her job as Dean. The principal, however, was on vacation at the time and never responded to Mrs. Tierney's letter. Nine days after Mrs. Tierney sent her letter—and one day after the principal returned from vacation—the school district hired Rick Owsley, the only person who had applied for the Building Assistant job.

In July 2000 Mrs. Tierney applied to be principal of another school within the district. She was interviewed, but another candidate was hired. In the letter Mrs. Tierney wrote to apply for the principal's position, she also asked to be considered a

candidate for "any other Administrative position within the Quincy School District that is now open or that becomes open in the next three months." The district, however, had a policy against accepting such blanket applications and so did not consider Mrs. Tierney a candidate for any other openings.

The Tierneys filed their first federal lawsuit (*Tierney I*) in June 1999 against the school district, Sheridan, and Powers, alleging that the massage and the swim club's termination of their memberships violated 42 U.S.C. § 1983 and Title IX, 20 U.S.C. § 1681 *et seq.* Sixteen months later, after several claims were dismissed, the plaintiffs retained attorney Richard Steagall and filed an amended complaint that added a battery claim against Powers and additional § 1983 claims against Sheridan (and its board members), the school district (and its board members and attorney), a state court judge, and other defendants. This complaint addressed Mrs. Tierney's employment for the first time, alleging that the school district's refusal to promote her was the result of retaliation for her and her family's complaints about Powers. The district court again dismissed several claims and sanctioned Steagall for making a frivolous claim against one defendant. Some of those dismissals were made final; we affirmed and also sanctioned Steagall for making a frivolous argument on appeal. *Tierney,* 304 F.3d at 740. While their first appeals were pending, the Tierneys filed a new lawsuit in state court that was eventually dismissed.

The district court next granted summary judgment to Sheridan and its board members, finding no evidence that they had conspired with the school district either to terminate the Tierneys' memberships or exclude Meryl from high school swimming events. The Tierneys did not appeal, but instead filed a new lawsuit (*Tierney II*), restating the same claims that the district court had previously dismissed. The district court dismissed that case in its entirety as duplicative of *Tierney I.* The plaintiffs then asked for leave to file a third amended complaint in *Tierney I* so they could add claims that the district's refusal to promote Mrs. Tierney was the result of sex and age discrimination and retaliation. One month later, while their motion to amend was pending, the Tierneys filed another new lawsuit (*Tierney III*) that advanced the same claims they requested to add in the third amended complaint. The district court permitted the Tierneys to amend their complaint to add three additional claims and a month later dismissed *Tierney III* as redundant. The Tierneys, however, disregarded the court's instructions and filed an amended complaint that added more than the three new claims allowed by the court. The district court struck the parts of it that exceeded the scope it had authorized, and again sanctioned attorney Steagall. The district court then granted summary judgment to the remaining defendants on all claims. Appeal No. 04-1205 is an appeal of the grant of summary judgment in *Tierney I*; Appeal No. 02-1403 is an appeal of the dismissal of *Tierney II.*

Attorney Steagall filed the Tierneys' opening brief in this court, but he later withdrew as counsel after the Tierneys filed yet another new lawsuit pro se in the

district court (*Tierney IV*). Steagall said in his motion to withdraw that *Tierney IV* (which repeats many of the same allegations discussed above) has created irreconcilable differences between him and his clients. The present appeals address: (1) the dismissal of Mrs. Tierney's claim that the school district retaliated against her by denying her the Building Assistant position after she reported the massage incident; (2) the grant of summary judgment on Mrs. Tierney's claim that the school district retaliated against her for filing suit; (3) the district court's refusal to consider the Tierneys' claim that the school district retaliated against them by providing its confidential report on the massage to Sheridan; and (4) the grant of summary judgment on Meryl Tierney's claim that she was banned from participating on the high school swim team as a result of her family's complaints.

## ANALYSIS

### A. First Amendment retaliation: reporting the massage incident

Mrs. Tierney first argues that the district court erred when it dismissed her claim that the school district retaliated against her by refusing to give her the Building Assistant position because she reported the massage incident. To prevail on a First Amendment retaliation claim, a public employee must first establish a prima facie case by showing that she engaged in constitutionally protected speech and that the speech was a substantial or motivating factor in the employer's adverse action against her. *Sullivan v. Ramirez*, 360 F.3d 692, 697 (7th Cir. 2004). An employee's speech is constitutionally protected if she speaks on a matter of public concern and her interest in speaking outweighs her employer's interest in providing effective and efficient services. *See Connick v. Myers*, 461 U.S. 138, 147-50 (1983); *Bonds v. Milwaukee County*, 207 F.3d 969, 979 (7th Cir. 2000). If the plaintiff establishes a prima facie case, the defendant must show that it would have treated the plaintiff the same even in the absence of the protected speech, *Sullivan*, 360 F.3d at 697, and the plaintiff must then show that the proffered reason is pretextual, *Vukadinovich v. Bd. of Sch. Trustees of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002). The district court found that Mrs. Tierney's claim faltered on the first prong of this test because Mrs. Tierney argued in her own pleadings that she, as a school official, was obligated by the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4, to report any suspicions of sexual misconduct by a school employee against a student.

The district court correctly realized that Mrs. Tierney's argument doomed her claim because a public employee who takes action solely for the purpose of carrying out her job duties does not engage in protected speech for First Amendment purposes. *See Gonzalez v. City of Chicago*, 239 F.3d 939, 941 (7th Cir. 2001); *Youker v. Schoenenberger*, 22 F.3d 163, 166-67 (7th Cir. 1994). Mrs. Tierney said in her memorandum opposing the defendants' motion to dismiss that she was "plainly" covered by the Illinois reporting act and emphasized that she could have been criminally liable if she had not reported Powers's alleged contact with Meryl.

Mrs. Tierney could have argued in the district court that she exercised discretion in the manner in which she reported her suspicions and that her speech thus addressed a matter of public concern, *see Delgado v. Jones*, 282 F.3d 511, 518-19 (7th Cir. 2002), but she did not do so. Realizing her earlier error, Mrs. Tierney now argues that she "had no routine employment duty to report on incidents involving high school faculty and students to the School District." But this position flatly contradicts the argument she made to the district court. Mrs. Tierney unequivocally argued that she was duty-bound to report the massage incident, and she thus pleaded herself out of court on this claim.

## B. First Amendment retaliation: accessing the courts

### 1.       Grant of summary judgment

Mrs. Tierney next argues that the district court erred when it granted summary judgment on her claim that the school district[1] denied her the Building Assistant position because she filed suit. Although Mrs. Tierney claimed in the district court that she was denied other jobs as well, her brief addresses only the Building Assistant position. A claim that a public employer retaliated against an employee for filing a lawsuit implicates the First Amendment and involves the same analysis discussed above. *See Zorzi v. County of Putnam*, 30 F.3d 885, 896 (7th Cir. 1994). The district court found that Mrs. Tierney's claim failed because the lawsuit was not constitutionally protected speech. *See Vukadinovich*, 278 F.3d at 699. Mrs. Tierney, however, ignores this critical finding on appeal and instead argues that the district court erred by not finding that the school district's motives for hiring Owsley were pretextual. She has thus waived any argument that the lawsuit was constitutionally protected speech, and this is fatal to her claim. *See id.*

Even if Mrs. Tierney had argued that her speech was constitutionally protected, she offered no evidence to establish the second prong of a prima facie case, that her speech motivated the school district to take any adverse action against her. *See Smith v. Dunn*, 368 F.3d 705, 708 (7th Cir. 2004). Indeed, the only "adverse" action she addresses in her brief is the district's refusal to award her the Building Assistant position—a position that paid less than her job as Dean. It is also undisputed that Mrs. Tierney never even contacted the two people listed on the job posting to express interest in the position. All she did was send a letter to a different school official requesting additional information and giving no indication that she wanted to apply for the job. Even if Mrs. Tierney's speech was

---

[1]As discussed in the next subsection, the district court found that the school district could not be liable for any constitutional violation committed by its employees. Thus this subsection addresses the liability of the individual defendants rather than the district itself. But for simplicity's sake we refer to the individual school employees and board members as the "school district."

constitutionally protected, she fell well short of establishing that the lawsuit was a motivating factor in her not receiving the Building Assistant position.

