**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY CASE M. TIERNEY, by and through his Next Best Friend, J. ROBERT TIERNEY,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIDAN SWIM CLUB, INC., an Illinois Corporation, DOUG OLSON, ROBERT MEYER, and ROBERT HULTZ, Members of the Sheridan Swim Club, Inc. Board in their Individual And Official Capacities, ANDREW C. SCHNACK, III, BARNEY BIER, JON BARNARD, in their Individual Capacities, DENNIS GORMAN, Attorney for The Quincy School District #172, a political subdivision of the State of Illinois, in his Individual and Official Capacities,<br>Defendants. | Case No. 04-3138<br><br>Judge Jeanne E. Scott<br><br>Magistrate B. G. Cudmore |

## DEFENDANT BARNARD'S MOTION TO QUASH SERVICE AND DISMISS

Defendant, Jonathan H. Barnard, Adams County State's Attorney, by his attorneys, Julie M. Koerner and Clifford G. Kosoff, moves this Court to quash service of summons, pursuant to Fed.R.Civ.P. 4(e), and dismiss plaintiff's second amended complaint, pursuant to Fed.R.Civ.P. 12(b)(4) and/or 12(b)(5), as against defendant Barnard, for the following reasons:

1.      On June 23, 2004, plaintiffs initially filed a complaint alleging various civil rights violations and state law claims against several defendants, including Barnard.  See, Complaint filed June 23, 2004 (Document 1).

2.      On July 7, 2004, plaintiffs filed an amended complaint.  See, Amended Complaint filed July 7, 2004 (Document 3).

3.     On January 27, 2005, plaintiffs filed a second amended complaint, which is the subject of this motion to dismiss.  <u>See</u>, Second Amended Complaint filed January 27, 2005 (Document <u>23</u>).

4.     As an initial matter, this Court must dismiss Case Tierney as a plaintiff in this action as Case Tierney is a minor and cannot appear *pro se*.  <u>Blue v. People of the State of Illinois</u>, 223 Ill.App.3d 594, 596, 585 N.E.2d 625, 626 (2nd Dist., 1992) (father, who was not licensed to practice law in Illinois, could not file pleadings or briefs on behalf of his son concerning a custody-visitation matter).

5.     Neither can Case Tierney be represented by his father, J. Robert Tierney, who is not licensed to practice law in the State of Illinois.  <u>Id</u>.  Mr. Tierney, in footnote 1 of his second amended complaint <u>filed January 27, 2005</u>, states that Case Tierney is being added in the "interests of judicial economy pending directions from the Court" in that regard.  <u>See</u>, Second Amended Complaint, bottom of Page 1, filed January 27, 2005 (Document <u>23</u>).

6.     The Seventh Circuit issued a ruling in the appeal of the 1999 federal litigation, Appeal No. 04-1205, on <u>September 15, 2004</u> dismissing Case Tierney's appeal in that matter, stating that Case Tierney, a minor, "may only appear and proceed by and through an attorney." <u>See</u> Defendant's <u>Exhibit A</u>, Order of Court of Appeals, Seventh Circuit, September 15, 2004. The Order also references a prior order of <u>August 5, 2004</u> in which Case Tierney was ordered to secure new counsel to appear by September 10, 2004.

7.     J. Robert Tierney was certainly on notice as of August 5, 2004, or at the latest September 15, 2004, that Case Tierney must be represented by an attorney.  Mr. Tierney's inclusion of Case Tierney as a party in this matter on January 27, 2005, after being afforded

notice by the Seventh Circuit Court of Appeals that Illinois law requires a minor to be represented by an attorney, was made in bad faith and merits sanctions.

8. Moreover, *pro se* litigants are presumed to know the law. <u>United States v. Garrett</u>, 6 Fed.Appx. 573, 574 (2001). Mr. Tierney is held to the same standard as any other *pro se* litigant and should have known that he could not represent his minor son in this litigation.

9. With respect to defendant Barnard's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(4) and/or 12(b)(5), defendant states that this Court gave plaintiffs until February 18, 2005 to effect service on the defendants on their second amended complaint. <u>See</u>, Text Order by Magistrate Cudmore entered January 27, 2005.

10. This extension was significantly beyond the 120 day rule for service as set forth in Fed.R.Civ.P. 4(m), but, it was within this Court's discretion to so extend the time for plaintiffs to effect service.

