E-FILED
Monday, 07 March, 2005 04:19:19 PM
Clerk, U.S. District Court, ILCD

**FILED**
MAR 0 7 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, CASE M. TIERNEY, By And Through His Next Best Friend, J. ROBERT TIERNEY<br>Plaintiffs,<br><br>vs.<br><br>SHERIDAN SWIM CLUB, INC., an Illinois corporation, DOUG OLSON, ROBERT MEYER, and ROBERT HULTZ, Members of the Sheridan Swim Club Inc., Board in their Individual and Official Capacities, ANDREW C. SCHNACK III, BARNEY BIER, and JON BARNARD in their Individual Capacities, DENNIS GORMAN, Attorney for The Quincy School District 172, a political subdivision of the State of Illinois, in his Individual and Official Capacities,<br>Defendants | No.04-3138<br>**JURY DEMAND** |

## RESPONSE TO DEFENDANTS ENTRY OF APPEARANCE AND MOTION FOR ENLARGEMENT OF TIME TO PLEAD / MOTION FOR ORDER TO SHOW CAUSE / MOTION FOR ABEYANCE OF TIME FOR RESPONSE

Now comes the Plaintiffs Robert Tierney, Ann Tierney, and Case Tierney, Pro se, and pursuant to Rule 6b, 12, and any other applicable Rules of Civil Procedure of the Federal Rules of Civil Procedure, and moves this honorable Court to deny Defendants Notice of Appearance and Motion for Enlargement of Time to Plead, an Order To Show Cause and for an Abeyance Of Time to respond to Defendant Bier's Motion to Dismiss, and in support thereof, Plaintiffs make the following statements:

1. The initial complaint was filed on or about June 23, 2004. None of the Defendants were served at that time.

2. However, on or about <u>July 1, 2004</u>, attorney Paul Bown contacted Plaintiffs former attorney, Richard Steagall, and discussed this complaint. (See Exhibits A)

3. An amended complaint was filed on or about July 7, 2004.

1

4. Pursuant to Federal Rules of Civil Procedure Rule 4(d), copies of the Amended Complaint were mailed on October 15, 2004, to each Defendant along with a Waiver of Service of Summons (attached), a Notice Of Lawsuit And Request For Waiver Of Service Of Summons (attached), and a stamped, self-address return envelope.

5. **No Complaint** was returned by the U.S. Post office as undelivered. and **no Defendant** returned the waiver.

6. All of the Defendants simply ignored the service by waiver. Yet Four (4) of the Defendants are attorneys and well aware of their obligation to accept waiver of service in lieu of good cause.

7. In November and December of 2004, the Plaintiffs obtained additional evidence, which required clarification to some of the factual pleadings in the Complaint(s), especially pertaining to claims against Defendant Bier.

8. The Plaintiffs were forced to obtain judicial intervention by the Chief Judge of the Eight Judicial Circuit Court in order to gain access to, and copies of public records, which were unlawfully impounded by the Adams County Circuit Clerk, which as a matter of law, are subject to disclosure upon request in compliance with The Freedom of Information Act.

9. The Plaintiffs drafted a Second Amended Complaint and attached the documents obtained in November 2004 as Exhibits B, 1-6.

10. Almost simultaneously, the Illinois Attorney General (IAG) waited until the 11th hour before making an appearance on behalf of (former Adams County State's Attorney) Defendant Bier, and filed a Motion to Dismiss the Amended Complaint.

11. When faced with the mere threat of a complaint by the Plaintiffs to the IAG Ethics Commission, the IAG belatedly realized they had been sandbagged by Bier and immediately withdrew their appearance.

12. Bier then retained private counsel who filed a defective Motion to Dismiss before even being served with the Second Amended Complaint.

13. With leave of the Court, a second amended complaint was filed and served by summons upon the defendants on February 15, 2005.

14. Inexplicably and improperly, attorney Bown waited until <u>March 3, 2005</u> to Notice his appearance on behalf of 5 defendants including an Illinois Corporation, and also requested an extension of time to plead.

