## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, ) <br> CASE M. TIERNEY, By And Through His ) <br> Next Best Friend, J. ROBERT TIERNEY ) <br>                                 Plaintiffs, ) <br> ) <br>    vs.                                       ) <br> ) <br> SHERIDAN SWIM CLUB, INC., an Illinois corporation, ) <br> DOUG OLSON, ROBERT MEYER, and ROBERT HULTZ, ) <br> Members of the Sheridan Swim Club Inc., Board in their ) <br> Individual and Official Capacities, ANDREW C. SCHNACK III, ) <br> BARNEY BIER, and JON BARNARD in their Individual ) <br> Capacities, DENNIS GORMAN, Attorney for The Quincy ) <br> School District 172, a political subdivision of the State of Illinois, ) <br> in his Individual and Official Capacities, ) <br>                                 Defendants ) | No.04-3138 <br> **JURY DEMAND** |

### PLAINTIFFS' MOTION TO DISQUALIFY ATTORNEY BRETT GORMAN / PLAINTIFFS' MOTION TO STRIKE

    Now comes the Plaintiffs Robert Tierney and Ann Tierney, Pro se, and pursuant to Rule 5 and any other applicable Rules of the Federal Rules of Civil Procedure, and in response to the Notice of Appearance by attorney Brett Gorman on behalf of Defendant Dennis Gorman, moves this honorable Court for an order disqualifying Brett Gorman and the law firm of Schmiedeskamp, Robertson and Neu, from representing Defendant Dennis Gorman in these proceedings, and for a Order striking all Notices of Appearance and Motions filed on behalf of Defendants Gorman, Bier, and Barnard, and in support thereof, Plaintiffs make the following statements:

    Defendant Gorman's Motion to Quash is a frivolous, dilatory Motion and should be stricken on the grounds of improper service and the disqualification of attorney Brett Gorman.

    Defendant Barnard's Motion to Quash is a frivolous, dilatory Motion should be stricken on the grounds of improper service and other grounds.

    Defendant Bier's Motion to Dismiss should be stricken on the grounds of improper service.

**Background & Statement of Facts**

1. The complaint was filed on or about June 23, 2004. No attempt was made at this time to serve any of the Defendants.

2. On or about July 1, 2004, on his own initiative, attorney Paul Bown contacted Plaintiffs former attorney Richard Steagall and told him that this lawsuit had been filed. However, Bown waited 8 months until March 3, 2005, to file his Notice of Appearance and a frivolous, dilatory Motion for an Enlargement of time to file an answer on the grounds that he just received a copy of the complaint on February 27, 2005. (See docket #38 Plaintiffs RESPONSE TO DEFENDANTS ENTRY OF APPEARANCE etc.)

3. An amended complaint was filed on or about July 7, 2004.

4. Pursuant to Federal Rules of Civil Procedure Rule 4(d), copies of the Amended Complaint were mailed on October 15, 2004, to each Defendant along with a Waiver of Service of Summons (attached), a Notice Of Lawsuit And Request For Waiver Of Service Of Summons (attached), and a stamped, self-address return envelope.

5. Plaintiffs were required per Federal Rules of Civil Procedure – Rule 4(d) to allow the Defendants 30 days to return the waiver.

6. No Complaint has been returned by the U.S. Post office marked as undelivered. and no Defendant has returned the Waiver.

7. Four (4) of the Defendants are attorneys and well aware of their obligation to accept waiver of service in lieu of good cause.

8. On or about November 3, 2004, the Magistrate Court filed a text order requesting the Plaintiffs file a status report as to the issue of the service of the complaint.

9. On or about November 17, 2004, in response to the status report filed by the Plaintiffs, the Magistrate Court issued a text order allowing the Plaintiffs additional time to perfect service on the Defendants. *(See Court order dated 11/17/05, attached as Exhibit A)*

10. In November and December of 2004, the Plaintiffs obtained additional evidence, which required clarification to some of the factual pleadings in the Complaint(s), especially pertaining to claims against Defendant Bier.

11. The Plaintiffs were forced to obtain judicial intervention by the Chief Judge of the Eight Judicial Circuit Court in order to gain access to, and copies of public records, which were

unlawfully impounded by the Adams County Circuit Clerk, which as a matter of law, are subject to disclosure upon request in compliance with The Freedom of Information Act.

12. The Plaintiffs drafted a Second Amended Complaint and attached the documents obtained in November 2004 as Exhibits B, 1-6.

13. Almost simultaneously, the Illinois Attorney General (IAG) waited until the 11th hour before making an appearance on behalf of (former Adams County State's Attorney) Defendant Bier, and filed a Motion to Dismiss the Amended Complaint without returning any signed Waiver of Service.

