UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, )<br>and CASE M. TIERNEY by and through his )<br>next best friend, J. ROBERT TIERNEY, )<br> )<br>        Plaintiffs, )<br>  v. )<br> )<br>SHERIDAN SWIM CLUB, INC., an Illinois )<br>corporation; DOUG OLSON, ROBERT MEYER, )<br>and ROBERT HULTZ , Members of the Sheridan )<br>Swim Club Inc., Board in their Individual and )<br>Official Capacities, ANDREW C. SCHNACK, III, )<br>BARNEY BIER,  and JON BARNARD in their )<br>Individual capacities, DENNIS GORMAN, attorney)<br>for the Quincy School District 172, a political )<br>subdivision of the State of Illinois, in his Individual )<br>and Official Capacities )<br> )<br>        Defendants. ) | No. 04-3138 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Sheridan Swim Club, Inc., Doug Olson, Robert Meyer, Robert Hultz, and Andrew C. Schnack, III in support of their Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), shows the Court as follows:

Preliminary Statement

The convoluted progress of this action arising out of high school swimming team and the actions of his coach in November 1998 are well known to this Court. In June of 1999, the Tierneys' filed their first suit against Sheridan Swim Club and its Board. Tierney, et al v. Powers, et al, 99-3149, U.S. District Court for the Central District of Illinois. In October of 2001, the Honorable

Jeanne E. Scott granted summary judgment for Sheridan Swim Club and its board members against the Tierneys on their claims based on their First and Fourteenth Amendments finding that Sheridan Swim Club, a private club, and its officers, were not liable as they did not act under color of state law. The Court declined to exercise supplemental jurisdiction over state law claims. Various federal claims were pursued in the Central District of Illinois and in the Seventh Circuit and were the subject of an unpublished order entered on February 22, 2005 affirming the District Court.

The fight was renewed in February of 2002 in a Complaint before the Circuit Court for the Eighth Judicial Circuit in Adams County, docket number 02-L-12. The Circuit Court on April 16, 2003 dismissed Plaintiff's Third Amended Complaint (attached as Exhibit A) with prejudice, an appeal was sought to the Fourth District Appellate Court, and that appeal was dismissed on December 22, 2003 for failure to prosecute. No further appeals were made in state court.

Plaintiff alleges that actions taken at and after the hearing date on the Adams County matter, June 24, 2002 justify the filing of this action. Defendants submit that this complaint is governed by the results of plaintiffs' prior litigation.

### *Res Judicata*

The doctrine of *res judicata* requires that there be a prior final judgment on the merits involving the same party or their privies as the current claim and that the claims constitute the same cause of action as the current claim. See *Pirela v. Village of North Aurora*, 335 Fed.2d 909, 911 (7th Cir. 1991) and *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 703 N.E.2d 883, 889 (1998). Here each of these three points are established by a simple comparison of 99-3149 and Adams County 2002-L-12 with Plaintiffs' current Complaint. Plaintiffs now seek damages for their

2

"retaliatory and wrongful expulsion" from Sheridan Swim Club (see paragraph 133), and for the resulting mental distress of that expulsion (see paragraph 134). They seek to recover the value of their membership at Sheridan Swim Club (see paragraph 137) and seek restoration of that membership (see request for relief, paragraph 2).

These same issues were litigated in Tierney v. Powers, et al, 99-3149. In that case, the same plaintiffs J. Robert Tierney, Ann S. Tierney, and Case M. Tierney brought claims against Sheridan Swim Club and its officers under 42 U.S.C. §1983 for their expulsion from the Swim Club. Summary judgment was granted for Sheridan Swim Club and its officers including, Robert Meyer and Andrew C. Schnack, III and Doug Olson. The judgment was unchanged on appeal and cannot be collaterally attacked with new evidence. The issue as to Sheridan and its officers violated plaintiffs' constitutional rights is no longer an issue for these plaintiffs. It has been determined against them.

The principals of *res judicata* apply equally to the state court litigation these plaintiffs brought in Adams County cause number 02-L-12. There Plaintiff sought to pursue the pendant state claims against Sheridan Swim Club and its officers, including Andrew C. Schnack, III, Doug Olson, Robert Hultz, and Robert Meyer for state law claims including, intentional infliction of emotional distress, spoliation of evidence and breach of contract; as well as constitutional claims under 42 U.S.C. §1983 and 42 U.S.C. §1985 arising out of the termination of the Tierney family membership in the Sheridan Swim Club and actions of the Swim Club and its officers subsequent to the filing of the initial complaint in federal court. Plaintiff's third amended complaint was dismissed with prejudice and although an appeal was filed, it too was dismissed. Thus in Adams County cause

3

number 02-L-12 there is a final judgment on the merits between the same party and their privies as the current claims arising out of the same cause of action as the current claim.

Many of Plaintiffs' allegations in this action arise out of disputes between the parties arising out of the hearings and proceedings in that matter. See Second Amended Complaint, paragraph 64, et seq. The principals of *res judicata* and collateral estoppel bar this court from serving as an appellate court to correct actions that occurred in the state court. Plaintiffs' remedy for actions or inactions taken in the state court is an appeal in the Fourth District Appellate Court. That appeal has been dismissed and those rulings, actions and inactions are final and not subject to review in this forum.

