E-FILED
Wednesday, 30 March, 2005  04:51:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, CASE M. TIERNEY, By And Through His Next Best Friend, J. ROBERT TIERNEY, <br><br> Plaintiffs, <br><br> v. <br><br> SHERIDAN SWIM CLUB, INC., an Illinois corporation, ANDREW C. SCHNACK, III, in his Individual Capacity, DOUG OLSON, ROBERT MEYER, and ROBERT HULTZ Members of the Sheridan Swim Club Inc., Board in their Individual and Official Capacities, BARNEY BIER, Member of the Sheridan Board in His Individual and Official Capacities, and in his Individual Capacity as the Adams County State's Attorney, JON BARNARD, in his Individual Capacity as an Adams County Assistant State's Attorney, DENNIS GORMAN, Attorney for the Quincy School District #172, a political subdivision of the State of Illinois, in his Individual and Official Capacities, <br><br> Defendants. | Case No. 04-3138 |

### RESPONSE IN OPPOSITION TO MOTION TO DISQUALIFY

Defendant **DENNIS W. GORMAN,** by his attorneys, **SCHMIEDESKAMP, ROBERTSON, NEU & MITCHELL**, in response to Plaintiffs' pending motion to disqualify attorney Brett Gorman and the law firm of Schmiedeskamp, Robertson, Neu & Mitchell (d/e 40), states as follows:

1. The filing of the motion by J. Robert Tierney on behalf of himself and Ann Tierney constitutes the unauthorized practice of law, and the motion should be stricken. See order entered

by Judge Scott dated March 28, 2005, addressing the unauthorized practice of law issue. Under Illinois law, a person is privileged to appear in court on his own behalf, but he has no such privilege or authority to represent other persons unless he is admitted to the practice of law. 705 ILCS 205/1. Janiczek v. Dover Management Company, 134 Ill.App.3d 543, 545, 481 N.E.2d 25 (1st Dist. 1985). See also Blue v. People of the State of Illinois, 223 Ill.App.3d 594, 585 N.E.2d 625 (2d Dist. 1992). As the court explained in Janiczek, "Where it appears that one not licensed to practice law has instituted legal proceedings on the behalf of another in a court of record, such action should be dismissed, and if the action has proceeded to judgment, the judgment is void and will be reversed." Janiczek, 134 Ill.App.3d at 545.

    2.    Beyond the procedural impropriety of the Plaintiffs' motion, the motion to disqualify is substantively unfounded and meritless. Further, it is both premature and has been waived.

    3.    "Attorney disqualification is a drastic measure because it destroys the attorney-client relationship by prohibiting a party from representation by counsel of his or her choosing. [Citation omitted]. Thus, caution must be exercised to guard against motions to disqualify being used as tools for harassment." See Schwartz v. Cortelloni, 177 Ill.2d 166, 178, 685 N.E.2d 871, 877 (1997); International Ins. Co. v. City of Chicago Heights, 268 Ill.App.3d 289, 302, 643 N.E.2d 1305, 1313 (1st Dist. 1994); Weeks v. Sampson Heavy Industries Company, Ltd., 909 F.Supp. 582, 583 (N.D. Ill. 1996).

    4.    The moving party bears the burden of showing facts requiring disqualification. See Weeks, 909 F. Supp. at 583. The Plaintiffs have presented nothing in the form of affidavits or other evidence to support the factual assertions contained in the motion to disqualify, and accordingly, they have failed to carry their burden of proof.

5. The motion to disqualify is premature in that the parties are not even at issue on the pleadings. Defendant Dennis Gorman has been served only recently, and the deadline for his filing of a responsive pleading is April 15, 2005. Even assuming for the purpose of argument only that the Plaintiffs' unsupported disqualification theory is correct (that Brett Gorman is somehow a material witness in this lawsuit or may be later named a defendant), the present procedural posture of the case is such that the any disqualification would be premature.

