UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY CASE M. TIERNEY, by and through his Next Best Friend, J. ROBERT TIERNEY, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 04-3138 |
| v. | ) ) | Judge Jeanne E. Scott |
| SHERIDAN SWIM CLUB, INC., an Illinois Corporation, DOUG OLSON, ROBERT MEYER, and ROBERT HULTZ, Members of the Sheridan Swim Club, Inc. Board in their Individual And Official Capacities, ANDREW C. SCHNACK, III, BARNEY BIER, JON BARNARD, in their Individual Capacities, DENNIS GORMAN, Attorney for The Quincy School District #172, a political subdivision of the State of Illinois, in his Individual and Official Capacities, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate B. G. Cudmore |

**DEFENDANT BARNARD'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, Jonathan H. Barnard, by his attorneys, Julie M. Koerner and Clifford G. Kosoff, in support of his motion to dismiss plaintiffs' second amended complaint, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), states as follows:

**PRELIMINARY STATEMENT**

Prior to the present litigation, plaintiffs initiated a federal suit, pursuant to §1983 and §1985, against the above named defendants in the United States District Court for the Central District of Illinois on June 24, 1999, in docket number 99-CV-3149.[1]  See, *Tierney v. Vahle*, 304 F.3d 734 (7th Cir., 2002).  Defendant Jonathan H. Barnard was not

---

[1] In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir., 2000).   Plaintiffs acknowledge and refer to the prior law suit in Count V, Section A, Paragraph 41 of their second amended complaint.

a party to that litigation. Plaintiffs alleged that defendants violated their constitutional rights to free association, free speech, access to the courts, and procedural due process, *inter alia*, along with various state law claims. Final judgment was entered in that suit on October 23, 2003, when the Court declined to exercise supplemental jurisdiction over Meryl Tierney's state law battery claim against Richard Powers and dismissed plaintiffs' suit for lack of subject matter jurisdiction. See, Minute-Entry, Judge Jeanne E. Scott, October 23, 2003 (an amended judgment was entered on December 19, 2003 regarding attorneys' fees). Judgment has also been entered in plaintiffs appeal to the Seventh Circuit.

In February of 2002, plaintiffs filed a Complaint in the Circuit Court of the Eighth Judicial Circuit of Adams County, Illinois, Docket Number 02 L 12.[2] Plaintiffs amended their pleadings several times culminating in the filing of plaintiffs' third amended complaint. See, Amended Complaint, Exhibit D (d/e 3). That complaint, in part, again purported to raise constitutional claims for violations of plaintiffs' right of access to the courts, freedom of speech, right of association, and procedural due process in addition to various state law claims for battery, spoliation of evidence, intentional infliction of emotional distress, and conspiracy. See, Amended Complaint, Exhibit D (d/e 3). Defendant Barnard was an assistant Adams County State's Attorney at the time, working directly under Barney Bier, Adams County State's Attorney.

On April 16, 2003[3], the circuit court dismissed plaintiffs' third amended complaint in its entirety. See, Defendant's Exhibit A, attached and incorporated herein

---

[2] Plaintiffs acknowledge this subsequent state action against defendant Bier in Count V, Section A, Paragraph 42 of their second amended complaint.
[3] Ten months after the evidentiary hearing date held on June 24, 2002, the date on which plaintiffs allege Barnard's conduct occurred, see Count IV, Paragraphs 24-25, Count V, 45-49, 61-71. Other conduct

this memorandum by reference. Plaintiffs' sought appeal of that decision in the Fourth District Appellate Court, which appeal was dismissed on December 22, 2003, for plaintiffs' failure to prosecute the appeal. See, Defendant's Exhibit B, attached and incorporated herein this memorandum by reference.

On June 23, 2004, plaintiffs' filed the instant suit against defendant Barnard. (d/e 1). On January 27, 2005, plaintiffs filed a second amended complaint. (d/e 23). Plaintiffs again purport to raise constitutional claims under §1983 and §1985 for violations of their right of access to the courts, freedom of speech, right of association, procedural due process, conspiracy to interfere with civil rights, as well as state law claims for conspiracy, intentional infliction of emotional distress, and spoliation of evidence. (d/e 23).

