E-FILED
Friday, 22 April, 2005 05:04:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
Case No. 02-1403 & 04-1205

| | |
|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, MERYL A. TIERNEY, and CASE M. TIERNEY by and through his next friend J. Robert Tierney, <br><br> Plaintiff-Appellant <br> vs. <br><br> RICHARD POWERS, a Coach of School District No. 172 and a Coach of the Sheridan Swim Club, in his Individual Capacity, QUINCY SCHOOL DISTRICT NO. 172, a Political Subdivision <br><br> Defendant-Appellee | United States District Court for the Central District of Illinois <br><br> Case No. 99-3149 <br><br> Honorable Jeanne Scott, U.S. District Judge Presiding |

## MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS-APPELLANTS

Now come RICHARD L. STEAGALL, attorney for the Plaintiffs-Appellants, and pursuant to this court's inherent powers, moves the court to enter the following Order and for such motion states:

1. The undersigned represented the Plaintiffs-Appellants in the district court and in this appeal. He filed Plaintiffs-Appellants' Brief & Short Appendix and Plaintiffs-Appellants' Appendix.

2. He has been informed by Paul Bown, attorney for Sheridan Swim Club, Inc., that J. Robert Tierney and Ann S. Tierney have filed a pro se action in the U.S. District Court for the Central District of Illinois against Sheridan Swim Club, Inc., officers and agents of Sheridan Swim Club, Inc,. and the attorney for the Quincy School

EXHIBIT C

District No. 172. He has obtained a copy of the docket sheets of the district court in *Tierney v. Sheridan Swim Club, Inc.*, C.D.Ill. Case No. 04-3138. A true copy of that docket sheet is attached. The first the undersigned learned of the June 23, 2004 filing of this pro se lawsuit was when Mr. Bown told him in a telephone call on July 1, 2004.

3. This appeal involves claims against the Sheridan Swim Club, Inc. and certain of its agents and officers for conduct occurring in April 15, 1999 and thereafter. It also involves claims against the Quincy School District No. 172 and certain of its officers and agents for conduct occurring on February 26, 1999 through August 15, 2000 and thereafter as Ann Tierney asserts a claim for denial of promotion in retaliation for exercise of her First Amendment rights. asserts claims.

4. The filing of the pro se lawsuit and conflict between himself and his clients over matters that have been done in the Plaintiffs-Appellants' Brief and matters to be done in this court has created irreconcilable differences between the undersigned and his clients, Plaintiffs-Appellants, J. Robert Tierney, Ann S. Tierney, and Meryl Tierney. The conflicts are to such a degree that the undersigned can not ethically continue to represent the Plaintiffs in this or any other litigation or matter. He is serving the clients with a copy of this motion along with a letter within the attorney-client privilege advising them of the reasons that compel him to file this motion.[1]

5. The undersigned attorney has made reference to the pro se lawsuit because it a matter of public record and not a confidence he obtained from his clients.[2] He has not

---

[1] This court has not adopted Rules of Professional Responsibility. Since this case comes on an appeal from the Central District of Illinois, the undersigned is relying upon the Rules of Professional Conduct of the Supreme Court of Illinois – which are the Rules of Professional Conduct of the Central District of Illinois. CD-IL Local Rule 83.6 (D) – to guide him.

[2] The Rules of Professional Responsibility of the Supreme Court of Illinois define "confidence" as information protected by the lawyer-client privilege. However, R.P.C. 1.6 c –

2

elaborated further on the filing of that lawsuit or on the conflict over matters that have been done and are to be done in this court because of his ethical obligation to keep the confidences of his client imposed by R.P.C. 1.6 (a) of the Rules of Professional Responsibility of the Supreme Court of Illinois.

6. The undersigned realizes that the appellants' brief has been filed, but the conflict between himself and his client is of such a serious nature that he can not ethically continue to represent Plaintiffs-Appellants in any capacity. R.P.C. 1.6 c (1) allows confidences to be revealed by court order. In the event this court has reservations about allowing him to withdraw, he asks that the court enter an Order directing him to file an explanation of the circumstances requiring his withdrawal. That will eliminate his ethical obligation under R.P.C. 1.6 (a) to maintain client confidences enabling him to make full disclosure of the nature of the conflict.

7. Upon entry of an Order of Withdrawal, the undersigned will make arrangements for the transfer of necessary file materials to Plaintiffs-Appellants upon reasonable assurances for payment of outstanding fees and expenses consistent with the original Contract for Legal Services.

**WHEREFORE**, RICHARD L. STEAGALL, attorney for the Plaintiffs-Appellants pray this Court enter an Order granting him leave to withdraw as attorney for the Plaintiffs-Appellants forthwith.

Respectfully Submitted,

RICHARD L. STEAGALL

---

which imposes the lawyer's obligation to maintain client confidentiality uses the term "Confidentiality of Information" and "secret". The information on the conflicts between this lawyer and these clients may well not be confidential because of disclosure made by the client to an adversary. However, the undersigned is liberally construing the application of "confidence" to give the client the benefit of any interpretation.

