**E-FILED**
Tuesday, 14 June, 2005  04:18:29 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.04-3138 |
| | ) | **JURY DEMAND** |
| SHERIDAN SWIM CLUB, INC., an Illinois corporation, | ) | |
| DOUG OLSON, ROBERT MEYER, and ROBERT HULTZ, | ) | |
| Members of the Sheridan Swim Club Inc., Board in their | ) | |
| Individual and Official Capacities, ANDREW C. SCHNACK III, | ) | |
| BARNEY BIER, and JON BARNARD in their Individual | ) | |
| Capacities, DENNIS GORMAN, Attorney for The Quincy | ) | |
| School District 172, a political subdivision of the State of Illinois, | ) | |
| in his Individual and Official Capacities, | ) | |
| Defendants | ) | |

### PLAINTIFFS' PARTIAL RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT

Now come the Plaintiffs, J. ROBERT TIERNEY, ANN S. TIERNEY, and for Plaintiffs' Partial Response to the Motions to Dismiss and Memoranda of Defendants SHERIDAN SWIM CLUB INC., ANDREW SCHNACK III, BARNEY BIER, DOUG OLSON, ROBER MEYER, ROBERT HULTZ, JON BARNARD, and DENNIS GORMAN, state: [1]

**INTRODUCTION**

For purposes of ruling on Motions pursuant to Rule 12 (b)(1) Motions, the courts ordinarily construes the complaint liberally, accepts all incontroverted, well-pleaded factual allegations as true, and views all reasonable inferences in plaintiffs' favor.  See *Storm v. Storm,* 328 F.3d 941 (7th Cir. 2003).

---

[1] The Plaintiffs experienced a sudden power failure during a thunderstorm on June 13, 2005, which destroyed some relevant files.  Rather then seek another extension of time, the Plaintiffs will seek to file additional comments and exhibits via a supplemental filing.

Whether subject matter jurisdiction exists is tested <u>as of the date the lawsuit was filed</u>. See *Rosa v. Resolution Trust Corp.,* 938 F.2d 383, 392 n.12 (3d Cir. 1991).  This lawsuit was filed on or about June 22, 2004.

When a claim is challenged under Rule 12(b)(6), the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party.  See *Thompson v. Illinois Dept. of Regulation,* 300 F.3d 750, 753(7th Cir. 2002).  Courts are particularly cautious while inspecting pleadings prepared by plaintiffs who lack counsel and are proceeding *pro se*.  Often inartful, and rarely composed to the standards expected of practicing attorneys, *pro se* pleadings are viewed with considerable liberality and are held to less stringent standards than those expected of pleadings drafted by lawyers.  See *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Circuit 1996).

**THE DEFENDANTS ENTIRE DEFENSE RESTS UPON A FALSE RELIANCE ON THE PRINCIPALS OF RES JUDICATA AND COLLATERAL ESTOPPEL.**

The Defendants are simply trying to hoodwink the Court with a specious argument that a lawsuit filed in June 1999 and a lawsuit filed in June 2004 are based on the same set of facts, transactions and issues.  The facts alleged in the second amended complaint sufficiently establishes otherwise.

The issues and claims and alleged in this complaint arose from factually described and supported causes of action, events, and circumstances, which occurred *on and after June 24, 2002*.  The State Court litigation was filed in February 2002, after the Federal Court, in October 2001, declined further subject-matter jurisdiction over the remaining claims against the Sheridan related defendants based upon causes of action, which occurred *prior to December 1999*.

Amended complaints in the state court litigation were filed in response to the Defendants motions challenging the sufficiency or clarity of the claims.  No new claims were alleged in the amended complaints for causes of action, which occurred after February 2002. This Court needs only to carefully review the pleadings in the State Court complaint 2002-L-12 (attached as exhibits to the Defendants Motion) and the pending Second amended complaint for verification of these facts.

