## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| J. ROBERT TIERNEY and | ) | |
| ANN S. TIERNEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  04-3138 |
| | ) | |
| SHERIDAN SWIM CLUB, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants Sheridan Swim Club, Inc., Robert W. Meyer, Andrew C. Schnack III, Doug Olson, Robert Hultz, Jon Barnard, Barney S. Bier, and Dennis Gorman's Motions to Dismiss (d/e 26, 44, 56, 59, & 61), and Plaintiff J. Robert Tierney's Amended Motion for Leave to File a Supplemental Complaint (d/e 71).[1]

---

[1] Plaintiff Ann Tierney did not file the pending Motion (d/e 71).  The Plaintiffs are appearing <u>pro se</u> and have elected to file documents electronically.  Each party appearing <u>pro se</u> must sign each document filed on his or her behalf.  As this Court explained earlier, an electronically filed document is deemed to be signed by the person filing it.  <u>Text Order entered March 28, 2005</u>; <u>Local Rule</u> 11.4.  Plaintiff Robert Tierney filed the pending Motion (d/e 71) electronically and so is the only <u>pro se</u> party deemed to have signed the document.  Thus, the Motion is filed on his behalf only.

The Plaintiffs J. Robert Tierney and Ann S. Tierney (collectively the Tierneys) allege in their Corrected Second Amended Complaint (d/e 39)(Complaint) that the Defendants committed various acts in violation of 42 U.S.C. §§ 1983 and 1985(2) and (3).  The Tierneys also assert several state law claims.  For the reasons set forth below, the Tierneys fail to state a claim under either § 1983 or § 1985.  The Court therefore grants the Motions to Dismiss.  The Court further denies Plaintiff Robert Tierney's request to file supplemental pleadings.

## STATEMENT OF FACTS

For purposes of the Motions to Dismiss, the Court must accept as true all of the Tierneys' well-pleaded factual allegations and draw all inferences in the light most favorable to them.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Court, however, is not obligated to give any weight to unsupported conclusions of law.  R.J.R. Services, Inc. v. Aetna Cas. and Sur. Co., 895 F.2d 279, 281 (7th Cir. 1989).  The Court may also consider matters of which the Court can take judicial notice, such as public records from other court proceedings.  Menominee Indian Tribe of Wisconsin v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998).  The Court

should only grant the Motions to Dismiss if it appears beyond doubt that the Tierneys can prove no set of facts that would entitle them to relief. <u>Doherty v. City of Chicago</u>, 75 F.3d 318, 322 (7th Cir. 1996).

The Complaint sets forth the following allegations. The Tierneys are residents of Quincy, Adams County, Illinois. The Defendant Sheridan Swim Club, Inc. (Sheridan) is a for-profit corporation that operates a swim club in Quincy. Defendants Olson, Meyer and Hultz are members of the Sheridan Board of Directors (Board). Defendant Schnack is an attorney and was a member of the Sheridan Board from March 1999 until March 2002. Defendant Bier is the Adams County State's Attorney and, also, was a member of the Sheridan Board from March 1999 until March 2001. Bier joined the Sheridan Board again in March 2004. Defendant Barnard is an Adams County Assistant State's Attorney. Defendant Gorman is an attorney who represented the Quincy School District #172 (QSD) as a defendant in previous lawsuits filed by the Tierneys.

The Tierneys previously filed lawsuits against Sheridan and several of the individual Defendants. In 1999, the Tierneys filed an action in this Court against Sheridan, QSD, and others, including Bier and Schnack, alleging that the Defendants violated their civil rights by terminating the

Tierneys' Sheridan membership.  Tierney v. Powers, Case No. 99-3149 (Original Federal Action).[2]  The Tierneys claimed that the Defendants terminated their Sheridan Club membership because the Tierneys complained that Richard Powers, the then coach of both the QSD swim team and the Sheridan Club swim team, committed a battery upon their 16 year-old daughter and other girls who were members of those two swim teams.  Powers allegedly fondled the girls' upper thighs and backs under the guise of giving them "massages."  The Tierneys amended their complaint in the Original Federal Action to add several other defendants and several additional claims.  Some of the claims centered on the allegation that the QSD conducted a confidential investigation of their complaints against Powers and prepared a report (Report), which the defendants disclosed to other individuals, but not to the Tierneys.

