## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| J. ROBERT TIERNEY, ANN S. TIERNEY, CASE M. TIERNEY, By And Through His Next Best Friend, J. ROBERT TIERNEY,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIDAN SWIM CLUB, INC., an Illinois corporation, ANDREW C. SCHNACK, III, in his Individual Capacity, DOUG OLSON, ROBERT MEYER, and ROBERT HULTZ Members of the Sheridan Swim Club Inc., Board in their Individual and Official Capacities, BARNEY BIER, Member of the Sheridan Board in His Individual and Official Capacities, and in his Individual Capacity as the Adams County State's Attorney, JON BARNARD, in his Individual Capacity as an Adams County Assistant State's Attorney, DENNIS GORMAN, Attorney for the Quincy School District #172, a political subdivision of the State of Illinois, in his Individual and Official Capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 04-3138 |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS
## MOTION FOR ATTORNEYS' FEES

Defendant **DENNIS W. GORMAN**, by his attorneys, SCHMIEDESKAMP, ROBERTSON,

NEU & MITCHELL, and for his Memorandum in Support of his Motion for Attorneys' Fees,

pursuant to 42 U.S.C. §1988, states as follows:

# I. Background

## Over Five Years of Lawsuits and Grievances.

The undisputed facts establish that this lawsuit was just another step in Plaintiffs' over five-year personal vendetta fought in a series of lawsuits filed in state and federal court dating back to 1999. The Court is well aware of the general history regarding these litigants, and their continuing harassment of Quincy School District No. 172 ("QSD"), the Sheridan Swim Club, and others. (See d/e 76, p.3-6). This background is concisely summarized by the Seventh Circuit in its two opinions, which affirm dispositions of all issues in favor of all defendants. (See Tierney v. Vahle, 304 Fed.3d 734 (7th Cir. 2002); and Ann S. Tierney, et al. v. Quincy School District No. 172, Case Nos. 02-1403 and 04-1205, dated February 22, 2005, copies of which Opinions are attached as Exhibit D to the memorandum in support of Defendant Gorman's motion to dismiss Plaintiffs' Second Amended Complaint).[1] Further, the Plaintiffs have been sanctioned by both this District Court and the Seventh

---

[1] The prior proceedings and dispositions are summarized below:

a.    J. Robert Tierney, et al., v. Quincy School District No. 172, et al., Case No. 99-3149, filed in the United States District Court for the Central District of Illinois (*"Tierney I"*), Dismissal and summary judgment orders entered in favor of all Defendants, and affirmed in total by the Seventh Circuit. Tierney v. Vahle, 304 F.3d 734 (7th Cir. 2002) and Ann S. Tierney v. Quincy School District No. 172, No. 02-1403 and 04-1205, unpublished order dated February 22, 2005. Plaintiffs' former counsel was sanctioned by the Seventh Circuit for filing a frivolous appeal regarding claims against Defendant Debbie Olson. The District Court awarded attorney's fees pursuant to 42 U.S.C. § 1988(b) in favor of Debbie Olson, and also awarded fees to Quincy School District No. 172 ("QSD") under 28 U.S.C. § 1927.

b.    Ann S. Tierney v. Quincy School District No. 172, Case No. 01-3179, filed in the United States District Court for the Central District of Illinois (*"Tierney II"*). This case was dismissed as duplicative of *Tierney I*, and the dismissal order entered in favor of QSD was affirmed by the Seventh Circuit. Ann S. Tierney v. Quincy School District No. 172, No. 02-1403 and 04-1205, unpublished order dated February 22, 2005.

2

Circuit.

Further, claims against Gorman in the present lawsuit have been the subject of prior defense summary judgment rulings and dismissals, and appeals to the United States Court of Appeals for the Seventh Circuit. Defendant Dennis Gorman was joined as a defendant in *Tierney I*, and subsequently dismissed by an Order entered on March 19, 2001 (Case No. 99-3149, d/e 118). This dismissal was affirmed by the Seventh Circuit on February 22, 2005 and after petitions for rehearing *en banc* were denied, the Seventh Circuit issued its mandate on April 5, 2005.

The Plaintiffs alleged in *Tierney I*, as they do here, that Gorman engaged in a massive conspiracy in retaliation against them for exercising their First Amendment rights to free speech and to petition for redress of grievances. This present lawsuit, which was dismissed on August 11, 2005, at its core, is nothing more than the latest retaliatory strike, seeking revenge against QSD, and once again, its lawyer, arising out of QSD's handling of the pre-competition massage at issue in *Tierney I*. The filing of this lawsuit is an attempt to end-run the prior rulings of this Court and the Seventh Circuit. Such an attempt is vexatious, designed to harass the Defendant, and is sanctionable. This conclusion is unassailable in light of the fact that similar issues and conduct of Defendant Gorman were raised in *Tierney I*.