2.        Liability of the school district as a final policymaker

Mrs. Tierney additionally argues that the district court erred when it granted summary judgment to the school district (as opposed to the individual defendants). This issue is irrelevant because Mrs. Tierney did not establish retaliation by any defendant. But in any event, the school district would be liable for a constitutional violation only if it had an unconstitutional policy or practice, or if the injury was caused by a person with final policy making authority. *Baskin v. City of Des Plaines*, 138 F.3d 701, 704-05 (7th Cir. 1998). Only the final possibility is relevant here, and the school board is the final policy maker for a school district. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998). But the defendants presented uncontradicted evidence that all the school board did was approve Owsley's hire without even learning the identities of any unsuccessful candidates for the position. Thus, even if Mrs. Tierney had established retaliation, only the individuals who violated her rights would be liable.

3.        Evidentiary rulings

Mrs. Tierney also challenges a number of evidentiary rulings, arguing that the district court should have considered three statements that she claims establish that the school district retaliated against her.

a.        Privileged nature of attorney Dennis Gorman's advice

The first statement that Mrs. Tierney claims should have been considered is school board member Howard Dewell's account of a conversation he had with the district's attorney. At some point in 1999, Dewell met with the school district's superintendent and its attorney, Dennis Gorman, to discuss Mrs. Tierney's lawsuit. Dewell suggested that the board promote Mrs. Tierney to assistant principal of the junior high school. According to Dewell, Gorman laughed and said that if Mrs. Tierney was promoted, she would ask for the superintendent's job next. Dewell later told Mr. Tierney about this conversation; attorney Steagall then met with Dewell and convinced him to sign an affidavit recounting Gorman's remark. The district court later granted the school district's motion to exclude the affidavit and related testimony Dewell gave at his deposition, and threatened to sanction Steagall if he tried to elicit any more privileged information from school board members.

Mrs. Tierney argues for the first time on appeal that the statement is not privileged because the school district, as a government entity, is not entitled to assert the attorney-client privilege. This argument was not presented to the district court and, accordingly, is waived. Mrs. Tierney also argues that the statement

should not be considered privileged because it was not made in the course of a conversation about her lawsuit, and as such was not legal advice. *See United States v. Evans*, 113 F.3d 1457, 1463 (7th Cir. 1997) (privilege extends only to conversations where attorney is acting to provide legal advice). But this argument has no merit because, once again, it contradicts the position Mrs. Tierney took in the district court, where she asserted that "Dewell also talked *about the lawsuit* at a pre-board meeting with himself, the Superintendent of the School District, Joe Bocke, and the School District attorney, Dennis Gorman." Mrs. Tierney conceded in the district court that the conversation related to the lawsuit and cannot now assert a contrary argument.

>       b.       Alleged statement by Superintendent Bocke

Mrs. Tierney next argues that the district court erred by refusing to consider Dewell's deposition testimony that school board member Bud Niekamp had told him that Superintendent Bocke had told Niekamp that "we won't hire her [Mrs. Tierney] or something like that." The Tierneys did not submit this statement with their response to the motion for summary judgment, but instead submitted it in a "motion to alter" the court's order excluding Dewell's other statement discussed above. That motion was submitted three months after the order that the plaintiffs purportedly wanted altered and one week after the summary judgment deadline. The district court refused to consider this statement for a number of reasons, including that it was not timely offered, was not presented as part of the Tierneys' response to the motion for summary judgment, and was inadmissible because the Tierneys provided no context for the statement and because it contained multiple levels of hearsay.

The district court properly refused to consider this statement. Putting to one side concerns about the hearsay nature of the statement—and hearsay statements are not competent evidence that may be used to oppose a motion for summary judgment, *see Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 533 (7th Cir. 2003)—the method in which the Tierneys submitted the statement was improper. The statement was not submitted until after the deadline to respond to the motion for summary judgment had passed and was not submitted with their response, as required by Local Rule 7.1(D)(2)(b)(4). The district court was entitled to enforce the local rules relating to submissions on summary judgment and did not abuse its discretion by refusing to consider the improperly submitted statement. *See Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) (district court's enforcement of local rules reviewed for abuse of discretion); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994) (upholding district court's strict enforcement of local rules on summary judgment).

c.        Alleged statement by Alan Hoskins

Mrs. Tierney next argues that the district court should have considered a statement allegedly made by Alan Hoskins, the principal of the school where Mrs. Tierney worked.  Hoskins allegedly told Mrs. Tierney that the lawsuit had ended any chances of promotion she might have.  The district court refused to consider this statement because the plaintiffs failed to submit the relevant pages of Mrs. Tierney's deposition transcript and there was thus no evidentiary support for the statement.  The Tierneys did not comply with Local Rule 7.1(D)(2), which requires that a response to a motion for summary judgment include supporting documentary evidence, and, again, the court was entitled to enforce the rule.  *See Ammons*, 368 F.3d at 817.  The Tierneys now also argue that the district court should have overlooked the violation because the defendants first moved to strike the statement as hearsay and only later noted the missing deposition pages when they filed their reply memorandum in support of their motion for summary judgment.  But the decision to enforce the rule belongs to the district court, and the defendants' failure to object to the missing pages at the first possible opportunity did not preclude the court from requiring compliance by the Tierneys.  *See Waldridge*, 24 F.3d at 923.

C.  The Tierneys' retaliation claim for their expulsion from Sheridan Swim Club

The Tierneys next argue that the district court erred by striking from their third amended complaint a claim that the school district retaliated against them by disclosing the confidential report of its investigation into the massage incident to a member of Sheridan's board, allegedly to encourage the club to terminate the Tierneys' memberships for complaining.  The district court struck this claim because it had granted the plaintiffs leave to add three specific claims in their third amended complaint, *see* Fed. R. Civ. P. 15(a), and this claim was one of several that exceeded the scope of the court's authorization.

The Tierneys' argument on this issue is unclear, but seems to be that the district court should have allowed them to add a new claim.  But this argument fails because a district court has discretion to allow new claims in amended pleadings and abuses that discretion only if it denies leave without any justifying reason.  *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. United States*, 367 F.3d 650, 668 (7th Cir. 2004).  Here, the district court struck the unauthorized claims (and sanctioned attorney Steagall) because of the case's "tortuous history" involving three years of shifting theories by the plaintiffs.  Given the convoluted procedural history here, the district court acted well within its discretion.  *See id.*

D.  Meryl Tierney's § 1983 claim

The Tierneys next argue that their expulsion from Sheridan (allegedly as a result of a conspiracy between the club and the school district) barred Meryl from participating on the high school swim team.  This argument fails for two reasons.

First, in July 1999 during a preliminary injunction hearing at which all of the plaintiffs were present, a lawyer for the swim club told the court that Meryl was free to use its facilities during any activities for either the high school team or its own swim team even though she, like the rest of her family, was otherwise barred from the club. But despite the lawyer's assurance Meryl never even attempted to attend a practice or a meet at the club or participate on either team. Additionally, Mr. and Mrs. Tierney admitted that they refused to allow Meryl to participate because Powers was the coach of both teams and they did not want him around their daughter. The Tierneys thus conceded that Meryl did not participate in swimming because of her parents' decision rather than because of any retaliatory action by any of the defendants.

E. Whether the dismissal of *Tierney II* should have been without prejudice

Lastly, the Tierneys argue that the district court should have made the dismissal of *Tierney II* without prejudice because they do not want that dismissal to act as res judicata on any of their remaining claims. This argument is irrelevant because the district court dismissed *Tierney II* as duplicative of matters it had already resolved in *Tierney I*. Thus any res judicata or collateral estoppel would result from the resolution of the claims in *Tierney I*, not their dismissal as repetitive in *Tierney II*.

AFFIRMED.

FEB 2 4 2005

# United States Court of Appeals

## For the Seventh Circuit

## Chicago, Illinois 60604

### JUDGMENT- WITHOUT ORAL ARGUMENT

Date: February 22, 2005

BEFORE:         Honorable JOEL M. FLAUM, Chief Judge

                Honorable WILLIAM J. BAUER, Circuit Judge

                Honorable RICHARD A. POSNER, Circuit Judge

Nos. 02-1403 and 04-1205


ANN S. TIERNEY, et al.,
            Plaintiffs - Appellants
    v.

QUINCY SCHOOL DISTRICT NO. 172, a Political Subdivision of the
State of Illinois, et al.,
            Defendants - Appellees


Appeals from the United States District Court for the
Central District of Illinois
Nos. 01 C 3179 and 99 C 3149, Jeanne E. Scott, Judge


        The judgment of the District Court is AFFIRMED, with costs,
in accordance with the decision of this court entered on this date.