11. Plaintiffs failed to obtain personal service on defendant Barnard on or prior to February 18, 2005. <u>See</u>, Defendant's <u>Exhibit B</u>, Affidavit of Jonathan H. Barnard, attached and incorporated herein this motion to dismiss by reference.

12. On February 15, 2005, a copy of plaintiffs' summons and complaint was left at the office of the Adams County State's Attorney. Jonathan Barnard was not personally served with said summons and complaint. <u>See</u>, Affidavit of Jonathan Barnard, Paragraphs 2 and 3.

13. Fed.R.Civ.P. 4(e) provides for service upon individuals within a judicial district of the United States. Subsection two provides that service of the summons and complaint may be made by one of three ways, to wit: 1) personal service; 2) leaving a copy at the individual's home with a resident of suitable age; and, 3) by delivering a copy of the summons and complaint

to an agent authorized by appointment or by law to receive service of process. Fed.R.Civ.P. 4(e)(2).

14. Service on Barnard at his office on someone not authorized to accept service on his behalf is defective.

15. Plaintiffs failed to comply with the requirements of service as prescribed by the Federal Rules of Civil Procedure on or prior to February 18, 2005, thus, defendant Barnard must be dismissed as a defendant in this matter due to insufficiency of service of process.

16. Additionally, in support of his motion to dismiss, defendant Barnard adopts and incorporates defendant Dennis Gorman's motion to dismiss, arguments, exhibits, and case law cited therein and in his supporting memorandum filed with this Court on March 4, 2005. See, Motion to Quash Service and Dismiss and Memorandum in Support of Motion to Quash Service and Dismiss, filed March 4, 2005 (Documents 32 and 33).

17. Specifically, defendant Barnard reiterates that if this Court find that plaintiff, J. Robert Tierney, issued summons on behalf of Ann Tierney, as well as for Case, then there can be no effective service as to the purported action of Ann Tierney as there is no effective service of a summons by a non-lawyer acting on behalf of others.

WHEREFORE, defendant, Jonathan H. Barnard, respectfully requests that this Honorable Court quash service as to defendant Barnard and grant his motion to dismiss plaintiffs' second amended complaint in that service has not been made within the requisite time period, as prescribed by Fed.R.Civ.P. 4(m) and/or other orders of this Court. Alternatively, if this Court

denies defendant's motion to quash and motion to dismiss, that this Court allow defendant Barnard an additional fourteen (14) days to answer or file additional motions with respect to plaintiffs' pleadings.

                              DEFENDANT JONATHAN H. BARNARD, IN
                              HIS INDIVIDUAL CAPACITY AS THE ADAMS
                              COUNTY STATE'S ATTORNEY

                              By:  s/Julie M. Koerner
                              Julie M. Koerner Bar Number: 6204852
                              Attorney for Defendant-Barney Bier
                              O'Halloran, Kosoff, Geitner & Cook, P.C.
                              650 Dundee Road, Suite 475
                              Northbrook, Illinois 60062
                              Telephone: (847) 291-0200
                              Fax: (847) 291-9230
                              E-mail: jkoerner@okgc.com

Julie M. Koerner
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone: (847) 291-0200

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| J. ROBERT TIERNEY, et. al.   )  | |
|     )  | |
|     Plaintiffs,   )  | |
|     )  | Case No. 04-3138 |
| vi.   )  | |
|     )  | Judge Jeanne E. Scott |
| SHERIDAN SWIM CLUB, INC., et. al.   )  | Magistrate B. G. Cudmore |
|     )  | |
|     Defendants.   )  | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 7, 2005, I electronically filed the foregoing **Defendant Barnard's Motion To Dismiss Plaintiffs' Second Amended Complaint** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorney of record for the party and parties that are participants as follows:

J. Robert Tierney
Case M. Tierney
Ann S. Tierney
2157 Summer Creek Drive
Quincy, IL 62305
217-223-4849
email: spg@insightbb.com

Brett K. Gorman
Schmiedeskamp, Rlobertson, Neu & Mitchell
525 Jersey Street
P.O. Box 1069
Quincy, IL 62306-1069
217-223-3030
217-223-1005
bgorman@srnm.com

Paul Bown
Brown, Hay & Stephens, L.L.P.
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
217-544-8491
217-544-9609
pbown@bhsloaw.com

    By:  s/Julie M. Koerner
Julie M. Koerner Bar Number: 6204852
Attorney for Defendant-Barney Bier
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-9230
E-mail: jkoerner@okgc.com