15. The Notice Of Appearance And Motion For Enlargement Of Time To Plead is made in bad faith at the least, and more accurately represents fraud upon the Court for several reasons.
16. Bown disingenuously states in his Motion that he is only:

    "*familiar with the background of this matter*, Plaintiff's Second Amended Complaint was received on February 27, 2005, and *counsel has had insufficient time to familiarize himself with its allegations*.... This Motion is brought for the purpose of justice between the parties and not for purposes of delay and none of the parties will be prejudiced by an extension of time." (Emphasis added)

    The undisputed documents (Exhibit A) and the history of the conduct of the Defendants in this case proves otherwise.
17. Bown has also improperly filed his appearance as the attorney for Defendants Sheridan Swim Club, Inc., Sheridan Board members Hultz, Meyer, Olson, <u>and</u> also for Defendant/attorney Schnack.
18. There are irreconcilable conflicts if interests regarding the interests of Defendant/Corporation Sheridan Swim Club, Inc., and the interests of Defendant Schnack, who is sued in his individual capacity, which disqualifies attorney Bown from representing both Schnack and the Defendant/Corporation (Sheridan), as well as other issues, which Bown is well aware per the allegations of the Second Amended Complaint. (See Articles VII. Illinois Rules of Professional Conduct (for attorneys) including but not limited to Rules 1.7, 1.13, 1.16, 3.3, 3.4, 3.7, 3.8, 4.1, 4.4, 8.3 & 8.4.
19. Schnack has held no official office at Sheridan Swim Club since March 2002, when he ceased being a Sheridan Board member. This is well before the beginning date (June 24, 2002) of the causes of actions for the claims brought in this complaint.
20. Furthermore, the allegations in the complaint clearly establish triable issues of fact that the unlawful, deceptive, and criminal actions of Defendant Schnack, (acting in his individual capacity) have placed Sheridan Swim Club, Inc., in legal and financial peril.
21. Conversely, the Court should take note of the undisputed fact that Defendant Bier is a member of the Sheridan Board and has held that office since March of 2004, yet for some unexplained reason, Bier is not represented by attorney Bown.

22. In addition, Bown is well aware that Defendant Bier prematurely filed a defective and inadequate Rule 12(b) Motion <u>that does not address all the claims against Bier,</u> and incorrectly states that Bier is sued in his capacity "as the Adams County State's Attorney".
23. The claims against Defendant Bier are entwined with, and identical, to the claims against Defendants Schnack, Olson, Meyer, Hultz, and Sheridan.
24. The Defendants represented by Bown are continuing to attempt to avoid answering the complaint.
25. In addition, two (2) other Defendants, Gorman and Barnard (both attorneys) have yet to make an appearance and/or file an answer to the complaint and the deadline is March 7, 2005.
26. Therefore, for these reasons and others, Defendants Notice Of Appearance And Motion For Enlargement Of Time To Plead should be denied, and sanctions imposed.
27. The Plaintiffs further request that a date for responding to Defendant Bier's Motion to Dismiss be held in abeyance until all the defendants respond (as required within 20 days March 7,2005), so that the Plaintiffs may file a single, inclusive response to any and all responsive pleadings or Rule 12 Motions filed by all the various defendants.
28. Or, Bier's Rule 12(b) Motion can be denied as moot, with leave to re-file since Defendant Bier's Motion incorrectly identifies Bier as being sued in his capacity as the Adams County State's Attorney. (See Bier's Motion and Second Amended Complaint)
29. This Motion is made in good faith in order to properly represent the interests of the Plaintiffs and is not intended to cause undue delay.
30. If any undue prejudice has accrued to a party, it is the Plaintiffs who are afflicted.
31. Justice is not being served by allowing these "Officers of the Court" to engage in this unethical, if not unlawful conduct without consequences. For additional background on this issue, the Court need only review the allegations of the complaint and review Exhibits B1-6.
32. Allowing an extension of time for the Defendants does not serve the interests of justice, and spits in the face of the imperative for judicial economy.
33. Conversely, forcing the Plaintiffs to respond piecemeal to Bier's premature and defective Rule 12(b) Motion imposes an unnecessary and prejudicial burden upon pro se plaintiffs.

34. The coordinated strategy of the various defendants to avoid service and force the Plaintiffs to respond on a staggered time frame and in piecemeal fashion to various Rule 12 Motions, should be obvious and odious to an unbiased court seeking to promote justice and judicial economy.