14. This Court allowed Bier's Motion to be duly filed and noticed for a Response.

15. The Plaintiffs did not object to this judicial action since it was apparent to the Plaintiffs that the Court was attempting to advance the natural progression of this litigation.

16. The IAG withdrew their appearance on behalf of Defendant Bier, when faced with the mere threat of a complaint by the Plaintiffs to the IAG Ethics Commission, the IAG belatedly realized they had been sandbagged by Bier and immediately withdrew their appearance.

17. Bier then retained private counsel who filed a defective Motion to Dismiss <u>before even being served with the Second Amended Complaint</u> and also failed to comply with a Court Order regarding Service of Pleadings and Motions, and Rule 5 of Fed. Rules C.P.

18. With leave of the Court, a second amended complaint was filed and served by summons upon the defendants on February 15, 2005. *(See Court order dated 1/27/05 attached as Exhibit B)*

19. The deadline for the Defendants to answer the summons was March 8, 2005.

20. As stated above in ¶ 2, attorney Bown waited until <u>March 3, 2005</u> to Notice his appearance on behalf of 5 defendants including an Illinois Corporation (Sheridan), and file a frivolous, dilatory Motion for Enlargement of Time.

21. Providing further evidence of collusion and conspiracy, Defendants Gorman and Barnard, through separate attorneys, also waited until the 11th hour to file their Notice of Appearance and frivolous, dilatory Motions to Quash Service on or about March 4, 2005.

22. However, Defendant Barnard is represented by the same attorney as Defendant Bier (Julie Koerner) who filed a Notice of Appearance for Bier or about February 24, 2005.

23. In a further good faith attempt to resolve any issues relating to service of the complaint, and In compliance with Rule 4(C) Service by Adult Non-Party, Defendants Gorman and

Barnard were again served with a summons and copy of the complaint on March 11, 2005, by a private process server. This time, Plaintiff, Robert Tierney witnessed the service. This action had to be taken after both Gorman and Barnard refused a phone request by the Adams County Sheriffs Dept. to make arrangements for discreet service of the summons/complaint. The Court should take note that Defendant Barnard is now the Adams County State's Attorney with offices just 2 floors below the Sheriff's Office. *(See attached summons and Declaration of Robert Tierney attached as Exhibits C & D).*

**Notice and Motions filed by Defendants Bier, Barnard, and Gorman**

24. Brett Gorman and the Law Firm of Schmiedeskamp, Robertson, Neu & Mitchell should be disqualified and All Motions filed by Defendants Gorman, Barnard, and Bier should be stricken for the following reasons.

    a. Brett Gorman is the attorney of record who filed his Notice of Appearance and Motion to Quash in this case.

    b. Brett Gorman is ineligible to provide legal representation to Dennis Gorman.

    c. Defendant Gorman's attorney, Brett Gorman, is the son of Defendant Dennis Gorman, and at the very least is a material witness in this litigation, who may very well be named a defendant following discovery. (Refer to ¶¶ 41 – 75 of the Second Amended Complaint.)

    d. Brett Gorman was one of several attorneys representing Dennis Gorman and other material witnesses during the State Court litigation referenced in the Complaint. None of these persons were parties in the litigation.

    e. Brett Gorman was present when Dennis Gorman and other defendants in this litigation testified.

    f. Brett Gorman was the attorney who physically produced the packet of documents at the evidentiary Hearing on or about June 24, 2002. This was the packet that omitted Defendant Schnack's letter of March 5, 1999.

    g. Brett Gorman was present in the room on or about October 17, 2002, when Plaintiff Robert Tierney learned of the existence of Schnack's letter of March 5, 1999.

    h. Brett Gorman was personally involved with *tipping* off Defendants Bier and Barnard that Plaintiff Robert Tierney had obtained a copy of Schnack's letter of March 5, 1999. It was this letter that established the perjury charges against Schnack.

    i. Brett Gorman was the attorney who represented material witness who failed to appear at a Court Hearing during the State Court litigation despite being served with a subpoena. Therefore Brett Gorman has discoverable information regarding these events. (See ¶¶ 45-49 of Second Amended Complaint)

    j. During the State Court litigation, Brett Gorman was one of the Schmiedeskamp lawyers who filed a Motion to Enjoin the Unauthorized Practice of Law against Plaintiff Robert Tierney in an unsuccessful attempt to prevent the production of documents and witnesses at depositions. The trial judge had earlier denied an identical Motion filed by Defendant Barnard on behalf of Sheridan Swim Club. The Court determined that the other Plaintiffs did not have to appear in court for the hearings, and any individual plaintiff could file a Motion or issue a subpoena/summons. *(See attached Docket sheets for 8th Circuit Case L-12-2002 attached as Exhibit E 3 & 4)*

    k. During the State Court litigation, Brett Gorman and his law firm repeatedly funneled documents and information to Defendant Barnard, although no client of Gorman was a defendant in the State Court litigation.