Plaintiffs seek to circumvent the effect of prior rulings against them by limiting their complaint to conduct occurring on or after June 24, 2002. That date is alleged to be the date of hearings brought pursuant to a motion for preliminary injunction in Adams County Cause number 2002-L-12. See Plaintiff's Second Amended Complaint paragraph 45. Plaintiff alleges that the defendants at that hearing failed to produce or disclose certain documents and gave false, misleading, and evasive testimony. See paragraphs 62 and 63. The remedy for such actions is to be had in the court where they occurred and if relief cannot be obtained from the trial judge, relief can be sought on appeal. Here Petitioner did seek relief on appeal, but abandoned that appeal allowing the dismissal with prejudice of Adams County Cause number 2002-L-12 to become final.

The allegations concerning Mr. Schnack's alleged perjury set forth in paragraphs 66 through 75, likewise, were surely brought to the attention of the trial court in Adams County Cause number

4

2002-L-12 and if not, are irrelevant in light of the Court's dismissal with prejudice and the subsequent abandonment of the appeal by the Plaintiffs.

Plaintiffs' allegations of conspiracy to encourage the Sheridan Board to deny Case Tierney a youth membership in absence of an agreement to drop all lawsuits (see paragraph 80 and 109) are likewise to no effect. Case is not a proper party to this action and cannot appear pro se. But be that as it may Plaintiffs have shown no right, constitutional or otherwise, to a Sheridan youth membership. Plaintiffs' seek to punish Sheridan for offering a compromise that Plaintiffs did not take. As no compromise was reached, Plaintiffs' rights if any could not be violated.

## Collateral Estoppel

Defendants assert alternatively that under the principals of collateral estoppel this Court has ruled in Tierney, et al v. Powers, et al, 99-3149 that Sheridan Swim Club and its officers are not state actors and did not act under color of state law. Under the principals of collateral estoppel, parties who have once litigated a matter are precluded from raising the same issue against other persons who might not have been parties to the original action. See *Ashe v. Swensor*, 397 U.S. 436 (1920). This is referred to as issue preclusion. The principals of collateral estoppel arising out of this court's order in 99-3149 preclude Plaintiff from pursuing Robert Hultz, who is not a named defendant in the original action, but who is named as an officer of Sheridan Swim Club in this matter.

As Plaintiff's federal claims against Sheridan Swim Club and its officers are precluded under principals of *res judicata* and/or collateral estoppel, this Court lacks subject matter jurisdiction and Plaintiff's complaint including its pendant state court claims must be dismissed under the provisions of Federal Rule of Civil Procedure 12(b)(1).

## Conclusion

Plaintiffs have had their day in court. Plaintiffs have had multiple days in court. Plaintiffs have brought these matters to the attention of the federal district court, the federal courts of appeal, the state courts of Adam County and the Fourth district appellate court. Re-litigation of these matters is barred under principals of *res judicata* and collateral estoppel. Defendants ask that this Complaint be dismissed with prejudice and that these defendants be awarded their costs of suit.

BROWN, HAY & STEPHENS, Attorneys for Defendants, Sheridan Swim Club, Inc., Doug Olson, Robert Meyer, Robert Hultz, and Andrew C. Schnack, III

By: s/ Paul Bown
Paul Bown, Reg #0265926
Brown, Hay & Stephens, LLP
205 South Fifth Street, Suite 700
P.O. Box 2459
Springfield, Illinois 62705-2459
(217) 544-8491
(217) 544-9609
pbown@bhslaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 25, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for the party and I hereby certify that I have mailed by United States Postal Service the document to the following that are non CM/ECF participants:

**J Robert Tierney**
2517 Summer Creek
Quincy, IL 62301
217-223-4849
Email: spg@insightbb.com

**Ann S Tierney**
2517 Summer Creek
Quincy, IL 62301
217-223-4849
Email: spg@insightbb.com

**Case M Tierney**
2517 Summer Creek
Quincy, IL 62305

**Brett K. Gorman**
SCHMIEDESKAMP, ROBERTSON, NEU
& MITCHELL
525 Jersey
P.O. Box 1069
Quincy, IL 62306
bgorman@srnm.com

**Clifford G Kosoff**
O'HALLORAN KOSOFF GEITNER &
COOK PC
650 Dundee Road
Suite 475
Northbrook, IL 60062
847-291-0200
Fax: 847-291-9230
Email: ckosoff@okgc.com

**Julie M Koerner**
O'HALLORAN KOSOFF GEITNER &
COOK PC
650 Dundee Road
Suite 475
Northbrook, IL 60062
847-291-0200
Fax: 847-291-9230
Email: jkoerner@okgc.com


s/   Paul Bown
Paul Bown, Reg #0265926
Brown, Hay & Stephens, LLP
205 South Fifth Street, Suite 700
P.O. Box 2459
Springfield, Illinois 62705-2459
(217) 544-8491
(217) 544-9609
pbown@bhslaw.com

March 25, 2005/ean/F:\wpwin60\PB\LIT\PB\TIERNEY\04 Cent Dist\memosupp mtd.doc