6. Finally, the disqualification issue has been waived. A party waives any objection to an alleged attorney conflict of interest if it fails to assert that conflict promptly. See International Ins. Co., 268 Ill.App.3d at 303 (holding that a party waived an attorney conflict by delaying sixteen months before asserting it); First National Bank v. St. Charles National Bank, 152 Ill.App.3d 923, 932-33, 504 N.E.2d 1257, 1264 (2d Dist. 1987) (holding that a party waived an attorney conflict by delaying sixteen months before asserting it); Tanner v. Board of Trustees, 121 Ill.App.3d 139, 146-47, 459 N.E.2d 324, 329 (4th Dist. 1984) (holding that a party waived an attorney conflict by delaying nine months before asserting it); Roth v. Roth, 84 Ill.App.3d 240, 244-45, 405 N.E.2d 851, 855 (3d Dist. 1980) (holding that a party waived an attorney conflict by delaying two years before asserting it). The disqualification has been waived because it was never raised before now in any of the preceding multiple lawsuits in which Brett Gorman has defended Quincy School District No. 172, Dennis Gorman, and other defendants. The court is well-aware of the history regarding these litigants. This background is concisely summarized by the Seventh Circuit in its two opinions, which affirmed dispositions of all issues in favor of all Defendants. Tierney v. Vahle, 304 F.3d 734 (7th Cir. 2002) and Ann S. Tierney, et al., v. Quincy School District No. 172, 02-1403 and 04-1205 dated February 22, 2005. Attorney Brett Gorman and the law firm of Schmiedeskamp, Robertson,

3

Neu & Mitchell participated in all of these proceedings, and the Plaintiffs have not ever before raised the disqualification issue.[1] Disqualification has been waived.

7.   The present suit is duplicative of the other pending claims, which is improper. See Missouri ex rel. Nixon v. Prudential Health Care, 259 F.3d 949, 954 (8th Cir. 2001) (A plaintiff may not "pursue multiple federal suits against the same party involving the same controversy at the same time."); Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) ("[Plaintiff] had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."). The pending motion for disqualification is simply a continuation of the Plaintiffs' harassment of the Defendant, which has now become an exercise in retaliation arising out of the successive adjudications by the state and federal courts, all of which have been adverse to the Plaintiffs.

---

[1]The prior proceedings with reference to the subject attorney representation are summarized below:

    a.    J. Robert Tierney, et al., v. Quincy School District No. 172, et al., Case No. 99-3149, filed in the United States District Court for the Central District of Illinois ("Tierney I"). Attorney Brett Gorman served as defense counsel for Quincy School District No. 172, Dennis Gorman, James Citro, Dennis Koch, and Joanne Kirlin in the District Court and the Seventh Circuit appeal (which remains pending on Plaintiffs' petition for rehearing en banc).

    b.    Ann S. Tierney v. Quincy School District No. 172, Case No. 01-3179, filed in the United States District Court for the Central District of Illinois ("Tierney II"). Attorney Brett Gorman served as defense counsel for Quincy School District No. 172 in the District Court and the Seventh Circuit appeal (which remains pending on Plaintiffs' petition for rehearing en banc).

    c.    Ann S. Tierney v. Quincy School District No. 172, Case No. 01-3380, filed in the United States District Court for the Central District of Illinois, (case dismissed as duplicative of Tierney I, on the court's own motion). Attorney Brett Gorman served as defense counsel for Quincy School District No. 172.

WHEREFORE, the Defendant prays the Plaintiffs' motion to disqualify attorney Brett Gorman and the law firm of Schmiedeskamp, Robertson, Neu & Mitchell be denied.

s/         Brett K. Gorman
Brett K. Gorman, IL Bar #6210850
Attorney for Defendant Dennis W. Gorman
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey Street, P. O. Box 1069
Quincy, IL 62306-1069
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail: bgorman@srnm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, using the CM/ECF system which will send notification of such filing to the following:

J. Robert Tierney
Ann S. Tierney
Case M. Tierney
spg@insightbb.com

Paul R. Bown
Brown Hay & Stephens
pbown@bhslaw.com

Clifford G. Kosoff
Julie M. Koerner
O'Halloran, Kosoff, Geitner & Cook PC
ckosoff@okgc.com
jkoerner@okgc.com

Matthew D. Bilinsky
Terence J. Corrigan
Illinois Attorney General
mbilinsky@atg.state.il.us
tcorrigan@atg.state.il.us

s/          Brett K. Gorman
Brett K. Gorman, IL Bar #6210850
Attorney for Defendant Dennis W. Gorman
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey Street, P. O. Box 1069
Quincy, IL 62306-1069
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail: bgorman@srnm.com