## STATEMENT OF FACTS[4]

On June 24, 2002, a hearing for a preliminary injunction in plaintiffs Eight Judicial Circuit Court, Adams County, Docket No. 2002 L 12, action was held. (d/e 23, Par. 45). Defendants Schnack, Gorman and Bier all testified at the proceedings. (d/e 23, Pars. 47, 64, 66, 70). Barnard represented the Sheridan Swim Club and several of the individually named defendants. (d/e 23, Par 44). Many of the witnesses who were subpoenaed to testify at the hearing failed to show and were instructed not to do by defendant Gorman. (d/e 23, Par. 33).

---

related to the state court litigation is alleged to have occurred on or about October 18, 2002, which is also before the termination of the state court litigation in April of 2003.

[4] For purposes of this motion to dismiss only, defendant Barnard admits all well-pleaded facts in plaintiffs' second amended complaint, though a history of these lengthy events is found throughout the pleadings, this discussion of the facts is limited to those facts set forth in Count V, "The Conduct and Occurrences Complained of in this Complaint." This summary of the facts is not a recital of the facts contained therein, but merely an overview of some of the events alleged by plaintiffs as a basis for this action.

On October 17, 2002, plaintiffs learned of a letter written by Schnack on March 5, 1999. (d/e 23, Par. 72).

On October 18, 2002, defendant Bier contacted Norb Goetten of the Illinois Appellate Prosecutors Office and asked for that office to review potential criminal charges against Schnack. (d/e 23, Par. 74b(a) – 74(e). Bier also placed records under seal, or impounded, in the Adams County Eight Judicial Circuit Court, Docket No. 2002 MR 98. (d/e, Par. 74b(e). Defendant Barnard failed to report Schnack's perjury offense to the state court, any court, party, or regulatory agency. (d/e 23, Par. 74b(j). Barnard also "unlawfully" provided legal representation to Schnack and the Sheridan Swim club during the state court litigation. (d/e 23, 74b(k). Barnard told the Vahles and other witnesses not to appear for depositions. (d/e 23, Par. 78).

In February of 2003, Doug Olson appeared for his deposition. (d/e 23, Par. 83). Olson testified that Schnack had telephoned Tierney in December of 1999 using the Olson's cell phone. (d/e 23, Par 84). As a result of Olson's deposition, Bier and Barnard had new evidence of Schnack's criminal conduct. (d/e 23, Par. 96). Bier and Barnard conspired to conceal this new evidence. (d/e 23, Par. 98).

In May of 2003, Robert Tierney spoke with an investigator with the Illinois Attorney General's Office regarding the actions of Bier, Barnard, Schnack and others. (d/e, Par. 104). Bier and Barnard retaliated through the Sheridan Swim Club by conspiring with the Board to deny Case Tierney a youth membership. (d/e 23, Par. 105, 106).

On June 21, 2004, the Sheridan Swim Club Board again denied the Tierney family a membership (d/e 23, Par. 109) in retaliation for the plaintiffs' filing of their state and federal lawsuits. (d/e 23, Par. 110).

## DISCUSSION

I. **DISMISSAL PURSUANT TO FED.R.CIV.P. 12(B)(1) – LACK OF SUBJECT MATTER JURSIDICTION.**

    A. **PLAINTIFFS' SUIT AS AGAINST DEFENDANT BARNARD MUST BE DISMISSED AS BARRED BY *RES JUDICATA*.**

*Res judicata* refers to the preclusive effect of a judgment in foreclosing litigation on matters that were or <u>could have been raised</u> in an earlier suit. *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 634 (n6) (7th Cir., 2004) (emphasis added). In order for *res judicata* to apply, the prior court must (1) have reached a final judgment on the merits; (2) involve the same parties or their privies as the current claims; and (3) constitute the same cause of action as the current claims. *Id*., at 635. Federal courts must give state court judgments the same preclusive effect that said judgment would have in the state courts. *Simonsen v. Chicago Board of Education*, 115 Fed. Appx. 887, 888, 2004 U.S. App. LEXIS 22484 at 5 (7th Cir., 2004).

With respect to the first prong of the application of *res judicata*, a final judgment was entered by this Court on October 23, 2003 and a final judgment was entered by the Eighth Judicial Circuit Court on April 16, 2003. Both prior judgments have been appealed and those appeals have been resolved.