3

# AFFIDAVIT

RICHARD L. STEAGALL, being first duly sworn on oath, deposes and states that the facts stated in the foregoing motion are true to the best of his personal knowledge and the opinion that there are irreconcilable differences between him and his clients requiring withdrawal is held in good faith by him based upon his 26 years training and experience in the practice of law.

_____
RICHARD L. STEAGALL

Subscribed to and sworn to before me
this 1st day of **July, 2004.**

_____
Notary Public

"OFFICIAL SEAL"
DEBORAH L. BUNCH
Notary Public, State of Illinois
My Commission Expires 1-18-2006

4

## PROOF OF SERVICE

The undersigned certifies that a true and correct copy of this document was duly served upon the individuals set forth below by enclosing a copy of the same in an envelope addressed as set forth below and by depositing the envelope with postage fully prepaid in a U.S. Post Office Mail Box in Peoria, Illinois, on this **1st** day of **July, 2001**:

Mr. Brett K. Gorman
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey
P.O. Box 1069
Quincy, IL  62306

Mr. John J. Gazzoli, Jr.
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, MO  63102

Ms. Megan Guenther
Miller, Tracy, Braun, Funk & Guenther, Ltd.
316 S. Charter
P.O. Box 80
Monticello, IL  61856

Mr. Paul Bown
Brown, Hay & Stephens
700 First National Bank Bldg.
P.O. Box 2459
Springfield, IL  62705

J. Robert Tierney
2517 Summer Creek
Quincy, IL 612301

Ann S. Tierney
2517 Summer Creek
Quincy, IL 612301

Meryl Tierney
2517 Summer Creek
Quincy, IL 612301

*/s/ Richard L. Steagall*

RICHARD L. STEAGALL
Nicoara & Steagall
416 Main Street, Suite 815
Commerce Bank Building
Peoria, IL  61602-1103
Telephone:  (309) 674-6085

Docket as of June 25, 2004 5:06 pm                              Web PACER (v2.4)

# U.S. District Court

## USDC for the Central District of Illinois (Springfield)

## CIVIL DOCKET FOR CASE #: 04-CV-3138

### Tierney, et al v. Sheridan Swim Club, et al

Filed: 06/23/04
Assigned to: Judge Jeanne E. Scott
Jury demand: Plaintiff
Referred to: Mag. Judge Byron G. Cudmore
Demand: $600,000
Nature of Suit: 440
Lead Docket: None
Jurisdiction: Federal Question
Dkt# in other court: None
Cause: 42:1983 Civil Rights Act

| | |
|---|---|
| J ROBERT TIERNEY<br>    plaintiff | J Robert Tierney<br>[COR LD NTC] [PRO SE]<br>2517 Summer Creek<br>Quincy, IL 62301 |
| ANN S TIERNEY<br>    plaintiff | Ann S Tierney<br>[COR LD NTC] [PRO SE]<br>2517 Summer Creek<br>Quincy, IL 62301 |
| CASE M TIERNEY, By and Through<br>his next best friend, J Robert<br>Tierney<br>    plaintiff | Case M Tierney<br>[COR LD NTC] [PRO SE]<br>2517 Summer Creek<br>Quincy, IL 62305 |

    v.

SHERIDAN SWIM CLUB INC, an
Illinois Corporation
    defendant

ANDREW C SCHNACK, III, in his
Individual Capacity
    defendant

DOUG OLSON, members of the
Sheridan Swim Club, Board in
their Individual and Official
Capacities
    defendant

ROBERT W MEYER, members of the
Sheridan Swim Club Inc., board
in their individual and
official capacities
    defendant

ROBERT HULTZ, members of the
Sheridan Swim Club, Inc.,
Board in their Individual and
Official Capacities
    defendant

BARNEY S BIER, Member of the
Sheridan Board in his
individual and official
capacities and in his
Individual Cpacity as the
Adams County State's Attorney
    defendant

JON BARNARD, in his Individual
Capacity as an Adams Count
Assistant State's Attorney
    defendant

DENNIS GORMAN, Attorney for
the Quincy School District
#172, a political subdivision
of the State of Illinois, in
his Individual and Official
Capacities
    defendant

# DOCKET PROCEEDINGS

DATE    #        DOCKET ENTRY

```
6/23/04   1      COMPLAINT -  case referred  to Mag. Judge Byron G. Cudmore
                 (mc) [Entry date 06/25/04]

6/25/04   2      FILING FEE PAID on 6/23/04  in the amount of $ 150  receipt
                 # 4991. (mc) [Entry date 06/25/04]
```

Case Flags:
REFER
33

END OF DOCKET: 3:04cv3138

| PACER Service Center ||
|---|---|
| Transaction Receipt ||
| 07/01/2004 12:00:08 ||
| PACER Login: ns0024 | Client Code: Tierney |
| Description: docket report | Search Criteria: 3:04cv03138 |
| Billable Pages: 3 | Cost: 0.21 |