Furthermore, Plaintiffs are not required, as a matter of law to bring claims in an amended complaint for causes of action, which occurred after a compliant, has been filed. New claims can be brought is a supplemental pleading, but are not required.

Per Rule 15(d). Supplemental Pleadings of the Federal Civil Rules Handbook, 2004 edition, pages 424-427.

> "Party's Discretion: Supplemental pleadings are optional. Thus, if a party acquires a claim as a result of facts arising after the original pleading was filed, and the requirements of Rule 15(d) are satisfied, there is an opportunity but not a duty to file a supplemental claim. See Lundquist v. Rice Memorial Hospital, 238 F.3d 975, 977 (8th Circuit 2001) (decision not to file supplemental claim does not prevent assertion of that claim in later separate proceedings; doctrine of res judicata does not apply)."

Plaintiffs can also file new complaints and seek leave of the presiding court to combine the complaints. This situation occurred in the previous federal case 99-3149, which also eventually combined 01-3179 and 01-3380. In addition, since the claims in this complaint are federal claims against State Actors, and persons who were not parties in the State Court litigation, the proper jurisdiction at the time the lawsuit was filed is in Federal Court via a new complaint.

**SHERIDAN'S MOTION TO DISMISS**

Sheridan filed a Motion purportedly under Rule 12(b)(1) and 12(b)(6). Yet Sheridan's entire defense, motion and memorandum relies upon the false application of Res Judicata and Collateral Estoppel. Sheridan raises no argument or assertion that the Plaintiffs failed to state a claim(s) for which relief can be granted. Thus the claims against Sheridan are uncontested under12 (b)(6), and a motion under 12(b)(1) is the only motion before the court.

Sheridan entire 12(b)(1) motion relies upon the applicability of res judicata and collateral estoppel. Attached as Exhibit A is the discussion and analysis of the principals of Res Judicata and Collateral Estoppel as found in §2.19 of the Federal Civil Rules Handbook, 2004 edition, pages 117-133. As clearly alleged in the complaint, the issues and claims against the defendants arose from different transactions and occurrences – from subsequent "voyages" that did not take place until on and after June 24, 2002.

3

The claims against Sheridan in complaint 99-3149 arose from Sheridan's unlawful retaliation and termination of the Plaintiff's Sheridan membership and unlawful banishment from public events held at Sheridan Swim Club. At no time was the issue of a rejected application for membership a cause of action for claims against Sheridan Swim. Not in federal case 99-3149 or in state court complaint 2002-L-12.

Since 2002, Sheridan has indiscriminately solicited new members by advertising over the _public_ airwaves, print media, and public roadside billboards, without asserting or stating any caveat or disclaimer regarding membership eligibility standards or restrictions. Sheridan is by policy and practice a municipal pool open to any and all. These are fact intensive issues and allegations, which must be accepted as true that cannot be decided by a Rule 12 Motion.

Some of the claims in this case resulted from Sheridan's conspiracy with state actors and Sheridan's rejection of the Plaintiffs fresh attempts to apply for any and all memberships to Sheridan Swim Club. The attempts to obtain Sheridan memberships were rejected solely on the grounds that the Plaintiffs had filed lawsuits against various parties and had discovered new causes of actions to pursue civil and criminal legal action against certain individuals. Sheridan was aware that the Plaintiffs were considering new litigation over these causes of action. The Plaintiffs have a protected constitutional right to petition the courts without retaliation, which is a protected form of free speech.

The State Actor issue of the Sheridan related defendants is also predicated upon these new transactions, occurrences, and relationships which occurred well after June 1999, which was the filing date of federal complaint 99-3149, as well as after February 2002. These state actor issues are clearly described in the second amended complaint, especially the aggravating involvement of the office of Adams County State's Attorney in retaliation against the Plaintiffs and interference with access to the courts. The complaint sufficiently asserts facts establishing triable issues of fact that Sheridan is a state actor under 5 separate tests. (See ¶¶ 13-40 of the Second Amended Complaint). This issue can only be resolved after a fact-intensive inquiry and not by a Rule 12 Motion.