The defendants in the Original Federal Action ultimately prevailed.  This Court dismissed certain counts for failure to state a claim.  Order entered March 19, 2001 (Case No. 99-3149 (d/e 118)).  This Court entered summary judgment in favor of Sheridan because Sheridan was not a state

---

[2]Plaintiff Ann Tierney filed two additional actions against QSD in this Court. Tierney v. Quincy School District No. 172, Case No. 01-3179; Tierney v. Quincy School District, Case No. 01-3380.  QSD prevailed on both of those actions.

4

actor.  <u>Order entered October 23, 2001 (Case No. 99-3149 (d/e 189))</u>.  This Court then entered summary judgment in favor of QSD on all federal claims against it, and dismissed the action.  <u>Order entered October 22, 2003 (Case No. 99-3149 (d/e 326))</u>; <u>Minute Entry on October 23, 2003; Judgment entered October 23, 2003 (Case No. 99-3149 (d/e 328))</u>.  The Seventh Circuit affirmed.  <u>Tierney v. Quincy School District No. 172</u>, Case Nos. 02-1403 & 04-1205, Circuit Rule 53 Order (7th Cir. February 22, 2005); <u>Tierney v. Vahle</u>, 304 F.3d 734 (7th Cir. 2002).

The Tierneys also filed an action against Sheridan and individual Defendants Bier, Olson, Schnack, Meyer, Hultz, and others, in the Illinois Circuit Court for Adams County, Illinois.  <u>Tierney v. Sheridan Swim Club, Inc., et al.</u>, Adams Co. Circuit Court, Case No. 02-L-12 (Adams County Action).  <u>Memorandum in Support of Motion to Dismiss Plaintiff's Second Amended Complaint (d/e 45) (Sheridan Memorandum)</u>, Exhibit A, Case No. 02-L-12, <u>Third Amended Complaint</u>.[3]  The Tierneys filed the Adams County Action after this Court entered judgment in favor of Sheridan, Bier,

---

[3]The Tierneys argue that the Court may not go outside the pleadings when considering a motion to dismiss.  As noted above, however, this Court may consider matters of which the Court can take judicial notice, such as public records from other court proceedings.  <u>Menominee Indian Tribe of Wisconsin</u>, 161 F.3d at 456.

5

and Schnack in the Original Federal Action and dismissed them from that case. Barnard represented the Defendants in the Adams County Action. The state court ultimately entered judgment in favor of defendants in the Adams County Action. The Tierneys appealed but ultimately failed to file a brief, and the appeal was dismissed. <u>Memorandum in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint (d/e 60) (Gorman Memorandum)</u>, Exhibits A and B.

The Tierneys' current claims concern: (1) the Defendants' actions taken in connection with the Adams County Action; and (2) the Defendants' response to Plaintiff Robert Tierney's statements to state officials, including representatives of the Illinois Attorney General's Office regarding Defendants Bier, Barnard, Schnack and others.

On June 24, 2002, an evidentiary hearing occurred in the Adams County Action (Hearing). The Tierneys subpoenaed several individuals, including several affiliated with QSD, to testify at the Hearing. The Adams County Sheriff's Department served the subpoenas. Bier used his authority as Adams County State's Attorney to direct the Sheriff's Department personnel serving the subpoenas to instruct the subpoenaed individuals to contact Barnard. Gorman, as attorney for QSD, instructed several

6

subpoenaed individuals not to appear at the Hearing.  As a result of these actions, most of the subpoenaed individuals did not appear at the Hearing, and so, the Tierneys could not present the testimony of these individuals.

The Defendants and QSD were required to produce documents in connection with the Hearing.  Prior to the Hearing, Bier and Barnard took possession of Sheridan records and stored them in the Adams County State's Attorney offices.  One document that the Tierneys allege should have been produced was a letter dated March 5, 1999, from Schnack to Gorman (Letter).  The Letter indicates that Schnack was aware of the contents of the Report concerning the Tierneys' 1999 complaints about Powers' battery of their daughter and others.  The Tierneys allege that the Defendants wrongfully withheld the Letter in both the Original Federal Action and the Adams County Action.