In effect, the tactic of the Plaintiffs is now to win by continuing to play the game, even if they

---

c.    Ann S. Tierney v. Quincy School District No. 172, Case No. 01-3380, filed in the United States District Court for the Central District of Illinois ("*Tierney III*"), (case dismissed as duplicative of *Tierney I*, on the court's own motion).

d.    J. Robert Tierney, et al, v. Sheridan Swim Club, Inc., et al., Case No. 02-L-12, filed in the Circuit Court for the Eighth Judicial Circuit, Adams County, Illinois ("*Tierney IV*"), (case dismissed by circuit court). Plaintiffs appealed the dismissal order to Illinois Fourth District Appellate Court, but then failed to file a brief, and the appellate court dismissed the appeal on its own motion.

are losing, by simply filing repackaged claims in retaliation for adverse rulings in prior cases. At this point, it is clear that the Plaintiffs are simply exacting some harm to the Defendants by simply keeping claims alive (abusing the access they have to federal and state courts) and, thus, causing the defendants to incur continuing expense and attorneys' fees involved in defending these claims. Based upon the repeated dismissals and the provisions of §1988, the Court should enter an order allowing Defendant Gorman to recover reasonable attorneys' fees in the amount of $10,765.00 in defending the frivolous, legally baseless, vexatious, and harassing litigation by the Tierneys.

## II. ARGUMENT.

### A.    Standard Under 42 U.S.C. §1988 for Fees Awards to Prevailing Defendants.

42 U.S.C. §1988(b) provides, in part, that the Court, in its discretion, may allow the prevailing party, a reasonable attorney's fee as part of the cost. See Munson v. Milwaukee Board of School Dirs., 969 F.2d 266, 269 (7th Cir. 1992). "It is well-settled that the District Courts are given wide latitude to determine whether an award of fees to prevailing defendants is appropriate in a given case. " Munson, 969 F.2d at 269. "A prevailing defendant may be entitled to attorney's fees under 42 U.S.C. §1988 if the suit was frivolous, unreasonable, vexatious, or without foundation, or brought to harass or embarrass defendants." Westfield Partners, Ltd. v. Hogan, 744 F.Supp. 189, 191 (N.D.Ill. 1990). A suit which lacks an adequate basis in law is sufficient to meet the standard. See Westfield Partners, 744 F.Supp. at 191 (citing Hamer v. Lake County, 819 F.2d 1362, 1367 (7th Cir. 1987)). "Defendants are not required to show either subjective or objective bad faith on the part of the plaintiff in order to recover Section 1988 attorneys' fees." Munson, 969 F.2d at 269. "The need for an award of attorneys' fees and costs takes on even greater importance when a baseless suit is brought solely to harass or oppress a defendant, such as forcing him to defend against a baseless

4

suit." <u>Westfield Partners</u>, 744 F.Supp at 191 (*citing* <u>Tarkowski v. Lake County</u>, 775 F.2d 173, 176 (7th Cir. 1985)).

**B.    Defendant Gorman is Entitled to His Reasonable Attorneys' Fees in Defending this Baseless, Vexatious, and Harassing Action.**

After five years of litigation, and numerous lawsuits and grievances involving many of the same defendants, including Defendant Gorman, there is little doubt that the present baseless lawsuit was not based on a good faith claim, but instead was motivated by a desire to harass Gorman. Such a vexatious, baseless and harassing claim is precisely the type of claim for which 42 U.S.C §1988 was designed to address. An award of $10,765.00 for attorneys' fees incurred by Gorman should be entered against the Plaintiffs to uphold the spirit and letter of 42 U.S.C. §1988.

The action against Gorman had no foundation in law, as evidenced by this Court's dismissal with prejudice of all claims. Further, the baseless nature and harassing nature of the litigation was recognized by this Court in its order dismissing with prejudice all federal counts in the Plaintiffs' amended complaint, when it held as follows:

> "Finally due to the protracted litigation and the number of failed lawsuits referenced in this Opinion which center around the inability of Tierney family members to hold membership in the Sheridan Swim Club, the Court directs that J. Robert Tierney and Ann S. Tierney may only file additional law suits concerning the Sheridan Swim Club and related issues if leave of Court is first obtained."

(See d/e 76, at p.20). Finally, the vexatious and baseless nature of the lawsuit is further substantiated by the fact that Plaintiffs have not been able to prove any discriminatory or wrongful conduct in any numerous proceedings against the various defendants.

Contrary to at least one of the Tierneys' claims in this lawsuit, the Plaintiffs have not only had access to the courts, but in fact abused that access. They have filed numerous lawsuits in both

federal and state court, have filed grievances with employment state regulatory agencies and have appealed matters to the Seventh Circuit Court of Appeals. However, the baseless nature of their multiple claims in the courts is equaled only by their consistent failure to allege facts to support any claim brought against Defendant Gorman and the other individual defendants or Sheridan Swim Club in these multiple cases.

In addition, an award of fees should be entered since issues raised in this lawsuit were raised, and dismissed, in both *Tierney I* and *Tierney IV*. Specifically, the claims that Gorman conspired with Sheridan Swim Club and others was litigated in *Tierney I*. The claim that Gorman conspired to torpedo the Adams County state court lawsuit was litigated in *Tierney IV*. Courts have awarded fees to prevailing Defendants where civil rights Plaintiff'' proceeds in the face of an unambiguous adverse previous ruling, or where the Plaintiff is aware, with some degree of certainty of the factual legal infirmity of his claim." E. E. O. C. v. American Fed. of Teachers, Local No. 571, 761 F.Supp. 536, 541 (N.D.Ill. 1991) (*citing* Badillo v. Central Steel and Wire Company, 717 F.2d 1160, 1163-64 (7th Cir. 1983)). "An award of fees is particularly appropriate where, as here, the underlying legal principles which the plaintiff failed to recognize provide a threshold procedural bar." American Federation of Teachers, 761 F.Supp. at 541.