(1060-110393)

FEB 2 4 2005

## NOTICE REGARDING COSTS

# United States Court of Appeals
For the Seventh Circuit

**Fed. R. App. Proc. 39. Costs**

**(a) Against Whom Assessed.** The following rules apply unless the law provides or the court orders otherwise:

(1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

(2) if a judgment is affirmed, costs are taxed against the appellant;

(3) if a judgment is reversed, costs are taxed against the appellee;

(4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

**(b) Costs For and Against the United States.** Costs for or against the United States, its agency, or officer will be assessed under Rule 39(a) only if authorized by law.

**(c) Costs of Copies.** Each court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by Rule 30(f). The rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.

**(d) Bill of Costs; Objections; Insertion in Mandate.**

(1) A party who wants costs taxed must – within 14 days after entry of judgment – file with the circuit clerk, with proof of service, an itemized and verified bill of costs.

(2) Objections must be filed within 10 days after service of the bill of costs, unless the court extends the time.

(3) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must – upon the circuit clerk's request – add the statement of costs, or any amendment of it, to the mandate.

**(e) Costs on Appeal Taxable in the District Court.** The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

(1) the preparation and transmission of the record;

(2) the reporter's transcript, if needed to determine the appeal;

(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

(4) the fee for filing the notice of appeal.

**Circuit Rule 39. Costs of Printing Briefs and Appendices**

The cost of printing or otherwise producing copies of briefs and appendices shall not exceed the maximum rate per page as established by the clerk of the court of appeals. If a commercial printing process has been used, a copy of the bill must be attached to the itemized and verified bill of costs filed and served by the party.

---

NOTE: If costs of printing or otherwise producing required documents are to be recoverable, copies of applicable printing bills must be attached to the bill of costs. An original and three copies of a bill of costs are required. Recovery for the costs of office overhead items, mailing, and authors' alterations will **NOT** be allowed.

MAXIMUM RATES PER PAGE:    For cost of reproduction, whether prepared commercially or "in-house" – **$0.10** per page, per copy, plus reasonable charges for covers and binding.

(092600JR)

Delmer R. Mitchell, Esq.
SCHMIEDESKAMP, ROBERTSON, NEU & MITCHELL
525 Jersey Street
P.O. Box 1069
Quincy, IL  62306
 2-1403


Enclosed is a copy of a document issued by this court
in the above captioned case.  Since this will be the
only copy your firm will receive, if applicable, please
circulate this order to other members of your firm who
may have an interest in this case.


------------------------------
           (fold)

# UNITED STATES COURT OF APPEALS

## FOR THE SEVENTH CIRCUIT

### CASE No. 02-1403 & 04-1205

| | |
|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, MERYL TIERNEY, and CASE M. TIERNEY By and through his next friend J. Robert Tierney | ) ) ) ) ) ) United States District Court for the Central District of Illinois |
| Plaintiffs-Appellants Vs. | ) ) ) Case No. 99-3149 ) |
| RICHARD POWERS, a coach of School District No. 172 and a coach of the Sheridan Swim Club, in his Individual Capacity, QUINCY SCHOOL DISTRICT No. 172 a Political Subdivision | ) Honorable Jeanne Scott, ) U.S. District Judge Presiding ) ) ) ) |
| Defendant-Appellee | ) ) |

## PLAINTIFFS-APPELLANTS' MOTION TO EXTEND TIME FOR FILING A PETITION FOR REHEARING EN BANC IN ORDER FOR PLAINTIFFS-APPELLANTS TO OBTAIN ASSISTANCE OF AN ATTORNEY IN DRAFTING THE PETITION

Now come the Plaintiffs-Appellants, J. Robert Tierney, Ann S. Tierney, and Meryl Tierney, appearing Pro Se by conditions forced upon them, and pursuant to Rules 26, 35, 40, and any other applicable Rule of the Federal Rules of Appellate Procedure and Circuit Rules, moves this court to enter the following Order and for such motion state:

1. On or about October 25, 2004, this case was submitted to the appellate panel after the submission of Appellants Brief, Appellees Brief, and Appellants Reply Brief. (See Order entered 2/22/05 – cover sheet attached)

2. On or about November 3, 2004, the Defendants/Appellees were granted leave of court to file a SUR-REPLY BRIEF OF DEFENDANTS/APPELLEES.

3. However, the Plaintiff/Appellants were subsequently denied leave of Court to file a REPLY TO SUR-REPLY BRIEF OF DEFENDANTS/APPELLANTS and all copes of the Plaintiffs/Appellants Reply Brief were returned to Plaintiffs/Appellants.

1

EXHIBIT
E

4.    Oral arguments had been requested by all parties, but were not allowed without any written notice to the parties prior to the order being entered.

5.    On or about February 22, 2005, a 3-judge panel entered an *unpublished* order/opinion in this case.

6.    The Plaintiffs/Appellants received the opinion on February 25, 2005.

7.    En banc consideration is necessary:

   a.  to secure or maintain uniformity of the court's decisions; and

   b.  the proceeding involves questions of exceptional importance (retaliation by state actors for protected free speech, denial of due process, etc.); and

   c.  the court has overlooked or misapprehended numerous facts and points of law.

8.    As matters now stand, Plaintiffs/Appellants only have until March 9, 2005, to file the Petition for rehearing en banc.

9.    Plaintiffs/Appellants are not attorneys and are making a good faith effort to obtain assistance of counsel to help prepare the Petition For Rehearing En Banc.

10.   The case record is large and complex. This litigation began in June 1999.

11.   Plaintiff Meryl Tierney, who is now an adult, resides in another state.

12.   This Motion is filed in good faith, with no intent to further delay judicial proceedings and the interests of justice will be served by granting this Motion.

**WHEREFORE,** Plaintiffs-Appellants, J. Robert Tierney, Ann S. Tierney, and Meryl Tierney, pray this court enter an order extending the time to March 31, 2005 to allow Plaintiffs-Appellants adequate time to obtain the assistance of an attorney in preparing a Petition for Rehearing En Banc, or such other time as the court deems appropriate.

Robert Tierney

Ann Tierney

Meryl Tierney
Plaintiffs

2

## DECLARATION

I, J. ROBERT TIERNEY, due hereby swear that the facts and matters stated in the foregoing Motion are true to the best of his personal knowledge.

J. Robert Tierney

Dated March 2, 2005

### PROOF OF SERVICE

The undersigned certifies that a true and correct copy of this document was duly served upon the individual set forth below by faxing and/or enclosing a copy of the same in an envelope addressed as set forth and by depositing the envelope with postage fully prepaid in a U. S. Post Office Mail Box in Quincy, IL on this _2__ day of March 2005.

Brett Gorman
525 Jersey
Quincy IL 62306
Fax:    217-223-1071

John Gazzoli,
Lewis, Rice & Fingersh, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Fax:    314-612-7737

Ms. Megan Guenther
316 S. Charter
Monticello, IL 61865
Fax:    217-762-9713

Mr. Paul Bown
700 First National Bank Bldg.
Springfield, IL  62705
Fax:    217-544-9761

Robert  & Ann Tierney, 2517 Summer Creek, Quincy, IL 62305 / 217-223-4849

3

> **UNPUBLISHED ORDER**
> Not to be cited per Circuit Rule 53

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 25, 2004[*]
Decided February 22, 2005

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Nos. 02-1403 & 04-1205

| | |
|---|---|
| ANN S. TIERNEY, et al.,<br>   *Plaintiffs-Appellants*,<br><br>         *v.*<br><br>QUINCY SCHOOL DISTRICT NO.<br>172, a political subdivision of the State<br>of Illinois, et al.,<br>   *Defendants-Appellees.* | Appeals from the United States<br>District Court for the Central<br>District of Illinois<br><br>Nos. 01-3179 & 99-3149<br><br>Jeanne E. Scott,<br>*Judge*. |

## O R D E R

These successive appeals are the latest chapter in a case with a convoluted procedural history involving four suits in the district court, a separate case in state court, and four appeals to this court. We previously affirmed the dismissal of a number of claims and defendants and also sanctioned the plaintiffs' former attorney. *See Tierney v. Vahle*, 304 F.3d 734 (7th Cir. 2002). In the present appeals, the Tierneys raise a number of arguments but most are either waived,

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).



## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   (A) _Dennis Gorman_____

as   (B) _____ of (C) _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _Central_____ District of _Illinois_____

and has been assigned docket number (E) _04 - 3138_____ .

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _30_ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost–free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this ___15___ day of

_October_____, _2004_ .


_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver.

**EXHIBIT**

F

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, CASE M. TIERNEY, By And Through His Next Best Friend, J. ROBERT TIERNEY,<br><br>              Plaintiffs,<br><br>v.<br><br>SHERIDAN SWIM CLUB, INC., an Illinois corporation, ANDREW C. SCHNACK, III, in his Individual Capacity, DOUG OLSON, ROBERT MEYER, and ROBERT HULTZ Members of the Sheridan Swim Club Inc., Board in their Individual and Official Capacities, BARNEY BIER, Member of the Sheridan Board in His Individual and Official Capacities, and in his Individual Capacity as the Adams County State's Attorney, JON BARNARD, in his Individual Capacity as an Adams County Assistant State's Attorney, DENNIS GORMAN, Attorney for the Quincy School District #172, a political subdivision of the State of Illinois, in his Individual and Official Capacities,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 04-3138<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF SARAH WELLMAN

Sarah Wellman, being first duly sworn upon her oath, deposes and states the following:

1.      I am employed by the law firm of Schmiedeskamp, Robertson, Neu & Mitchell ("SRNM"), as a receptionist. The offices of SRNM are located at 525 Jersey in Quincy, Illinois.

2.      On February 15, 2005, a person unknown to me walked into the office and said he had come to serve a summons. He then left with me at SRNM's front desk, an envelope addressed to Dennis Gorman.

```
┌─────────────────────┐
│      EXHIBIT        │
│         G           │
│  _____   │
└─────────────────────┘
```

3.    I have not been authorized by Dennis Gorman or any other person to accept service of process on his behalf.

4.    I have personal knowledge of the facts set forth in this affidavit and if called as a witness, I could competently testify to the facts stated herein.

FURTHER, THE AFFIANT SAYETH NOT.


_Sarah Wellman_
Sarah Wellman

Subscribed and sworn to before me
this 4th day of _March_ , 2005.


_Debra Ann Smith_
NOTARY PUBLIC

"OFFICIAL SEAL"
DEBRA ANN SMITH
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 03/16/2009

2

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

J. ROBERT TIERNEY, ANN S. TIERNEY, )
CASE M. TIERNEY, By And Through His )
Next Best Friend, J. ROBERT TIERNEY, )
                                    )
              Plaintiffs, )
                                    )
    v.                              )  Case No. 04-3138
                                    )
SHERIDAN SWIM CLUB, INC., an        )
Illinois corporation, ANDREW C.     )
SCHNACK, III, in his Individual Capacity, )
DOUG OLSON, ROBERT MEYER, and       )
ROBERT HULTZ Members of the Sheridan )
Swim Club Inc., Board in their Individual )
and Official Capacities, BARNEY BIER, )
Member of the Sheridan Board in His )
Individual and Official Capacities, and in his )
Individual Capacity as the Adams County )
State's Attorney, JON BARNARD, in his )
Individual Capacity as an Adams County )
Assistant State's Attorney, DENNIS )
GORMAN, Attorney for the Quincy School )
District #172, a political subdivision of the )
State of Illinois, in his Individual and )
Official Capacities, )
                                    )
             Defendants. )

## AFFIDAVIT OF DENNIS GORMAN

Dennis Gorman, being first duly sworn upon his oath, deposes and states the following:

1.     I am a partner with the law firm of Schmiedeskamp, Robertson, Neu & Mitchell, with offices located at 525 Jersey in Quincy, Illinois.

2.     On February 15, 2005, I received from my secretary an envelope addressed to me that contained a summons and second amended complaint bearing the above caption.

3.     I do not reside at 525 Jersey. It is my place of business.



EXHIBIT

H

4.     I have not authorized my law firm's receptionist or anyone else to accept service of any summons directed to me.

5.     I have personal knowledge of the facts set forth in this affidavit and if called as a witness, I could competently testify to the facts stated herein.

FURTHER, THE AFFIANT SAYETH NOT.

_____
Dennis Gorman

Subscribed and sworn to before me
this _4th_ day of _March_ , 2005.

"OFFICIAL SEAL"
DEBRA ANN SMITH
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 03/16/2009

_____
NOTARY PUBLIC

2

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

**FILED**

ANN S. TIERNEY, )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　 )
　　v. )
　　　　　　　　　　　　　　　　　　　　 )　　No. 01-3179
QUINCY PUBLIC SCHOOL DISTRICT )
NO. 172, )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　Defendant. )

NOV 2 6 2001

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## DEFENDANT'S MOTION FOR ATTORNEYS' FEES

　　Comes now Defendant, by and through its counsel, and for its Motion for Attorneys' Fees, pursuant to 42 U.S.C. §1988, states as follows:

　　1.　　On October 23, 2001, this Court entered judgment in favor of Defendant on all counts in Plaintiff's Complaint in the above-captioned action.

　　2.　　Pursuant to 42 U.S.C. § 1988, a prevailing defendant is entitled to recover reasonable attorneys' fees if the suit was frivolous, vexatious, without foundation or brought to harass or embarrass a defendant.

　　3.　　In this suit, Plaintiff's action was clearly legally baseless, vexatious and designed to harass defendant.

　　4.　　In its October 23, 2001 Order, the Court dismissed Plaintiff's Complaint in its entirety after determining that the claims alleged in this action ("Tierney II") were duplicative of the claims Plaintiff's had unsuccessfully sought to bring in Tierney, et al v. Powers, et al., No. 99-CV-3149 ("Tierney I"), which is currently pending before this Court and in which Quincy School District No. 172 is also a defendant.

906672.1

**EXHIBIT**

**I**

5.      Additionally, Plaintiff has filed no less than four grievances pursuant to a collective bargaining arrangement governing her employment.  These grievances were based on the same series of events which underlie her purported duplicative claims in Tierney I and Tierney II and reveal the vexatious and harassing motivation of Plaintiff.

6.      As a direct result of being forced to defend against Plaintiff's clearly legally baseless, vexatious, and harassing claims in Tierney II, Defendant has expended a total of $17,472.00 in attorneys' fees.  Attached as Exhibit 1 to the Declaration of John J. Gazzoli, Jr. (attached hereto at Tab A and incorporated herein by reference) is an excel spreadsheet setting forth the dates services were rendered by Defendant's lead counsel, Lewis, Rice & Fingersh, L.C., a description of the services rendered, the attorneys who performed the services, the rate charge for those services, and the actual charge for those services.  Furthermore, attached as Exhibit 1 to the Declaration of Brett K. Gorman (attached hereto at Tab B and incorporated herein by reference) is an excel spreadsheet setting forth the aforementioned information with respect to the services rendered by the law firm of Schmiedeskamp, Robertson, Neu & Mitchell, Defendant's co-counsel in the above-styled action.  The lodestar method is an appropriate manner for assessing an award of fees pursuant to 42 U.S.C. §1988.

7.      The services described, time recorded, work performed, and amount of fees sought were reasonable to defend Tierney II and were caused by Plaintiff's baseless, vexatious and harassing action.

8.      QSD is aware, however, that as a teacher, Plaintiff's resources are comparatively limited.  Accordingly, QSD limits its request to a fee award in the amount of $10,000.  QSD believes such a reduced request would more than compensate for any specific objection that

Plaintiff might have and that it would provide a sufficient deterrent to prevent Plaintiff from further engaging in harassing and vexatious litigation.

9.    In support of this Motion, Defendant submits concurrently herewith Defendant's Memorandum in Support of its Motion for Attorneys' Fees, as well as the Declarations of John J. Gazzoli, Jr. and Brett K. Gorman, which include Defendant's lodestar calculations for its respective counsel.

WHEREFORE, Defendant respectfully requests that this Court award its fees expended in defending this clearly baseless, vexatious and harassing litigation in the amount of $10,000 pursuant to 42 U.S.C §1988, and for such other and further relief as this Court deems proper.