35. None of the Defendants will be unduly prejudiced by granting these Motions.

36. Granting this Motion will in fact promote the interests of justice and judicial economy.

Wherefore, the plaintiffs respectfully prays this honorable Court deny Defendants Motion for Enlargement of Time to Plead, order attorney Bown to show cause why he should not be disqualified as Schnack's attorney, and grant this motion to hold in abeyance any date for responding to Defendant Bier's (Defective) Motion to Dismiss until all the Defendants have filed an appearance, answer, or other pleading, and for any other relief the Court deems appropriate.

Dated March 4, 2005

Respectfully submitted,

_Robert Tierney_
Robert Tierney

_Ann Tierney_
Ann Tierney

_Case Tierney_
Case Tierney

**PROOF OF SERVICE**

Service of the foregoing instrument was made by faxing a copy of same to the fax number of such attorneys of record of the parties to the above cause or, by hand delivering same in an envelope addressed to such attorney/parties at their business address as disclosed by the pleadings of record herein; or, by enclosing the same in an envelope addressed to same attorneys/parties, with postage thereon fully prepaid, addressed to the individuals set forth below and by depositing the same in the United States Mail from the Office on this 4 day of March 2005



Julie Koerner
O'Halloran, Kosoff, Geitner & Cook
650 Dundee Road Suite 475
Northbrook, Illinois 60062
E-mail: jkoerner@okge.com

Paul Bown
Brown, Hay & Stephens, LLP
205 South Fifth Street, Suite 700
P.O. Box 2459
Springfield, Illinois 62705-2459
E-mail: pbown@bhslaw.com

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
Case No. 02-1403 & 04-1205

| | |
|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, MERYL A. TIERNEY, and CASE M. TIERNEY by and through his next friend J. Robert Tierney,<br><br>Plaintiff-Appellant<br>vs.<br><br>RICHARD POWERS, a Coach of School District No. 172 and a Coach of the Sheridan Swim Club, in his Individual Capacity, QUINCY SCHOOL DISTRICT NO. 172, a Political Subdivision<br><br>Defendant-Appellee | United States District Court for the Central District of Illinois<br><br>Case No. 99-3149<br><br>Honorable Jeanne Scott, U.S. District Judge Presiding |

**MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS-APPELLANTS**

Now come RICHARD L. STEAGALL, attorney for the Plaintiffs-Appellants, and pursuant to this court's inherent powers, moves the court to enter the following Order and for such motion states:

1. The undersigned represented the Plaintiffs-Appellants in the district court and in this appeal. He filed Plaintiffs-Appellants' Brief & Short Appendix and Plaintiffs-Appellants' Appendix.

2. He has been informed by Paul Bown, attorney for Sheridan Swim Club, Inc., that J. Robert Tierney and Ann S. Tierney have filed a pro se action in the U.S. District Court for the Central District of Illinois against Sheridan Swim Club, Inc., officers and agents of Sheridan Swim Club, Inc,. and the attorney for the Quincy School

*Exhibit A*

District No. 172. He has obtained a copy of the docket sheets of the district court in *Tierney v. Sheridan Swim Club, Inc.*, C.D.Ill. Case No. 04-3138. A true copy of that docket sheet is attached. The first the undersigned learned of the June 23, 2004 filing of this pro se lawsuit was when Mr. Bown told him in a telephone call on July 1, 2004.

## PROOF OF SERVICE

The undersigned certifies that a true and correct copy of this document was duly served upon the individuals set forth below by enclosing a copy of the same in an envelope addressed as set forth below and by depositing the envelope with postage fully prepaid in a U.S. Post Office Mail Box in Peoria, Illinois, on this 1st day of July, 2004.

Mr. Brett K. Gorman
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey
P.O. Box 1069
Quincy, IL 62306

Mr. John J. Gazzoli, Jr.
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, MO 63102

Ms. Megan Guenther
Miller, Tracy, Braun, Funk & Guenther, Ltd.
316 S. Charter
P.O. Box 80
Monticello, IL 61856

Mr. Paul Bown
Brown, Hay & Stephens
700 First National Bank Bldg.
P.O. Box 2459
Springfield, IL 62705

J. Robert Tierney
2517 Summer Creek
Quincy, IL 612301

Ann S. Tierney
2517 Summer Creek
Quincy, IL 612301

Meryl Tierney
2517 Summer Creek
Quincy, IL 612301