25. Defendants Gorman, Barnard, and Bier also failed to comply with the Court Order of 1/27/05 regarding service of documents under Rule 5 of the Federal Rules of Civil Procedure.

26. As of this date, the Plaintiffs have not received a single document by mail, or other method of personal service from any of the defendants' attorneys, with the exception of Paul Bown.

27. The Court Order of 1/27/04 specifically states that Plaintiff Case Tierney is not a participant in the ECF System and therefore notice must be by other means. *(See Exhibits A & F 1-5, Certificates of Service)*

28. As previously stated in ¶5 above, the Plaintiffs have never received an executed copy of a Request For Waiver Of Service Of Summons from any of the Defendant, including the Defendant (Bier) who filed two Motions to Dismiss.

29. This Court allowed Bier's Motion to be duly filed and noticed for a Response.

30. Therefore, it is the law of this case that the Court recognizes that a Defendant accepted Waiver of Service of Summons in October 2004, even without returning a Waiver of

Service of Summons when a Defendant files a Notice of appearance and/or any answer or responsive pleading.

31. Defendant Gorman acknowledges receiving Request for Waiver of Service of Summons and the Complaint on or about October 15, 2004 *See ¶6, page 4 of Gorman's Memorandum In Support of Motion to Quash Service and Dismiss*.

32. Gorman can cite no Rule of Civil Procedure or case law that supports Gorman's contention that:

    a. Plaintiff Robert Tierney cannot direct a Waiver of Service or issue a summons; or
    b. All Pro Se Plaintiffs are required to issue duplicate identical Waivers, or serve duplicate summons and duplicate copies of the same complaint on a defendant.

33. Furthermore, the actual Waiver of Service of Summons to be returned by Gorman and the other defendants was addressed to all the Plaintiffs. *(See Exhibit G)*

**Defendants Barnard & Bier**

34. Defendant Barnard has the same attorney as Defendant Bier, Julie Koerner. Attorney Koerner had already acknowledged waiver of summons by appearing for Defendant Bier and filing Motions on his behalf without service of summons. But attorney Koerner has now filed a frivolous, dilatory Motion to Quash claiming her other client Barnard was not served. Barnard does not deny in his affidavit that he received a Waiver of Service request in October 2004, and Defendants Bier and Gorman have acknowledged receiving a Waiver.

35. This Motion is made in good faith in order to properly represent the interests of the Plaintiffs and is not intended to cause undue delay.

36. If any undue prejudice has accrued to a party, it is the Plaintiffs who are afflicted.

37. None of the Defendants will be unduly prejudiced by granting these Motions.

38. Granting this Motion will in fact promote the interests of judicial economy.

Therefore, the Plaintiffs request that the Court issue an order recognizing that service of the complaint has been perfected on all Defendants as of October 15, 2004, that all Motions filed by Defendants Bier, Barnard, and Gorman be stricken for improper service, all Defendants are required to answer the Second Amended complaint by March 25, 2005, and that the Plaintiffs are not required to provide any further response to Defendants' Motions until answers are filed and service perfected per the Court Order of 1/27/05, and for any other relief the Court deems appropriate.

Dated <u>March 15, 2005</u>

Respectfully submitted,

_____
Robert Tierney

_____
Ann Tierney

**United States District Court**
**Central District of Illinois**
**Springfield Division**

| | |
|---|---|
| J. Robert Tierney, et. al.           ) | |
|                                      ) | |
|     Plaintiffs   ) | |
|                                      ) | Case No. 04-3138 |
| vs,.                                 ) | |
|                                      ) | Judge Jeanne E. Scott |
| SHERIDAN SWIM CLUB, INC., et. al     ) | Magistrate B. G. Cudmore |
|                                      ) | |
|     Defendants   ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2005, I electronically filed the foregoing PLAINTIFFS' MOTION TO DISQUALIFY ATTORNEY BRETT GORMAN / PLAINTIFFS' MOTION TO STRIKE with the Clerk of Court using the CM/ECF system, in which Defendants are participants, a copy was also mailed to the Clerk of the Court.

Julie Koerner
O'Halloran, Kosoff, Geitner & Cook
650 Dundee Road Suite 475
Northbrook, Illinois 60062
E-mail: jkoerner@okge.com

Paul Bown
Brown, Hay & Stephens, LLP
205 South Fifth Street, Suite 700
P.O. Box 2459
Springfield, Illinois 62705-2459
E-mail: pbown@bhslaw.com

Brett Gorman
535 Jersey
Quincy, IL 62301
E-Mail: BGorman@srnm.com

By: /s/ Robert Tierney
Robert Tierney
One of the Plaintiffs
2517 Summer Creek
Quincy, Il 62305
217-223-4849
E-mail: spg@insightbb.com