The second prong of the test for the application of *res judicata* is certainly met. Though Barnard was not a party to the Tierneys' prior litigation, the Tierneys bring suit against Barnard in his capacity as an assistant state's attorney of Adams County. For

purposes of *res judicata,* Barnard is a privy of defendant Bier, State's Attorney for Adams County, who was a party to the prior suit is. <u>Simonsen v. Chicago Board of Education</u>, 115 Fed.Appx. 887, 889, 2004 U.S.App. LEXIS 22484 at 6 (7th Cir., 2004). "A government and its officers are in privity for purposes of *res judicata.* <u>Id</u>. Thus, plaintiffs' suit against Barnard is barred by the application of *res judicata*.

Finally, plaintiffs' present claims arise from the same core of operative facts -- which are well known to this court -- as the prior lawsuits and involve the same claims and/or issues previously litigated, specifically including:

a) that the Tierneys expulsion and exclusion from the Sheridan Swim Club is a matter of private, not public concern and is not an activity protected by the First Amendment (Order October 22, 2003);

b) that Ann Tierney could not assert a claim for violating her right of association with her family, Robert and Meryl (Orders May 30, 2001, October 22, 2003);

c) that Plaintiffs §1983 claim of retaliation against prior defendants for conspiring to have the Tierneys expelled and refusing to act against a School District employee for harassing phone calls was not a matter of public concern (Order October 23, 2003);

d) whether there was any evidence that Gorman and Schnack conspired together to retaliate against the Tierneys for their complaints about Powers (Order, October 23, 2001, Page 18).

e) the loss of a private swim club membership is not a deprivation of a federal right for §1983 purposes (Order, March 19, 2001, Page 28).

For example, the Tierneys' second amended complaint filed October 10, 2000 in 99-1349 alleges that Bier violated their First and Fourteenth Amendment rights, pursuant to §1983. <u>See</u>, Second Amended Complaint, Count IV, "Claims For Relief", filed October 10, 2000, 99-CV-3149. The second amended complaint filed January 27, 2005, in the instant action, shows that in Count IV, Section 5, Paragraph 78(b), plaintiffs allege

6

that Bier, as a member of the Board of Sheridan, acting under "color of state law" retaliated against plaintiffs for the exercise of their right to free speech. Plaintiffs' challenge the same conduct as a violation of the same constitutional right as raised in the earlier federal suit.

*Res judicata* clearly applies to bar plaintiffs' present suit. A final judgment was entered by this Court on October 23, 2001. The same plaintiffs are involved, J. Robert Tierney and Ann Tierney. Most of the same defendants are involved, including Bier, Barnard's privy. The same core facts and events are alleged to give rise to plaintiffs' claim of constitutional violations, to wit: plaintiffs free speech rights concerning the alleged sexual misconduct of Powers and the expulsion of the Tierneys from the Sheridan Swim Club.

Plaintiffs' attempt to limit their current action to "occurrences complained of occurred on June 24, 2002 and thereafter", is futile. There is nothing about the alleged impropriety of the conduct of the June 24, 2002 evidentiary hearing that abridges plaintiffs' right to free speech, association, or right of access to the courts. Those alleged violations still rely for their premise on the conduct of the parties between 1999 through 2001. Their cause of action, in essence, remains the same. Plaintiffs are still claiming a violation of their right to free speech regarding their right to speak about Coach Powers alleged sexual misconduct. They are still claiming a violation of their right to free association, which still addresses their expulsion from the Sheridan Swim Club. Plaintiffs want another opportunity to address the alleged wrongs of 1999, which is clearly barred by *res judicata*.

Moreover, this fact is also clearly evidenced in the prayer for relief sought by the plaintiffs, which includes a prayer for "judgment ordering Sheridan to allow the Plaintiffs or anyone acting on their behalf, to obtain a Sheridan membership and Sheridan Stock Certificate on behalf of any Plaintiff."[5]

In addition to the final judgment entered in this Court, a final judgment with respect to these parties and the same, or related, facts and issues was also entered by the Eighth Judicial Circuit Court on April 16, 2003. *Res judicata* will operate to bar plaintiff's claims in a subsequent tribunal which arise from the same core of operative facts as a previous state court action. The "occurrences complained of on June 24, 2002 and thereafter" are certainly issues that were raised or <u>should have been raised</u> during the state court proceedings. Specifically, plaintiffs allege that conduct undertaken by Bier, relating to testimony, discovery documents, witnesses, and depositions, undertaken by Bier during an evidentiary hearing and throughout discovery in the state court litigation, violated their rights. Plaintiffs' claim of constitutional violations remain the same and the suit against defendant Bier must be dismissed, pursuant to the provisions of *res judicata*.