**DEFENDANTS BIER & BARNARD MOTIONS TO DISMISS**

Bier and Barnard are attempting to cloak themselves with the protective robes of sovereign immunity afforded State's Attorneys in the lawful performance of their duties. Bier,

Barnard, falsely assert that they are sue in their capacities as state actors.  They are not sued in their capacity as State's attorneys.  They are sued in their individual capacity.  Plaintiffs recognize the fact that Bier and Barnard could not have acted in any capacity as State's attorney due to their conflicts-of-interest.  Bier and Barnard abused the power and weight of the office of the Adam's County State's Attorney in matters dealing with civil litigation – not any criminal prosecution subject to their discretionary jurisdiction.

Plaintiffs did not allege any claim against Bier because he failed to initiate prosecution. At no time since at least February 2002, could Bier or Barnard have functioned in any lawful capacity as State's Attorneys.  As of February 2002, Bier was a defendant in the State Court litigation and Barnard was the attorney of record providing legal representation to all the defendants in a civil lawsuit.  At no time were Bier and Barnard lawfully empowered to engage any prosecutorial capacity or even exercise discretionary jurisdiction regarding the criminal offenses of Schnack do to their (Bier & Barnard) admitted irreconcilable conflicts of interests. Bier and Barnard have no claim to prosecutorial or sovereign immunity since the claims against them are not predicated upon any unlawful acts which Bier or Barnard engaged in, or could have engaged in, the official performance of their duties as State's attorneys.  See 55 ILCS 5/3 Counties Code State's Attorney.

Three 8th Circuit Court Judges have already offered an ex-parte opinion per the letter of Chief Judge Brownfield that they are not aware of any statute that lawfully permitted Bier to order the impoundment of the case file regarding the perjury offense of Defendant Schnack. Only a Court "order" could authorize the impoundment.  Impounding a civil or criminal case record is beyond the lawful duties of a State's Attorney even when he has jurisdiction over a case, which Bier never did.  The impoundment occurred after the case had allegedly been place under the jurisdiction of the Appellate Prosecutor.  See exhibits B1 –B6 of the second amended complaint.

Of particular note is the fact that Bier is also the only defendant who is a current member of the Sheridan Board of Directors, yet he is not represented by the same attorney who represents all the other Sheridan related defendants.  Bier should have recused himself from any discussions and/or actions pertaining to the Tierney's applications for Sheridan membership due to his conflicts-of-interests.  Yet he actively argued for and participated in the Sheridan Board's decision to deny memberships to the Plaintiffs.

5

**DEFENDANTS' BARNARD AND GORMAN'S RULE 12 MOTIONS ARE ACTUALLY MOTIONS FOR SUMMARY JUDGMENT UNDER RULE 56.**

Defendants Barnard and Gorman have attached "extrinsic materials" as exhibits, which are court documents from federal case 99-3149 and state court case 2002-L-12 to their Motions to Dismiss, *but the Plaintiffs claims are not premised upon those documents*. They have also alleged statements of fact predicated upon alleged court documents without providing supporting, authenticated documentation.  For example, Defendants Barnard and Gorman falsely state that the Federal Court ruled the Tierney's free speech was not on an issue of public concern and that Defendant Bier was previously sued in his capacity as the Adams County State's attorney.  These statements and many others, are false.

Per Federal Civil Rules Handbook, 2004 edition, Rule 12 Motions pages 340-341 and case citations.

> "The parties may produce affidavits and other materials either in support of or in opposition to a motion for failure to state a claim.  However if the court, in its discretion, considers such extrinsic evidence, the motion must be converted into a request for summary judgment under Rule 56….  Moreover, many courts also permit the Rule 12(b)(6) consideration of "undisputably authentic documents" even though the documents were not attached to the complaint, so long as the authenticity of the documents is not challenged, the documents are attached to the motion to dismiss, *and plaintiff's claims are premised upon the documents.*" (Emphasis added).