Schnack falsely testified at the hearing that he had no knowledge of any complaints about Powers and the alleged battery until April 1999.  The Letter would have proven that this testimony was false, but Defendants had wrongfully withheld it.   The Plaintiffs allege that Barnard suborned Schnack's false testimony by calling Schnack as a witness.  Plaintiffs also allege that Gorman gave false, misleading, and evasive testimony at the

Hearing, but the Tierneys do not aver any details.

On or about October 17, 2002, the Plaintiffs learned of the existence of the Letter.  On October 18, 2002, Gorman told Barnard and Bier that the Plaintiffs had learned of the existence of the Letter.  Bier then sought to have the Office of the Illinois State's Attorney Appellate Prosecutor appointed as special prosecutor to investigate charges of possible perjury by Schnack.  The Adams County Court appointed the Appellate Prosecutor. Second Amended Complaint, Exhibit B-2, People v. Schnack, Case No. 02-MR-98, Order for Appointment of Special Prosecutor (Adams Co. Cir. Ct. October 18, 2002).  Bier then unlawfully instructed the Adams County Circuit Clerk to classify case No. 02-MR-98 as an eavesdropping or wire tap case and to have the case impounded to conceal its existence.  The Appellate Prosecutor accepted possession and control of the evidence pertaining to Schnack's alleged perjury, but he took no action.  The Tierneys secured access to this state court file in November 2004.   Second Amended Complaint, Exhibit B-5, Letter from Chief Judge Thomas Brownfield to Adam Co. Cir. Ct. Clerk, dated November 5, 2004.  The Tierneys do not alleged that the case file in Case No. 02-MR-98 contained any new information material to the Adams County Action.

8

After uncovering the Letter, the Adams County Circuit Court authorized the Tierneys to engage in additional discovery.  The Tierneys scheduled several depositions.  Barnard wrongfully instructed several deponents not to appear at those depositions.  Barnard and Bier also wrongfully took possession of Sheridan records and concealed and/or destroyed some of those records.

In February 2003, Plaintiffs deposed Defendant Olson.  In that deposition, he testified that Defendant Schnack had made obscene and harassing phone calls to the Tierneys in 2000.  The Tierneys had already asked the Adams County State's Attorney Office, at the time of the calls, to investigate and prosecute the perpetrator.  In 2000, Bier turned over the investigation of those harassing phone calls to the State Appellate Prosecutor.  Sheridan was still a defendant in the Original Federal Action at this time, and Bier was then the president of the Sheridan Board.  After Olson's deposition in February 2003, Bier and Barnard took no further action with respect to the harassing and obscene phone calls.[4]

In May 2003, Robert Tierney spoke to several state officials, including

---

[4]The Tierneys also allege that during the pendency of the Adams County Action, Barnard obtained raw criminal offense reports from the Adams County Sheriff's Department which pertained to these phone calls.

representatives of the Office of the Illinois Attorney General, regarding the actions of Bier, Barnard, Schnack, and others.  Bier, Barnard, and Schnack learned of Tierney's statements and conspired to retaliate against him.  The Tierneys allege that, in May and June 2003, upon the instructions and encouragement of Schnack, Bier, and Barnard, Sheridan rejected all attempts to secure a youth membership at Sheridan for the Tierneys' minor son Case Tierney unless the Tierneys would drop all pending lawsuits and agree not to pursue any other claims.

The Tierneys again tried to get a Sheridan youth membership for Case Tierney in June 1994, but Sheridan again refused.  Bier and Olson again urged the Sheridan Board to deny the youth membership to Case Tierney unless the Tierneys agreed to drop all lawsuits and agreed not to pursue any other legal remedies for their new causes of action.