Defendants in this case, including Defendant Gorman, have been put to too much time and expense by Plaintiffs in defending multiple lawsuits concerning a related series of events. A common theme running through the Plaintiffs' cases has been a persistent failure to definitively state the legal basis of their claims and provide any factual allegations or evidence whatsoever to support those claims. Further, it is apparent that each dismissal or adverse ruling in one lawsuit is met by new purported allegations or some new unsupported theories of recovery or simply new lawsuits,

whether they are in federal or state court. The appropriate remedy for the Plaintiffs' repeated baseless efforts to find a theory of recovery which this Court might accept, must be the compensation of Defendant Gorman for being improperly dragged into this litigation. See E. E. O. C. v. American Fed. of Teachers, Local No. 571, 761 F.Supp. 536, 542 (N.D.Ill. 1991).     Defendant Gorman, as an attorney, recognizes that laws protecting an individual's civil rights have a place in today's society, as well as an understanding of the important rights such laws vindicate. However, when plaintiffs, such as Robert and Ann Tierney, abuse these laws for the purpose of harassment through baseless, vexatious, and vindictive litigation, all potential civil rights plaintiffs suffer. Here, the Plaintiffs have done nothing more than take advantage of the unfettered access they have to both federal courts and state courts to file multiple proceedings designed to harass and abuse the Defendant. The multiplicity of the proceedings is indicative of the harassing motive. Federal litigation, however, is not to be utilized as a toy or as a means to harass another party. The Court's fee shifting power under Section 1988 demands that this type of abuse be prevented by an award of attorneys' fees incurred by Defendant Gorman. See Bogdan, No. 96C 1609, 2001 U.S. Dist. Lexis 6865, at *12 (N.D.Ill. May 24, 2001)(awarding prevailing defendant fees where a plaintiff abused judicial system since 1996 and brought action to harass the defendant).

**C.     Defendant's Requested Fees are Reasonable.**

Under §1988, the courts used the Lodestar method of computing "reasonable" fees. See Hensley v. Eckerhart, 461 U.S. 424, 431 (1983). In accordance with this well-accepted means of computing fee awards, Defendant Gorman has submitted concurrently herewith his Lodestar calculation which reflects the reasonable fees expended to defend this matter by Gorman's counsel. (See Exhibit A to Defendant's motion for attorneys' fees, and further see B. Gorman Declaration

7

Exhibit 1, attached to Exhibit A, the Declaration of Brett K. Gorman). The total amount of fees for services rendered to defend this action was $10,765.00. (See B. Gorman Declaration Exhibit 1). Lead attorney Brett Gorman submits that the hours and rates were reasonable and necessary to represent Defendant Dennis Gorman's interests and properly defend this lawsuit.

### III. CONCLUSION.

An award of attorneys' fees pursuant to §1988 will underscore the court's holding that no further lawsuits may be filed by the Tierneys against Sheridan Swim Club or other individual defendants related to this series of events. (See d/e 76, at p.20). Further, an award of attorneys' fees will reenforce the well-established principle that in federal court, baseless, frivolous, and harassing litigation will not be tolerated. Gorman submits that a $10,765.00 fee award would provide a sufficient deterrent to prevent the Plaintiffs from further engaging in harassing and vexatious lawsuits.

WHEREFORE, Defendant **DENNIS W. GORMAN** requests that this Honorable Court, pursuant to 42 U.S.C. §1988, grant Defendant Gorman's motion and award Defendant Gorman $10,765.00 in attorneys' fees incurred in defense of this case for any or all of the reasons set forth in this motion.

s/_____Brett K. Gorman_____

Brett K. Gorman, IL Bar #6210850
Attorney for Defendant Dennis W. Gorman
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey Street, P. O. Box 1069
Quincy, IL 62306-1069
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail: bgorman@srnm.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, using the CM/ECF system which will send notification of such filing to the following:

J. Robert Tierney
Ann S. Tierney
spg@insightbb.com
jrtast1972@yahoo.com

Paul R. Bown
Brown Hay & Stephens
pbown@bhslaw.com

Clifford G. Kosoff
Julie M. Koerner
O'Halloran, Kosoff, Geitner & Cook PC
ckosoff@okgc.com
jkoerner@okgc.com

Matthew D. Bilinsky
Terence J. Corrigan
Illinois Attorney General
mbilinsky@atg.state.il.us
tcorrigan@atg.state.il.us

s/_____Brett K. Gorman_____
Brett K. Gorman, IL Bar #6210850
Attorney for Defendant Dennis W. Gorman
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey Street, P. O. Box 1069
Quincy, IL 62306-1069
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail: bgorman@srnm.com

9