Respectfully submitted,

By: _____
John J. Gazzoli, Jr.
**Lewis, Rice & Fingersh, L.C.**
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 444-7600

and

Brett K. Gorman
**Schmiedeskamp, Robertson, Neu & Mitchell**
525 New Jersey St.
P.O. Box 1069
Quincy, Il 62306
**Attorneys for Quincy School District No. 172**

3

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was mailed U.S. postage prepaid this ___26th___ day of November, 2001, to:

Richard L. Steagall
Nicoara & Steagall
416 Main Street, Suite 815
Commerce Bank Building
Peoria, IL 61602-1103
Attorneys for Plaintiff

4

**EXHIBIT A**

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANN S. TIERNEY,<br><br>    Plaintiff,<br><br>  v.<br><br>QUINCY PUBLIC SCHOOL DISTRICT<br>NO. 172,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 01-3179<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF JOHN J. GAZZOLI, JR.

I, John J. Gazzoli, Jr., declare as follows:

1.  I am a member of the law firm Lewis, Rice & Fingersh, L.C. ("Lewis, Rice & Fingersh"). I have personal knowledge of the matters set forth herein.

2.  I am a licensed attorney in Illinois (1976) and Missouri (1975) and am admitted to practice before the U.S. Court of Appeals for the Seventh, Eighth and D.C. Circuits, and U.S. District Courts for the Eastern District of Missouri and the Southern and Central Districts of Illinois. I graduated from St. Louis University School of Law in 1975.

3.  Since my admission to the bar in 1975, I have engaged in the practice of law as a trial lawyer, including the preparation and trial of numerous employment and civil rights cases. I am also familiar with the reasonable and customary fees for attorney services charged by law firms in the St. Louis area.

4.  Lewis Rice & Fingersh, L.C. has represented Quincy Public School District #172 since October 2000 in the above-captioned matter. Lewis, Rice & Fingersh, L.C. is a law firm

906508.1

with approximately 130 lawyers in its principal office in St. Louis. Its attorneys represent clients in employment discrimination and civil rights actions throughout the United States.

5.    On October 23, 2001, the Court entered judgment in favor of Quincy Public School District #172. Pursuant to 42 U.S.C. §1988, Defendants seek the award of attorneys' fees and expenses.

6.    The following attorneys at Lewis, Rice & Fingersh, L.C. conducted the defense of Quincy Public School District #172 in the above-captioned matter:

a.    John J. Gazzoli, Jr. - I received a B.A. from Yale University in 1969, and a J.D. (cum laude) from St. Louis University School of Law in 1975. I have practiced with Lewis, Rice & Fingersh, L.C. since 1975.

b.    David W. Gearhart received a B.A. from Emory University in 1996 and a J.D. from Washington University in 2000. Mr. Gearhart has practiced with Lewis, Rice & Fingersh, L.C. in the employment law department since 2000.

7.    The hourly rate charged Quincy Public School District #172 for the legal services provided by the foregoing attorneys in connection with this action falls within the range of reasonable rates for attorneys in the St. Louis market with comparable skills, education and experience.

8.    As part of the customary procedures of Lewis, Rice & Fingersh, L.C. attorneys and paralegals working on matters for clients record daily the time spent working for that client, by matter. This time is then input into a computerized billing program which ultimately results in the preparation of monthly invoices that are sent to the client. The time entries are input into the computerized billing program by the attorneys who have worked on a particular matter at or

2

near the time they perform the work, and are kept by Lewis, Rice & Fingersh, L.C. in the ordinary course of its regularly conducted business activities. Attached hereto as Exhibit 1 is an Excel spreadsheet prepared with the above-referenced information setting forth the date services were rendered, a description of services rendered, the attorney that performed the services, the rate charged for those services, and the total charge for those services. The total is $14,616.00.

9.    The services described, time recorded, work performed and amount of fees sought and expenses (Exhibit 1) are reasonable to defend this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 22ⁿᵈ day of November, 2001, in St. Louis, Missouri.

_____
John J. Gazzoli, Jr.

3

**Lead Counsel's Lodestar Calculation**

| Date | Services Rendered | Attorney | Hours | Rate | Total |
|------|-------------------|----------|-------|------|-------|
| 06/17/01 | Review new lawsuit | JJG | 0.30 | 210.00 | 63.00 |
| 06/18/01 | Correspondence to D. Gorman; conference re service of process and response strategies re new lawsuit | JJG | 0.20 | 210.00 | 42.00 |
| 06/18/01 | Review new lawsuit | DWG | 0.10 | 210.00 | 21.00 |
| 06/20/01 | Review Court docket memorandum | JJG | 0.10 | 210.00 | 21.00 |
| 06/26/01 | Draft motion for extension of time to respond to new complaint; telephone conference with opposing counsel re same | DWG | 0.40 | 210.00 | 84.00 |
| 07/11/01 | Research support for motion to dismiss second lawsuit filed by A. Tierney | DWG | 6.40 | 210.00 | 1,344.00 |
| 07/12/01 | Research support for motion to dismiss Tierney II | DWG | 7.20 | 210.00 | 1,512.00 |
| 07/13/01 | Research support for motion to dismiss Tierney II | DWG | 7.00 | 210.00 | 1,470.00 |
| 07/15/01 | Research support for motion to dismiss Tierney II | DWG | 5.20 | 210.00 | 1,092.00 |
| 07/16/01 | Review Court filings; conference re response to new lawsuit | JJG | 0.80 | 210.00 | 168.00 |
| 07/16/01 | Research motion to dismiss and viability of claims in Tierney II issues re consolidation | DWG | 6.90 | 210.00 | 1,449.00 |
| 07/18/01 | Review and revise motion to dismiss Tierney II | DWG | 10.10 | 210.00 | 2,121.00 |
| 07/18/01 | Conferences re motion to dismiss second lawsuit; work on motion to dismiss and memorandum in support | JJG | 1.50 | 210.00 | 315.00 |
| 07/19/01 | Finalize motion to dismiss; draft entry of appearance and designation of lead counsel; finalize same for filing with Court | DWG | 3.90 | 210.00 | 819.00 |
| 07/19/01 | Work on and file motion to dismiss second lawsuit | JJG | 0.70 | 210.00 | 147.00 |
| 08/08/01 | Review plaintiff's motion for extension | JJG | 0.10 | 210.00 | 21.00 |
| 08/13/01 | Review plaintiff's response to motion to dismiss; conference re same; correspondence from D. Gorman | JJG | 0.50 | 210.00 | 105.00 |
| 08/15/01 | Telephone conference with D. Gorman re response to R. Tierney declaration | JJG | 0.20 | 210.00 | 42.00 |
| 08/16/01 | Correspondence to D. Gorman; review R. Tierney declaration | JJG | 0.30 | 210.00 | 63.00 |
| 09/05/01 | Research possibility of sanctions | DWG | 0.20 | 210.00 | 42.00 |
| 09/05/01 | Telephone conference re sanctions issue | JJG | 0.10 | 210.00 | 21.00 |
| 09/09/01 | Review proposed affidavits re Dewell and Niekamp and related materials | JJG | 0.30 | 210.00 | 63.00 |
| 09/17/01 | Telephone conference with D. Gorman re board meeting | JJG | 0.20 | 210.00 | 42.00 |
| 09/19/01 | Review plaintiff's motion for extension; review Niekamp affidavits and other client documents; correspondence to D. Gorman; telephone conference with D. Gorman | JJG | 0.40 | 210.00 | 84.00 |
| 09/21/01 | Telephone conference with D. Gorman re Dewell affidavit | JJG | 0.10 | 210.00 | 21.00 |
| 09/24/01 | Research; draft memorandum in support of motion for sanctions | DWG | 2.90 | 210.00 | 609.00 |
| 09/25/01 | Draft memorandum in support of motion for sanctions | DWG | 1.50 | 210.00 | 315.00 |
| 09/25/01 | Work on motion for sanctions; review plaintiff's motion for extension | JJG | 0.50 | 210.00 | 105.00 |