**B.     PLAINTIFFS' SUIT AS AGAINST DEFENDANT BIER MUST BE DISMISSED AS BARRED BY COLLATERAL ESTOPPEL.**

In addition to the application of *res judicata*, collateral estoppel also bars plaintiffs' instant suit. Collateral estoppel, or issue preclusion, applies when a prior judgment between the same parties in a different cause of action is an estoppel as to those matters in issue or points controverted on which a final determination has been rendered. <u>Ashe v. Swenson</u>, 397 U.S. 436, 443-444 (1970). Plaintiffs' suit in the Eighth Judicial Circuit raised the same issues between the same parties as they attempt to do here. As

---

[5] See, Second Amended Complaint, Count VII, "Damages and Relief Sought", Paragraph 2.

indicated above, the Eighth Judicial Circuit Court entered a final judgment in that matter on April 23, 2003. The subsequent appeal of that Court's decision was abandoned by the plaintiffs. Defendant Bier prays that this Court find that plaintiffs' instant action is barred by collateral estoppel.

Moreover, with respect to issues that plaintiffs failed to raise in the state court litigation, plaintiffs claims are still barred. Collateral estoppel, much like *res judicata*, also acts as a bar to claims which should have been brought in the prior proceeding and must be dismissed.

### C.   PLAINTIFFS' SUIT AS AGAINST DEFENDANT BIER MUST BE DISMISSED AS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.

The *Rooker-Feldman* doctrine, which emerged from two Supreme Court cases, <u>Rooker v. Fidelity Trust Co</u>., 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), prohibits the inferior federal courts from reviewing state court decisions. <u>Crestview Village Apartments v. U.S. Department of Housing & Urban Development</u>, 383 F.3d 552, 555-56 (7th Cir., 2004). "It is a jurisdictional doctrine premised upon the fact that, because federal district courts are courts of original jurisdiction, lower federal courts are not authorized to review appeals from state court judgments…". <u>Crestview</u>, 383 F.3d at 556. The United States Supreme Court alone has appellate jurisdiction over the civil judgments of state courts. <u>Id</u>.

To determine whether the *Rooker-Feldman* doctrine applies, the federal court must ask the fundamental question, whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. <u>Id</u>. If the injury alleged resulted from the state court judgment, then *Rooker-Feldman* directs that

9

the lower federal courts lack subject matter jurisdiction. *Id*. "Likewise, if the federal injury is "inextricably intertwined" with the state court judgment, *Rooker-Feldman* bars the federal action." *Id*. The crucial question is whether the federal district court is, in essence, being called upon to review the state court decision. *Id*.

Clearly, plaintiffs are asking this Court to review the decision of the Eighth Circuit Court to dismiss plaintiffs' state court action, which is clearly barred by the *Rooker-Feldman* doctrine. Plaintiffs' allege that defendant Bier's conduct during the July 24, 2002 evidentiary hearing forms the basis for their §1983 action and pendant state court claims, as well as his alleged conduct during the discovery phase of that state court litigation. Plaintiffs had their opportunity for a collateral review of the Eighth Circuit Court's decision to dismiss their action in their direct appeal to the Fourth Appellate Court, an appeal which they abandoned. See, Defendant's Exhibit B, attached and incorporated herein this memorandum by reference.

In <u>Doe & Associates Law Offices v. Napolitano</u>, 252 F.3d 1026, 1030 (9th Cir., 2001), the Ninth Circuit found that if the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are "inextricably intertwined" and the federal suit is barred for lack of subject matter jurisdiction. Plaintiffs' suit here is an impermissible *de facto* appeal of the Eight Circuit Court's decision to dismiss plaintiffs' third amended complaint, which included, in essence, the same allegations of tortious conduct against the same party, defendant Bier. Plaintiffs' make the same state law claims, specifically intentional infliction of emotional distress, spoliation of evidence, and conspiracy as they did in the state court action. Further, plaintiffs' still seek the same remedies from a court of law, particularly monetary

10

damages and reinstatement to the Sheridan Swim Club with all of the attendant benefits, as they did in the prior federal suit and the state court action.  See, *Taylor v. Federal National Mortgage Association, et. al*., 374 F.3d 529 (7th Cir., 2004).  The Eighth Circuit dismissed plaintiffs' claims, and denied their prayer for relief.  If this Court were to exercise subject matter jurisdiction over plaintiffs' present federal suit, then it would be calling into question the Eighth Circuit Court's decision to dismiss plaintiffs' claim, which is an impermissible contravention of the *Rooker-Feldman* doctrine.