It is an undisputed fact that the Plaintiffs claims *are not premised* upon any document attached as an exhibit the Defendants Motions to dismiss.  Therefore, the Court should convert the Rule 12 Motions to Rule 56 Motions and allow for discovery.

In addition, the court should strike the Motion to Dismiss filed by Defendants Bier, Barnard, and Gorman since those Motions present arguments over claims against Defendants Sheridan, Schnack, Olson, Meyer, and Hultz.  The attorneys for Bier, Barnard, and Gorman do not represent those other parties.  As stated above, although Bier is a Sheridan Board member, and there are claims against Bier for unlawful acts while acting in that capacity, his attorney only

filed an appearance and Motion to Dismiss based upon Bier capacity as the Adams County State's Attorney.  Bier is not sued in that capacity; he is simply sued in his individual capacity. The same applies for Defendant Barnard.

The Rooker-Feldman doctrine is not applicable since the injuries that have accrued to the Plaintiffs occurred after and outside the claims and issues asserted in the State Court complaint 2002-L-12, and did not arise from the same core of operative facts.  And as stated above, as a matter of law, the Plaintiffs were not obligated to bring new claims, which arose after the filing of the State Court action in February 2002.

Petitioning the courts for redress of grievances is recognized by the federal courts as a form of protected free speech.  Furthermore, the public concern aspect of the free speech of the Tierney is well supported by the actions (letter) of 8th Circuit Chief Judge Brownfield to the Adams County Circuit Clerk in response to Bier's unlawful impounded of public records without a court order and confirming the right of the public under the Freedom of Information Act to have access to public records.


**SECTION 1985 CLAIMS ARE SUFFICIENTLY PLEAD**

Claims Under 42 U.S.C. § 1985(2 & 3)

Defendants conspired to intentionally deprive the Plaintiffs of their rights to access the courts and to petition the Government for redress of grievances: Plaintiff repeats and realleges the allegations referred to in paragraph 118.  A third source of the right of access of the courts asserted in the complaint is the statutory right of protection from retaliation extended to plaintiffs and witnesses in federal civil rights suits of 42 U.S.C. § 1985 (2).  The complaint also states a claim for causes of action, which occurred after filing a lawsuit in Federal & State Court for civil rights conspiracy actionable under 42 U.S.C. §1985 (2).

Private conspirators are directly liable under § 1985(2) for attempts to harass or interfere with parties or witnesses in litigation without the requirements of state action or class-based animus.

However, in the alternative, Defendants, Bier, Barnard, Gorman, and the Quincy School District are clearly State Actors, acting under color of state law in conspiracy and joint action with Schnack and Sheridan, thus making State Actors of Schnack, Sheridan, and the Sheridan Board.

Schnack, Gorman, and Barnard conspired to withhold and/or destroy evidence and give false, misleading, and evasive testimony that was intended to and to obstruct the due course of justice and the judicial process, interfered with access to witnesses, conspired to intentionally deprived the Plaintiffs of the right of access to the courts and to petition the Government for redress of grievances after the filing of a law suit through the conduct alleged in ¶¶'s 41-82.

Bier, Barnard, and Schnack obstructed, hindered, and impeded an investigation by constituted authorities of the State of the harassing phone calls directed toward the Tierney family by Schnack Bier, Barnard, and Schnack obstructed, hindered, and impeded an investigation by constituted authorities of the State into the harassment and intimidation of the Plaintiffs in a Federal lawsuit through the conduct alleged in ¶¶'s 83-89, and 96-114.

Gorman and the QSD obstructed the Plaintiffs access to evidence and witnesses during hearings and discovery in the State Court proceedings.

Barnard and Gorman obstructed and denied the Plaintiffs access to witnesses during the discovery process.

A.    42 U.S.C. §1985.  Conspiracy to Interfere with Civil Rights.
(2) Obstructing justice; intimidating party, witness, or juror.