<u>ANALYSIS</u>

## I.   <u>MOTIONS TO DISMISS</u>

Based on these factual allegations, the Tierneys assert seven federal claims for violation of 42 U.S.C. §§ 1983 and 1985(2) and (3), and three state law claims.  Counts I through V are based on § 1983.  Counts VI and VII are based on §§ 1985(2) and (3).  The Tierneys allege in Count I that

the Defendants intentionally deprived them of, and interfered with, their right of access to the courts.  <u>Second Amended Complaint</u>, ¶123.  The Tierneys allege in Count II that the Defendants retaliated against them because Plaintiff Robert Tierney had exercised his right of free speech to complain to the representatives of the Illinois Attorney General's Office and other state officials.  <u>Id.</u> at ¶ 124.  The Tierneys allege in Count III that the Defendants interfered with their rights of association with each other and with their minor son Case Tierney.  <u>Id.</u> at ¶ 125.  The Tierneys allege in Count IV that they were denied their property and liberty without due process by the Defendants' retaliatory conduct.  <u>Id.</u> at ¶ 126.  The Tierneys allege in Count V that Sheridan ratified all the wrongful conduct of the other Defendants.  <u>Id.</u> at ¶ 127.  The Tierneys allege in Count VI that the Defendants intentionally engaged in a conspiracy to deprive them of their right of access to the courts.  <u>Id.</u> at ¶ 128.  The Tierneys allege in Count VII that the Defendants intentionally engaged in a conspiracy to deprive them of their constitutionally protected rights.  <u>Id.</u> at ¶ 129.  The Defendants move to dismiss all these claims.  The Court agrees with the Defendants that the Tierneys fail to state a federal claim.  The Court will address each federal Count in order.

11

A.    Count I

The Tierneys claim that the Defendants engaged in obstructive tactics during the course of the Adams County Action to deprive them of their right of access to the courts.  To state a claim for denial of access to the courts, a plaintiff must allege that he has a meritorious claim, and that the defendant acted under color of law intentionally to effectively deny the plaintiff the ability to pursue his claim.  Christopher v. Harbury, 536 U.S. 403, 414-15 (2002); Thomas v. Boggs, 33 F.3d 847, 852-53 (7th Cir. 1994). The action is available only for pre-filing conduct because, once the case is filed, the trial court presiding over the matter can redress improper conduct during the course of the litigation.  Estate of Smith v. Marasco, 318 F.3d 497, 511 (3rd Cir. 2003).

In this case, most of the alleged wrongdoing occurred after the Tierneys filed the Adams County Action.  The Tierneys allege that one or more Defendants: (1) refused to produce documents in connection with the Hearing; (2) provided false testimony at the Hearing; (3) interfered with witnesses subpoenaed to appear at the Hearing; and (4) subsequently interfered with the conduct of discovery.  All of these issues could have been addressed to the trial court in the Adams County Action.  Indeed, the

Plaintiffs raised many of these matters in the Adams County Action. <u>Gorman Memorandum</u>, Exhibit F, <u>Plaintiff's Combined Motion for Sanctions for Bad Faith Non-compliance with the Rules of Civil Procedure on Discovery, For Sanctions for Failure to Produce Documents as Ordered by the Court at a Preliminary Injunction Hearing, For an Injunction, For a Protective Order and to Compel Discovery, filed October 30, 2002</u>.  As such, the Defendants' post-filing actions did not deny the Tierneys access to the courts.

The Tierneys also allege that one or more of the Defendants did not produce the Letter in discovery in the Original Federal Action.  Remedies for those discovery violations were available in the Original Federal Action. These allegations also fail to state a claim for denial of access to the courts. Moreover, all the Letter tends to prove is that Gorman disclosed the contents of the Report to Schnack in early March 1999.  This Court determined in the Original Federal Action that the disclosure of the contents of the Report did not violate the Tierneys' rights.  <u>See</u> <u>Order entered March 19, 2001 (Case No. 99-3149 (d/e 118))</u>, at 9-11, 16; <u>Order entered October 23, 2001 (Case No. 99-3149 (d/e 189))</u>, at 17-18; <u>Order entered October 22, 2003 (Case No. 99-3149 (d/e 326))</u>, at 39-42.  Thus, the Letter was not

material to proving a meritorious claim.