906840.1

### Lead Counsel's Lodestar Calculation

| Date | Services Rendered | Attorney | Hours | Rate | Total |
|---|---|---|---|---|---|
| 09/26/01 | Draft motion for sanctions re Tierney II; review plaintiff's statement of undisputed facts re same | DWG | 0.80 | 210.00 | 168.00 |
| 09/26/01 | Review plaintiffs' list of undisputed facts; work on motion for sanctions | JJG | 0.30 | 210.00 | 63.00 |
| 10/01/01 | Telephone conference with D. Gorman re Dewell Affidavit and his signature on same | JJG | 0.30 | 210.00 | 63.00 |
| 10/02/01 | Research sanctions against non-party R. Tierney in Tierney II; draft motion for sanctions and memorandum in support in Tierney II | DWG | 3.00 | 210.00 | 630.00 |
| 10/02/01 | Work on motion for sanctions | JJG | 0.30 | 210.00 | 63.00 |
| 10/03/01 | Review motion for sanctions and memorandum in support for Tierney II | DWG | 0.30 | 210.00 | 63.00 |
| 10/03/01 | Work on motion for sanctions and brief; review new District Court decision re sanctions against attorney | JJG | 0.70 | 210.00 | 147.00 |
| 10/04/01 | Review plaintiffs' docketing statement and motions to district court | JJG | 0.20 | 210.00 | 42.00 |
| 10/04/01 | Research motion for sanctions re Tierney II | DWG | 0.60 | 210.00 | 126.00 |
| 10/05/01 | Incorporate argument for sanctions against counsel into motion for sanctions and memorandum in support of Tierney II | DWG | 1.10 | 210.00 | 231.00 |
| 10/09/01 | Work on motion for sanctions and brief; review new District Court decision re sanctions against attorney | JJG | 0.30 | 210.00 | 63.00 |
| 10/09/01 | Conference with co-counsel re motion for sanctions | DWG | 0.20 | 210.00 | 42.00 |
| 10/12/01 | Revise motion for sanctions and memorandum in support | DWG | 0.80 | 210.00 | 168.00 |
| 10/15/01 | Work on Rule 11 documents | JJG | 0.20 | 210.00 | 42.00 |
| 10/16/01 | Correspondence to B. Gorman re motion for sanctions; correspondence to D. Gorman re same | JJG | 0.20 | 210.00 | 42.00 |
| 10/26/01 | Review court order re motion to dismiss in Tierney II | DWG | 0.50 | 210.00 | 105.00 |
| 10/26/01 | Review court order dismissing Tierney II; telephone conference with D. Gorman re Rule 11 issues | JJG | 0.50 | 210.00 | 105.00 |
| 10/29/01 | Review all dispositive orders in Tierney I and Tierney II to harmonize them and assess strategy | DWG | 0.60 | 210.00 | 126.00 |
| 10/29/01 | Conference with J. Gazzoli re strategy in Tierney I and Tierney II | DWG | 0.30 | 210.00 | 63.00 |
| 10/29/01 | Research availability in attorney fees for Tierney II | DWG | 0.30 | 210.00 | 63.00 |
| | **TOTAL** | | | | 14,616.00 |

**EXHIBIT B**

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

|  |  |  |
|---|---|---|
| ANN S. TIERNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-3179 |
| | ) | |
| QUINCY PUBLIC SCHOOL DISTRICT NO. 172, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF BRETT K. GORMAN

I, Brett K. Gorman, declare as follows:

1.    I am a partner with the law firm Schmiedeskamp, Robertson, Neu & Mitchell ("SRNM"). I have personal knowledge of the matters set forth herein.

2.    I am a licensed attorney in Illinois (1992) and Missouri (1999) and am admitted to practice before the U.S. District Court for the Central and Northern District of Illinois. I graduated from the University of Illinois College of Law in 1992.

3.    Since my admission to the bar in 1992, I have been primarily engaged in civil trial work at all times. I am also familiar with the reasonable and customary fees for attorney services charged by law firms in Quincy, Illinois.

4.    SRNM has represented Quincy Public School District #172 since October 2000 in the above-captioned matter. SRNM is a law firm with approximately 13 lawyers with its office in Quincy. Its attorneys represent clients in civil litigation matters primarily in Illinois and

Missouri, including federal cases filed in the United States District Court for the Central District of Illinois.

5.    On October 23, 2001, the Court entered judgment in favor of Quincy Public School District #172. Pursuant to 42 U.S.C. §1988, Defendants seek the award of attorneys' fees and expenses.

6.    The following attorneys at SRNM conducted the defense of Quincy Public School District #172 in the above-captioned matter:

a.    Brett K. Gorman - I received a B.A. from the University of Illinois in 1989, and a J.D. from the University of Illinois College of Law in 1992. I have practiced with SRNM since 1996.

b.    Dennis W. Gorman received a B.A. from the University of Illinois in 1964, and a J.D. from the University of Illinois College of Law in 1967. Mr. Gorman has practiced in Quincy, Illinois since 1967, and has represented the Quincy Public School District #172 as its general counsel since 1982.

7.    The hourly rate charged Quincy Public School District #172 for the legal services provided by the foregoing attorneys in connection with this action comes within the range of reasonable rates for attorneys in the Quincy market with comparable skills, education and experience, and actually represents a discounted rate provided to a long-standing, public entity client of Dennis W. Gorman and SRNM.

8.    As part of the customary procedures of SRNM, attorneys and paralegals working on matters for clients record daily the time spent working for that client, by matter. This time is then entered into a computerized billing program which ultimately results in the preparation of

monthly invoices that are sent to the client. The time entries are recorded on time sheets by the attorneys and paralegals who have worked on a particular matter at or near the time they perform the work, and are kept by SRNM in the ordinary course of its regularly conducted business activities. The time sheets are then transmitted to an SRNM accounting support staff responsible for inputting the information recorded on the time sheets into the computerized billing program. Attached hereto as Exhibit A is an Excel spreadsheet prepared with the above-referenced information setting forth the date services were rendered, a description of services rendered, the attorney that performed the services (BKG is Brett K. Gorman; DWG is Dennis W. Gorman), the rate charged for those services, and the total charge for those services. The total is $2,856.00.

     9.    The services described, time recorded, work performed and amount of fees sought (Exhibit 1) are reasonable to defend this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this **21** day of November, 2001, in Quincy, Illinois.

_____
Brett K. Gorman

STATE OF ILLINOIS    )
                   )   ss.
COUNTY OF ADAMS   )

Subscribed and sworn to before me this 21st day of November , 2001.

```
OFFICIAL SEAL
JUDITH LILIENTHAL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-24-2004
```

3

| Date | Services Rendered | Attorney | Hours | Rate | Total | | |
|------|-------------------|----------|-------|------|-------|---|---|
| 06/15/01 | Review and analysis of Complaint served this date on District | DWG | 0.80 | 85.00 | 68.00 | | |
| 06/15/01 | Memo to file: initial impressions of Complaint, consideration for sanctions against Plaintiff's attorney | DWG | 0.30 | 85.00 | 25.50 | | |
| 06/15/01 | Fax to John Gazzoli: transmittal of Complaint | DWG | 0.20 | 85.00 | 17.00 | | |
| 06/15/01 | Meet and review with Board President | DWG | 0.40 | 85.00 | 34.00 | | |
| 6/15/01 | Memo to file: summary of discussions with Board President relative to new lawsuit | DWG | 0.20 | 85.00 | 17.00 | | |
| 06/15/01 | Receipt and review of new lawsuit filed by Tierney against Quincy School District; conference with partner; docket date for filing responsive pleading | BKG | 0.70 | 85.00 | 59.50 | | |
| 06/18/01 | Review with partner re: apparent theory of litigation, applicability of Rule 11 | DWG | 0.20 | 85.00 | 17.00 | | |
| 06/18/01 | Instruct Superintendent, Deputy Superintendent and Assistant Superintendent regarding lawsuit | DWG | 0.20 | 85.00 | 17.00 | | |
| 06/18/01 | Memo to file: record of discussions with Board President, Superintendent, Deputy Superintendent and Assistant Superintendent regarding suit filed | DWG | 0.20 | 85.00 | 17.00 | | |
| 06/18/01 | Detailed review and analysis of October 10, 2000, Complaint | DWG | 0.50 | 85.00 | 42.50 | | |
| 06/18/01 | Detailed review and analysis of Court Order dated March 19 | DWG | 0.40 | 85.00 | 34.00 | | |
| 06/18/01 | Review Complaint filed June 11, 2001 | DWG | 0.40 | 85.00 | 34.00 | | |
| 06/18/01 | Detail review Rule 11 issues | DWG | 0.60 | 85.00 | 51.00 | | |
| 06/18/01 | Issue analysis of attorneys fees and sanctions | DWG | 0.30 | 85.00 | 25.50 | | |
| 06/18/01 | Review email from John Gazzoli re service of complaint | DWG | 0.10 | 85.00 | 8.50 | | |
| 06/18/01 | Conference with Board Secretary re service of complaint | DWG | 0.10 | 85.00 | 8.50 | | |
| 06/18/01 | Memo to file confirmation of service date / Rule 11 to-do | DWG | 0.20 | 85.00 | 17.00 | | |
| 06/18/01 | Discuss Complaint with Board President | DWG | 0.30 | 85.00 | 25.50 | | |
| 06/18/01 | Review Rule 11 annotations | DWG | 0.50 | 85.00 | 42.50 | | |
| 06/19/01 | Review Complaint with staff and Board member #1 | DWG | 0.20 | 85.00 | 17.00 | | |
| 06/19/01 | Review Complaint with staff and Board member #2 | DWG | 0.20 | 85.00 | 17.00 | | |
| 06/19/01 | Review Complaint with Board member #3 | DWG | 0.20 | 85.00 | 17.00 | | |
| 07/03/01 | Conference with John Gazzoli re: analysis of new complaint filed | DWG | 0.20 | 85.00 | 17.00 | | |
| 07/03/01 | Memo to file re summary of conversation with Gazzoli including confirmation that he will address complaint | DWG | 0.20 | 85.00 | 17.00 | | |
| 07/03/01 | Review retaliation section of Complaint | DWG | 0.20 | 85.00 | 17.00 | | |
| 07/03/01 | Issue analysis procedure re: retaliation | DWG | 0.10 | 85.00 | 8.50 | | |
| 07/03/01 | Letter to M. Henderson re tender of defense re Ann Tierney lawsuit | BKG | 0.40 | 85.00 | 34.00 | | |
| 07/03/01 | Receipt and review of Minute Order granting Quincy School District's request for extension of time; docket hearing | BKG | 0.20 | 85.00 | 17.00 | | |
| 07/05/01 | Review correspondence re: tender of insurance defense | DWG | 0.10 | 85.00 | 8.50 | | |
| 07/05/01 | Conference with Board President | DWG | 0.10 | 85.00 | 8.50 | | |
| 07/05/01 | File note: summary of conference with Board President | DWG | 0.10 | 85.00 | 8.50 | | |
| 07/09/01 | Review complaint issues with administrative staff | DWG | 0.20 | 85.00 | 17.00 | | |
| 07/16/01 | Conference with John Gazzoli re status | DWG | 0.10 | 85.00 | 8.50 | | |

| Date | Services Rendered | Attorney | Hours | Rate | Total |
|------|-------------------|----------|-------|------|-------|
| 07/16/01 | File note: summary of conversation with Gazzoli | DWG | 0.10 | 85.00 | 8.50 |
| 07/16/01 | Receipt and review of letter from attorney for Brokers Risk re new complaint filed by A. Tierney | BKG | 0.10 | 85.00 | 8.50 |
| 07/17/01 | Update Board member on status of litigation / theories / response | DWG | 0.20 | 85.00 | 17.00 |
| 07/17/01 | Review with administrative staff and Board President | DWG | 0.10 | 85.00 | 8.50 |
| 07/17/01 | File note: brief summary of meeting | DWG | 0.10 | 85.00 | 8.50 |
| 07/17/01 | Review status / theories / response with Board members Gosney and Kirlin | DWG | 0.20 | 85.00 | 17.00 |
| 07/17/01 | Memo to file re consultation with members Gosney and Kirlin | DWG | 0.20 | 85.00 | 17.00 |
| 07/18/01 | Status meeting with Board member Dewell | DWG | 0.10 | 85.00 | 8.50 |
| 07/18/01 | Status meeting with Board member Niekamp | DWG | 0.10 | 85.00 | 8.50 |
| 07/18/01 | Status meeting with Board member Jackson | DWG | 0.10 | 85.00 | 8.50 |
| 07/18/01 | Memo to file: summary of explanations | DWG | 0.10 | 85.00 | 8.50 |
| 07/18/01 | Conference with administration re scheduling administrative analysis with new principal | DWG | 0.10 | 85.00 | 8.50 |
| 07/18/01 | File note: confirmation of authority to proceed with meeting | DWG | 0.10 | 85.00 | 8.50 |
| 07/18/01 | Review fax from Nick Schildt re scheduling meeting with administrative staff and new principal | DWG | 0.10 | 85.00 | 8.50 |
| 07/18/01 | Fax to Joe Bocke and Nick Schildt confirming meeting with administrative staff and new principal | DWG | 0.20 | 85.00 | 17.00 |
| 07/18/01 | Email John Gazzoli | DWG | 0.20 | 85.00 | 17.00 |
| 07/18/01 | Receipt and review of email from D. Gearhart re draft Motion to | BKG | 0.10 | 85.00 | 8.50 |
| 07/19/01 | Review and analysis and drafting of Memorandum in Support of Motion to Dismiss | DWG | 0.40 | 85.00 | 34.00 |
| 07/19/01 | Review of draft 12(b)(6) Motion to Dismiss and Memorandum of Law in support of Motion | BKG | 0.90 | 85.00 | 76.50 |
| 07/19/01 | Telephone conference with D. Gearhart re review and comment on draft Brief | BKG | 0.20 | 85.00 | 17.00 |
| 07/19/01 | Receipt and review of email from D. Gearhart re coordinating designation of lead counsel; preparation of lead counsel designation and email to D. Gearhart | BKG | 0.30 | 85.00 | 25.50 |
| 07/19/01 | Review local rule re Certificate of Interest issue | BKG | 0.20 | 85.00 | 17.00 |
| 07/20/01 | Receipt and review of letter from Brokers' Risk re coverage position | BKG | 0.40 | 85.00 | 34.00 |
| 07/21/01 | Receipt and review of Entry of Appearance, designation of lead counsel, Motion to Dismiss plaintiff's Complaint and Memorandum of Law in support | BKG | 0.30 | 85.00 | 25.50 |
| 07/26/01 | Meet with attorney John Gazzoli and administrative staff re Tierney lawsuit | DWG | 0.90 | 85.00 | 76.50 |
| 07/26/01 | Memo to file: brief summary of meeting | DWG | 0.10 | 85.00 | 8.50 |
| 07/31/01 | Receipt and review of letter from J. Gazzoli to plaintiff's counsel regarding Rule 11 issue | BKG | 0.20 | 85.00 | 17.00 |
| 08/01/01 | Review correspondence from John Gazzoli re pleadings | DWG | 0.10 | 85.00 | 8.50 |
| 08/02/01 | Receipt and review of letter from J. Gazzoli to plaintiff's attorney re Rule 11 issue | BKG | 0.20 | 85.00 | 17.00 |