II.  **DISMISSAL PURSUANT TO FED.R.CIV.P. 12(B)(6) – FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

   A.  **PLAINTIFFS' §1983 CLAIMS FOR CONDUCT OCCURRING PRIOR TO JUNE 23, 2002 ARE BARRED BY THE STATUE OF LIMITATIONS.**

In Illinois, the statute of limitations for § 1983 actions, based on the statute of limitations for personal injury actions, is two years.  *Hildebrandt v. Illinois Department of Natural Resources*, 347 F.3d 1014, 1036 (7th Cir., 2003).  To the extent that plaintiffs' allegations of civil rights violations are based on conduct or acts that occurred prior to June 23, 2002, those claims are time barred and subject to dismissal.  Specifically, plaintiffs' allegations regarding the disclosure of the Schildt/Conboy report, correspondence and communications in 1999 regarding coach Powers' retention as swim coach and the Tierneys' allegations of sexual misconduct, discovery violations in the prior federal lawsuit through October of 2001, and Bier's decision to forego criminal prosecution against Schnack and/or defer prosecution to the Appellate Prosecutor's Office in early 2000, are all allegations of conduct which occurred more than two years before suit was filed.

11

### B.  PLAINTIFFS' § 1983 CLAIMS ARE BARRED BY ABSOLUTE PROSECUTORIAL IMMUNITY AND/OR QUALIFIED IMMUNITY.

The decision to initiate a prosecution "lies at the heart of the prosecutorial function" and shall not be subject to actions for damages. *Neville v. Classic Gardens*, 141 F. Supp.2d 1377, 1384 (S.D.GA 2001) citing *Altman v. Kelly*, 28 F.Supp.2d 50, 53 (D.Mass. 1998); See also, *Imbler v. Pachtman*, 424 U.S. 409 (1976). Plaintiffs' §1983 claims that defendant Barnard failed to initiate criminal proceedings against Schnack in January of 2000, in addition to being time barred, are subject to dismissal pursuant to Bier's absolute prosecutorial immunity.

A prosecutor's refusal or delay in charging an individual with a criminal offense is a prosecutorial decision afforded the same protection as the decision to initiate or continue criminal proceedings.  See *Anderson v. Simon*, 217 F.3d 472, 475-76 (7th Cir., 2000).  Barnard foregoing criminal charges against Andrew Schnack is clearly within his prosecutorial discretion afforded the protection of absolute immunity.  Even if Barnard's decision to forego criminal charges was malicious, he is still afforded this protection. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir., 1986).

Only if a prosecutor acts in an investigative capacity, such as a police officer would, does the shield of absolute immunity come down. *Buckley v. Fitzsimmons*, 509 U.S. 259, 265 (1993).  Barnard maintains that he is still entitled to a dismissal of plaintiffs' action if afforded only the protection of qualified immunity in that he did not violation any clearly established constitutional right of the plaintiffs.

12

C.  **PLAINTIFFS' HAVE NOT PLEAD A VIABLE § 1983 CLAIM.**

In order to establish a § 1983 violation, plaintiff must plead and prove the following elements: 1) a person acting under color of state law; 2) deprived the plaintiff of rights, privileges or immunities secured either by the Constitution or by federal law; and, 3) the defendant's conduct was the cause in fact of the violation of the Constitution or federal law. *Martinez v. California*, 444 U.S. 277 (1980).

1.  **PLAINTIFFS' HAVE NOT ESTABLISHED A RACIAL OR CLASS BASED DISCRIMINATORY ANIMUS IN SUPPORT OF THEIR §1985(3) AND §1985(2) CLAIMS.**

For both §1985(3) and §1985(2) part two claims, plaintiffs must plead a racial or class based discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Merrigan v. Affiliated Bankshares of Colorado, Inc.*, 775 F. Supp 1408, 1411 1991 U.S.Dist. LEXIS 20607, 5 (Col. 1991); See also, *Bretz v. Kelman*, 773 F.2d 1026, 1029 (9th Cir., 1985).  Only part one of §1985(2) does not require pleading a racial or class based discriminatory animus, because part one applies to witnesses in federal litigation and the federal courts have broader discretion in maintaining their own courts.  *Id*.