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified,……. or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

Defendants conspired to intentionally deprive the Plaintiffs of their constitutionally protected rights and privileges:  Plaintiff repeats and realleges the allegations referred to in paragraph 119 for the Federal Claims asserted herein.  The complaint also states a claim for

causes of action, which occurred after filing lawsuits in Federal and State Court for a civil rights conspiracy actionable under 42 U.S.C. §1985 (3).

The Defendants, acting under of color of state law, conspired together to retaliate against and interfere with the Plaintiff's rights and attempts to petition the government and the courts as alleged in ¶¶'s 41-89, and 96-118.

Schnack, Gorman, and Barnard conspired to withhold and/or destroy evidence and give false, misleading, and evasive testimony that was intended to and to obstruct the due course of justice and the judicial process.

The Defendants interfered with and/or prevented the Plaintiff from petitioning the State for redress of grievances.

Defendants obstructed, hindered, and impeded an investigation by constituted authorities of the State regarding the criminal acts of Schnack as alleged in ¶¶'s 64-89, and 96-118: Defendant Bier and Barnard obstructed and impeded constituted authorities of the State, from carrying out their duties in a lawful manner as required by the provisions of a Court Order and 55 ILCS 5/3 *Counties Code State's Attorney.*

B.      42 U.S.C. §1985.  Conspiracy to Interfere with Civil Rights.

**(3)** Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire……, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;…. in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

9

**CONCLUSION**

This case involves unlawful civil and criminal conduct by officers of the court, and the subsequent attempts by those attorneys to cover up the acts and coerce the Plaintiffs into abdication their constitutionally protected civil rights.    None of these attorneys were acting in any lawful capacity subject to immunity.   The common thread running through the various Motions to dismiss is the belief that since they were given a judicial pass once, they are now free to engage in unlawful *civil and criminal* acts against the Plaintiffs, and enjoy perpetual immunity from justice in a court of law.  At least 8th Circuit Chief Judge Brownfield exercised has finally determined that unlawful acts did occur and the constitutionally protected rights of the Plaintiffs were in fact being violated.  Writing for the Federal Court on a previous case, Judge Posner set forth the Seventh Circuit's view on the rights of common citizens.

"That the public was not large, that the issues were not global significance and that [Plaintiffs'] participation was not (we mean no disrespect) speech outside the orbit of protection. We are troubled that the defendants appear not to accept or even understand this fundamental point about American civil liberties."

*Dishnow v, School District of Rib Lake,* 77 F.3d 194, 197 (7th Cir. 1996).

This Court should deny Defendants Motions to Dismiss.

Respectfully submitted,

Plaintiffs, pro se

**PROOF  OF  SERVICE**

Service of the foregoing instrument was made by sending this document as a PDF attachment to an e-mail to the following CM/ECF participants, or faxing a copy of same to the fax number of such attorneys of record of the parties to the above cause or, by hand delivering same in an envelope addressed to such attorney/parties at their business address as disclosed by the pleadings of record herein; or, by enclosing the same in an envelope addressed to same attorneys/parties, with postage thereon fully prepaid, addressed to the individuals set forth below and by depositing the same in the United States Mail from the Office on this _ 14 day of ___June, 2005.

Julie Koerner & Clifford Kosoff
O'Halloran, Kosoff, Geitner & Cook
650 Dundee Road Suite 475
Northbrook, Illinois 60062
E-mail:jkoerner@okge.com

Paul Bown
Brown, Hay & Stephens, LLP
205 South Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705
Fax: 217-5449609

Brett K. Gorman
Schmiedeskamp, Robertson
525 Jersey Street
P.O. Box 1069
Quincy, IL 62306-1069
Fax:  217-223-1005

Robert Tierney
Ann Tierney
2517 Summer Creek]
Quincy, IL 62305
217-223-4849
E-Mail spg@insightbb.com