The Tierneys also allege that Bier: (1) turned over to the Office of the State Appellate Prosecutor the investigation of the 2000 obscene and harassing phone calls and the possible perjury by Schnack at the Hearing; (2) caused the court clerk to impound the court file in Case No. 02-MR-98; and (3) took no action regarding the 2000 obscene harassing phone calls after he learned in February 2003 that Schnack had made the calls. None of these matters affected the Tierneys' access to the courts. Bier's handling of these two possible criminal matters did not affect the Tierneys' civil claim in the Adams County Action. Moreover, Bier acted properly by turning the two matters over to the State Appellate Prosecutor. Bier had a conflict of interest since he was associated with Sheridan and was a defendant in both the Original Federal Action and the Adams County Action. He therefore let an independent state agency handle these matters rather than his office.

Impounding the court file of Case No. 02-MR-98 also did not affect the Tierneys' rights of access to the courts. The Tierneys do not allege that: (1) the court file contained any new information that was material to any claim that they sought to bring against any Defendant, or (2) that

impounding the file effectively precluded them from bringing the claim.[5]
The Tierneys do not state a claim for denial of access to the courts.

B.    <u>Count II</u>

Count II attempts to assert a claim for First Amendment retaliation.
The Tierneys allege that Bier, Barnard, Schnack, and others instructed and
encouraged Sheridan to deny Case Tierney a youth membership in Sheridan
in retaliation for Robert Tierney's exercise of his First Amendment rights by
talking to Illinois state officials, including representatives of the Office of the
Illinois Attorney General.   This claim fails because the alleged wrongful
conduct was not done under color of law.

Section 1983 provides a remedy for action done under color of law.
42 U.S.C. § 1983.  An act is done under color of law if the actor uses, or
abuses, his official authority to perform the act.  If, however, the person acts
as a private citizen on a personal matter, he does not act under color of law.
<u>Honaker v. Smith</u>, 256 F.3d 477, 484-85 (7th Cir. 2001); <u>Hughes v. Meyer</u>,
880 F.2d 967, 971-72 (7th Cir. 1989).  Here, Bier, Barnard, and Schnack
instructed and urged Sheridan not to give Case Tierney a youth membership

---

[5]The Tierneys secured access to the file in November 2004, before filing the Complaint, and so were in a position to know whether the file contained any new material information.

unless the Tierneys quit suing Sheridan and them.  Bier and Barnard did not use, or abuse, the power of the State's Attorneys office to instruct and urge Sheridan to take this position.  Bier and Schnack were co-defendants with Sheridan in the Adams County Action, and Barnard was Sheridan's attorney in the Adams County Action.  They did not act under color of law.  Furthermore, Schnack was not a state official.  The Tierneys allege that Schnack acted under color of law because he conspired with Bier and Barnard in this endeavor, but since they were not acting under color of law in this conspiracy, neither was he.

The Tierneys also repeatedly allege the legal conclusion that Sheridan is a state actor.  This Court already determined that Sheridan was not a state actor in the Original Federal Action.  This finding is binding on these parties, absent an allegation of some subsequent act by Sheridan that would change its status and make it a state actor.  See e.g., Chicago Truck Drivers, Helpers and Warehouse Union (Independent) Pension Fund v. Century Motor Freight, Inc., 125 F.3d 526, 530 (7th Cir. 1997).  The only alleged subsequent actions by Sheridan are: (1) being a defendant in the Adams County Action, and (2) conspiring with Bier, Barnard, Schnack and others to deny Case Tierney a youth member unless the Tierneys would agree to

16

quit suing it and them.  The fact that the Tierneys joined Bier and Sheridan as co-defendants in the Adams County Action does not make Sheridan a state actor.  Neither does Barnard's representation of Sheridan as a private client in a private civil action.  Barnard does not act under color of law when he acts as a private attorney representing private clients in civil law suits. Honaker, 256 F.3d at 484-85.  Also, as explained above, no party to the conspiracy to deny Case Tierney a Sheridan youth membership acted under color of law, so Sheridan cannot be considered a state actor based on this conspiracy.  Count II fails to state a claim.