| Date | Services Rendered | Attorney | Hours | Rate | Total | |
|------|-------------------|----------|-------|------|-------|---|
| 08/06/01 | Receipt and review of plaintiff's Motion to Extend Time to Respond to defendant's Motion to Dismiss | BKG | 0.20 | 85.00 | 17.00 | |
| 08/10/01 | Review Court Order re extension | DWG | 0.10 | 85.00 | 8.50 | |
| 08/10/01 | Receipt and review of Court Order allowing plaintiff's Motion to Extend Time to Respond to Motion to Dismiss | BKG | 0.10 | 85.00 | 8.50 | |
| 08/11/01 | Receipt and review of Plaintiff's response in opposition to | BKG | 1.00 | 85.00 | 85.00 | |
| 08/13/01 | Review status of litigation with Board President, Superintendent, Deputy Supt., Assistant Supt. | DWG | 0.50 | 85.00 | 42.50 | |
| 08/13/01 | Memo to file: summary of meeting | DWG | 0.20 | 85.00 | 17.00 | |
| 8/13/01 | Review Response filed by plaintiff's attorney | DWG | 0.60 | 85.00 | 51.00 | |
| 08/13/01 | Review issues and instruct staff re exhibits not attached | DWG | 0.60 | 85.00 | 51.00 | |
| 08/13/01 | Conference with staff re constant late filing | DWG | 0.20 | 85.00 | 17.00 | |
| 08/13/01 | Memo to file re issues raised by alleged statement from board member | DWG | 0.20 | 85.00 | 17.00 | |
| 08/13/01 | Fax to Superintendent and Deputy Superintendent re response to our Motion to Dismiss | DWG | 0.20 | 85.00 | 17.00 | |
| 08/14/01 | Status conference with Board member Lovelace; file note summarizing same | DWG | 0.10 | 85.00 | 8.50 | |
| 08/14/01 | Review Declaration of Bob Tierney re statements made by attorney and board member | DWG | 0.20 | 85.00 | 17.00 | |
| 08/14/01 | Issue analysis re issues created thereby | DWG | 0.30 | 85.00 | 25.50 | |
| 08/14/01 | Voice mail to John Gazzoli | DWG | 0.10 | 85.00 | 8.50 | |
| 08/14/01 | Fax to staff re Tierney affidavit regarding statements of staff member and attorney | DWG | 0.20 | 85.00 | 17.00 | |
| 08/14/01 | Meeting with staff and Board members concerning problems raised by alleged statements of Board member | DWG | 0.50 | 85.00 | 42.50 | |
| 08/14/01 | Memo to file: summary of conversations and discussions surrounding issues of statement made by Board member | DWG | 0.20 | 85.00 | 17.00 | |
| 08/14/01 | Meet with Melvin Niekamp re alleged statements made by him relative to statements made by Supt. Bocke | DWG | 0.50 | 85.00 | 42.50 | |
| 08/14/01 | Memo to file: summary of discussion with Member Niekamp regarding his contact and statements made to Mr. Tierney | DWG | 0.20 | 85.00 | 17.00 | |
| 08/14/01 | Conference with Nick Schildt re course of action concerning statement of board member | DWG | 0.10 | 85.00 | 8.50 | |
| 08/14/01 | File note: summary of discussion with Nick Schildt | DWG | 0.10 | 85.00 | 8.50 | |
| 08/14/01 | Conference with Board President; file note: course of action regarding statements made by Board member to Mr. Tierney | DWG | 0.10 | 85.00 | 8.50 | |
| 08/14/01 | Meet with Board Member Howard Dewell regarding statements allegedly made by him as set forth in Bob Tierney Affidavit | DWG | 0.50 | 85.00 | 42.50 | |
| 08/14/01 | Memo to file: summarize conversation with Dewell and his statements regarding alleged statements by Tierney | DWG | 0.20 | 85.00 | 17.00 | |
| 08/14/01 | Conference with Joe Bocke re future conversations with Member Dewell | DWG | 0.10 | 85.00 | 8.50 | |
| 08/14/01 | Conference with Nick Schildt re future conversations with Member Dewell | DWG | 0.10 | 85.00 | 8.50 | |

| Date | Services Rendered | Attorney | Hours | Rate | Total | | |
|------|-------------------|----------|-------|------|-------|---|---|
| 08/14/01 | Memo to file: record position of Joe Bocke and Nick Schildt regarding future conversations with Member Dewell | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/14/01 | Conference with Board President re statement surrounding alleged conversation made by Board Members | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/14/01 | Memo to file: summary of discussions with Board President | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/14/01 | Review multiple documents / analysis of potential affidavits | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/14/01 | Memo to file: summary of issues surrounding statements allegedly made by board members | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/14/01 | Receipt and review of declaration of J. Robert Tierney submitted in further opposition to Quincy School District's Motion to Dismiss; conference with D. Gorman re Affidavit and strategy issues | BKG | 0.50 | 85.00 | 42.50 | | |
| 08/15/01 | Message to John Gazzoli re affidavits | DWG | 0.10 | 85.00 | 8.50 | | |
| 08/15/01 | Conference with John Gazzoli re affidavits | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/15/01 | Memo to file: form and execution of affidavits | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/15/01 | Conference with Nick Schildt re affidavits from Board Members | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/15/01 | Memo to file: summary of conversation with Schildt re his position on affidavits | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/15/01 | Draft Affidavit for Member Dewell | DWG | 0.40 | 85.00 | 34.00 | | |
| 08/15/01 | Draft Affidavit for Member Niekamp | DWG | 0.30 | 85.00 | 25.50 | | |
| 08/15/01 | Memo to Melvin Niekamp re execution of affidavit | DWG | 0.30 | 85.00 | 25.50 | | |
| 08/15/01 | Memo to Howard Dewell re execution of affidavit | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/15/01 | Email to attorneys re report on statements from Members Dewell and Niekamp regarding Tierney affidavit | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/15/01 | Conference with Board Member Jo Kirlin re issues and problems surrounding alleged statements by board members | DWG | 0.30 | 85.00 | 25.50 | | |
| 08/15/01 | Memo to file: summary of conversation and discussions with Member Kirlin | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/16/01 | Conference with Member Howard Dewell re issues surrounding his alleged statement | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/16/01 | Memo to file: summary of conversation with Member Dewell | DWG | 0.20 | 85.00 | 17.00 | | |
| 08/16/01 | Review email from Gazzoli re late filing of affidavit by plaintiff | DWG | 0.10 | 85.00 | 8.50 | | |
| 08/19/01 | Receipt and review of email from partner re false statements contained in Affidavit of R. Tierney issue | BKG | 0.20 | 85.00 | 17.00 | | |
| 08/29/01 | Letter to John Gazzoli re Niekamp Affidavit | DWG | 0.30 | 85.00 | 25.50 | | |
| 08/29/01 | Letter to John Gazzoli re Dewell Affidavit | DWG | 0.30 | 85.00 | 25.50 | | |
| 08/29/01 | Letter to Melvin Niekamp re old Affidavit | DWG | 0.30 | 85.00 | 25.50 | | |
| 09/04/01 | Review Affidavit of M. Niekamp re establishing false statements of R. Tierney regarding purported conversations with M. Niekamp | BKG | 0.20 | 85.00 | 17.00 | | |
| 09/04/01 | Review Affidavit of H. Dewell re establishing false statements of H. Dewell regarding purported conversations with H. Dewell | BKG | 0.20 | 85.00 | 17.00 | | |
| 09/11/01 | Meeting with staff at Board office re Tierney compensation issues | DWG | 0.50 | 85.00 | 42.50 | | |
| 09/11/01 | Memo to file: re procedure to insure accuracy of compensation | DWG | 0.20 | 85.00 | 17.00 | | |
| 10/01/01 | Conference with Howard Dewell re affidavit | DWG | 0.20 | 85.00 | 17.00 | | |
| 10/01/01 | File note re Dewell's position on affidavit | DWG | 0.20 | 85.00 | 17.00 | | |

| Date | Services Rendered | Attorney | Hours | Rate | Total |
|---|---|---|---|---|---|
| 10/03/01 | Review Motion for Sanctions | DWG | 0.20 | 85.00 | 17.00 |
| 10/03/01 | Review Memorandum in Support of Motion for Sanctions | DWG | 0.20 | 85.00 | 17.00 |
| 10/03/01 | Review email regarding sanctions | DWG | 0.10 | 85.00 | 8.50 |
| 10/04/01 | Review email regarding sanctions | DWG | 0.10 | 85.00 | 8.50 |
| 10/04/01 | Email attorney | DWG | 0.20 | 85.00 | 17.00 |
| 10/09/01 | Review Motion | DWG | 0.30 | 85.00 | 25.50 |
| 10/09/01 | Review Memorandum in Support | DWG | 0.30 | 85.00 | 25.50 |
| 10/09/01 | Conference with staff to review motions, analysis, procedure, confer with partner | DWG | 0.20 | 85.00 | 17.00 |
| 10/09/01 | File note re my view on pleadings | DWG | 0.10 | 85.00 | 8.50 |
| 10/10/01 | Review correspondence from John Gazzoli | DWG | 0.10 | 85.00 | 8.50 |
| 10/11/01 | Issue analysis attorney fee sanction | DWG | 0.20 | 85.00 | 17.00 |
| 10/15/01 | Update Board member on status of fee issues | DWG | 0.10 | 85.00 | 8.50 |
| 10/15/01 | Review email re pleading | DWG | 0.20 | 85.00 | 17.00 |
| 10/15/01 | Review email re response | DWG | 0.20 | 85.00 | 17.00 |
| 10/15/01 | Issue analysis procedure on sanctions | DWG | 0.20 | 85.00 | 17.00 |
| 10/15/01 | Email partner re sanction issue | DWG | 0.10 | 85.00 | 8.50 |
| 10/15/01 | Instruct staff re Wisconsin case on attorney's fees | DWG | 0.20 | 85.00 | 17.00 |
| 10/15/01 | Conference with Board Member Lovelace re fees and sanctions issue | DWG | 0.20 | 85.00 | 17.00 |
| 10/15/01 | File note: summary of conversation with Board member Lovelace | DWG | 0.10 | 85.00 | 8.50 |
| | TOTAL | | | | 2,856.00 |