Plaintiffs' claim of conspiracy theory does not fall under any recognized racial, political conspiracy that rises to a constitutional claim.  More specifically, *Feng. v. Sandrik*, 636 F. Supp. 77, 83 (N.D. Ill. 1986) clearly states that §1985(3) does not protect First Amendment rights, from which all of plaintiff's claims, right of access, right of association, and free speech, arise.  This claim must be dimissed.

Moreover, plaintiffs claims of conspiracy between Barnard and Bier, which are set out in Paragraphs 97 and 98 of the second amended complaint, are barred by the intra-corporate conspiracy doctrine.  *Allen v. City of Chicago*, 828 F.Supp.543, 564 (N.D. Ill.

13

1993) (citing *Travis v. Gary Community Mental Health Center, Inc.*, 921 F.2d 108, 110-11 (7th Cir. 1990) (a corporation, including a government entity, cannot conspire with its own agents or employees). Barnard and Bier were both officers of the Adams County State's Attorney's Office at the time of the alleged conspiracy, as such, the doctrine applies to them. Further, the doctrine of intra-corporate conspiracy doctrine has been applied to actions brought pursuant to §1985 and §1983. *Travis*, 921 F.2d at 110-111; *Doe v. Board of Education of Hononegah Comm. High School Dist. #207*, 833 F.Supp. 1366, 1382 (N.D. Ill. 1993).

### 2. PLAINTIFFS' DO NOT HAVE A CONSTITUTIONALLY PROTECTED PROPERTY INTEREST TO SUPPORT A PROCEDURAL DUE PROCESS CLAIM.

Defendant maintains that plaintiffs' have not alleged the deprivation of a constitutionally protected property interest or a deprivation of their liberty. Plaintiffs have no constitutional right in the prosecutorial decision to decline or initiate criminal prosecutions. *Anderson v. Simon*, 217 F.3d 472, 475-76 (7th Cir., 2000). They have no constitutionally protected right to belong to Sheridan. (See, Order, March 19, 2001, Page 28). Nor have plaintiffs been arrested, detained, or otherwise subjected to a deprivation of their liberty. Their claim of a violation of procedural due process fails and must be dismissed.

### 3. PLAINTIFFS' HAVE NOT PLED A MATTER OF PUBLIC CONCERN NECESSARY TO CLAIM A VIOLATION OF THEIR RIGHT OF FREE SPEECH, ASSOCIATION, OR ACCESS TO THE COURTS.

The underpinning of all of these constitutional rights is the First Amendment. *Nagle v. Chicago School Reform Board of Trustees*, 2000 U.S. Dist. LEXIS 14075, 22-23 (N.D.Ill. 2000). In order to have a constitutional violation of a right to free speech,

association, or access to the courts, the plaintiffs must plead a matter of public concern. *Id*. Plaintiffs have failed to do so. In fact, quite to the contrary, the content, form, and context of any alleged free speech violation subsequent to June 24, 2002, is Mr. Tierney's private conversation with an investigator of the Illinois Attorney General's Office potentially regarding the alleged conduct of Barnard during the course of the Tierneys state court litigation and/or for a refusal to bring criminal charges against Schnack. As such, it is clear that the forum of the speech was private and the content and context of the speech a matter of purely, private concern only important to the Tierneys. Thus, there is no deprivation of their rights, and this count must be dismissed.

With respect to the their claim of right of association with each other, the same analysis for free speech applies. This becomes quite repetitive, but since the speech was on a matter of purely private concern, there can be no deprivation of the Tierneys right of association with each other. Moreover, there has not been any facts pled which indicates how or why the Tierneys are deprived or prohibited from associating with each other.

With respect to plaintiffs' purported right of access to the courts, again this claim is not well pled. Although notice pleading is sufficient in federal courts, it is difficult to tell if the plaintiffs' claim relates to retaliation in continuing denying membership at Sheridan, which has been addressed *ad nauseum*, or if the claim involves a denial of access to evidence. With respect to the latter, plaintiffs have failed to show materiality and relevance of the evidence and/or testimony of the witness. Moreover, the disclosure of documents was eventually made in the state court litigation. Additionally, plaintiffs failed to avail themselves of the power of the court to enforce its subpoenas with respect to the claim of the non-party witness failing to appear for the hearing

In summary, all of plaintiffs' federal constitutional claims fail for the reasons stated above, and the plaintiffs' second amended complaint must be dismissed.

### III. PLAINTIFFS' PURPORTED STATE LAW CLAIMS ARE BARRED AND SHOULD BE DISMISSED.

#### A. PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

745 ILCS 10/8-101 provides that:

> "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term "civil action" includes any action, whether based on the common law or statutes or Constitution of this State."

Plaintiffs' state court claims for spoliation of evidence, intentional infliction of emotional distress and conspiracy arise from conduct that occurred on June 24, 2002 or through the course of the state court litigation which terminated on April 16, 2003. Plaintiffs filed their initial complaint on June 23, 2004, which was more than one year following the conduct which plaintiffs allege gave rise to their state claims. Plaintiffs have not plead any viable state court action accruing on or after June 23, 2003, thus their state law claims are subject to dismissal.

#### B. PLAINTIFFS' PURPORTED STATE LAW CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY

This court lacks subject matter jurisdiction over the state law claims in plaintiffs' second amended complaint set forth in Section VI, Counts I, II, and III, as plaintiffs' allege that Barnard was an assistant state's attorney for Adams County, a state official, and plaintiffs allege that Barnard's conduct occurred in that capacity. Illinois requires that any action brought against a state official for actions undertaken within the scope of

16

their authority, be brought in the Illinois Court of Claims. See *Hampton v. City of Chicago*, 349 F.Supp.2nd 1075, 1078-1081 (N.D.Ill. 2004) (District Court did not have jurisdiction over state claims against assistant state's attorney for alleged acts within the scope of his authority under doctrine of sovereign immunity).

> **C.    PLAINTIFFS HAVE NO VIABLE FEDERAL CONSTITUTIONAL CLAIM, THUS THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' PURPORTED STATE LAW CLAIMS.**

As stated hereinabove this memorandum and defendant's motion to dismiss, plaintiffs have failed to plead any viable constitutional claim, thus, the court should decline to exercise supplemental or pendent jurisdiction over any purported state law claim.

## CONCLUSION

In conclusion, defendant Jonathan Barnard, prays that this court grant his motion to dismiss plaintiffs' second amended complaint for the reasons set forth herein this memorandum of law and motion to dismiss.

Respectfully Submitted,

DEFENDANT BARNEY BIER, IN HIS INDIVIDUAL CAPACITY AS THE ADAMS COUNTY STATE'S ATTORNEY

By:  s/Julie M. Koerner
Julie M. Koerner Bar Number: 6204852
Attorney for Defendant-Barney Bier
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-9230

E-mail: jkoerner@okgc.com

Julie M. Koerner
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone: (847) 291-0200

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| J. ROBERT TIERNEY, et. al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 04-3138 |
| vi. | ) | |
| | ) | Judge Jeanne E. Scott |
| SHERIDAN SWIM CLUB, INC., et. al. | ) | Magistrate B. G. Cudmore |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 22, 2005, I electronically filed the foregoing **Defendant Barnard's Memorandum in Support of Motion To Dismiss Plaintiffs' Second Amended Complaint** with the Clerk of Court using the CM/ECF system, in which plaintiffs' are participants.

J. Robert Tierney
Ann S. Tierney
2157 Summer Creek Drive
Quincy, IL 62305
217-223-4849
email: spg@insightbb.com

Brett K. Gorman
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey Street
P.O. Box 1069
Quincy, IL 62306-1069
217-223-3030
217-223-1005
bgorman@srnm.com

Paul Bown
Brown, Hay & Stephens, L.L.P.
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
217-544-8491
217-544-9609
pbown@bhsloaw.com

      By:  s/Julie M. Koerner
      Julie M. Koerner Bar Number: 6204852
      Attorney for Defendant-Barney Bier
      O'Halloran, Kosoff, Geitner & Cook, P.C.
      650 Dundee Road, Suite 475
      Northbrook, Illinois 60062
      Telephone: (847) 291-0200
      Fax: (847) 291-9230
      E-mail: jkoerner@okgc.com