        C.   Count III

Count III asserts that the Defendants denied the Tierneys their right to familial association with each other and with their son Case Tierney.  To state a claim for a violation of the right to familial association, the Tierneys must allege that the Defendants denied them, and Case, the right to live together as a family.  Brokaw v. Mercer County, 235 F.3d 1000, 1018-19 (7th Cir. 2000).  The Tierneys do not allege that the Defendants prevented them from living together as a family.  Count III fails to state a claim.

D.   <u>Count IV</u>

The Tierneys assert a claim for denial of procedural due process.  The Tierneys, however, do not allege that the Defendants denied either of them a property or liberty interest.  Case Tierney was denied a Sheridan youth membership, but he has no property or liberty interest in such a membership, and the Tierneys, as his parents, certainly have no liberty or property interest in such a membership.  Furthermore, as explained above, the denial of the youth membership did not involve any action taken under color of law.  Count IV fails to state a claim.

E.   <u>Count V</u>

Count V alleges that Sheridan ratified the acts of the other Defendants.  Since the allegations against the other Defendants do not state a claim, an allegation that Sheridan ratified those acts does not state a claim.

F.   <u>Counts VI and VII</u>

The Tierneys assert that the Defendants conspired to interfere with their constitutionally protected rights and privileges, including their rights to access to the courts and to petition the Government for redress, in violation of 42 U.S.C. §§ 1985(2) and (3).  To state a claim under §§

1985(2) and (3), a plaintiff must generally allege that the defendant acted out of a class-based animus.  <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971).  While a plaintiff does not need to allege a class-based animus if he alleges a conspiracy under § 1985(2) to interfere with a witness in a case in federal court, he does need to allege a class-based animus to state a claim for denial of access to the state courts.  <u>Wright v. Illinois Dept. of Children & Family Services</u>, 40 F.3d 1492, 1507 (7th Cir. 1994).  The Tierneys allege a conspiracy to interfere with the Adams County Action, in a state court, rather than a federal court action.  They further do not allege that any Defendant acted out a class-based animus in any of their alleged conspiracies against the Tierneys.  The Tierneys therefore fail to state claims under §§1985(2) or (3).

The Tierneys therefore fail to state a federal claim.  The Court declines to exercise jurisdiction over the supplemental claims and so dismisses the Complaint.

II.   <u>AMENDED MOTION TO FILE SUPPLEMENTAL COMPLAINT</u>

The Court also denies Robert Tierney's request to file a supplemental complaint to include acts that occurred after the filing of this action.  The proposed supplemental complaint would add some additional defendants

and add allegations that center around Sheridan's continued decision not to allow Case Tierney to have a youth membership unless the Tierneys agree to stop suing it and the other Defendants.  <u>Amended Motion for Leave to File a Supplemental Complaint (d/e 71)</u>, Exhibit A, <u>First Supplement to Second Amended Complaint</u> ¶ 109b.  These allegations would fail to state a claim for relief under § 1983 for the same reasons that similar allegations in Counts II and IV fail to state a claim.  The Court therefore sees no reason to allow such a futile amendment.  Finally, due to the protracted litigation and the number of failed law suits referenced in this Opinion which center around the inability of Tierney family members to hold membership in the Sheridan Swim Club, the Court directs that J. Robert Tierney and Ann S. Tierney may only file additional law suits concerning the Sheridan Swim Club and related issues if leave of Court is first obtained.

THEREFORE, the Motions to Dismiss filed by Defendants Sheridan Swim Club, Inc., Robert W. Meyer, Andrew C. Schnack III, Doug Olson, Robert Hultz, Jon Barnard, Barney S. Bier, and Dennis Gorman (d/e 26, 44, 56, 59, & 61) are ALLOWED.  Counts I, II, III, IV, V, VI, and VII of the Corrected Second Amended Complaint are dismissed with prejudice for failure to state a claim.  The remaining state law counts are dismissed for

lack of subject matter jurisdiction.  Plaintiff J. Robert Tierney's Amended

Motion for Leave to File Supplemental Complaint (d/e 71) is DENIED.  All

pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  August 11, 2005.

       FOR THE COURT:

                            s/  Jeanne E. Scott
                             JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE