E-FILED
Friday, 03 March, 2006  02:01:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| J. ROBERT TIERNEY<br>and ANN S. TIERNEY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No.  04-3138 |
| SHERIDAN SWIM<br>CLUB, INC., et al., | )<br>)<br>) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Dennis Gorman's Motion for Attorneys' Fees (d/e 79).  Gorman was a prevailing Defendant in this action and is entitled to attorneys' fees if the action was frivolous, unreasonable, or groundless.  42 U.S.C. § 1988; Khan v. Gallitano, 180 F.3d 829, 837 (7th Cir. 1999).  For the reasons set forth below, the Court, in its discretion, denies the request for attorneys' fees.

The principle allegations against Gorman relate to Counts I, VI and VII of Tierneys' Corrected Second Amended Complaint (d/e 39) (Complaint).  Counts I, VI and VII asserted claims for denial of access to

the courts and to petition the government for redress. These claims were based on alleged wrongful conduct committed in connection with a lawsuit filed in the Illinois Circuit Court for Adams County, Illinois. Tierney v. Sheridan Swim Club, Inc, et al., Adams County Circuit Court Case No. 02-L-12 (Adams County Action). These Counts failed to state a claim, and, accordingly, the Court previously dismissed them. Opinion entered August 11, 2005 (d/e 76) at 12-15, 18-19. The Court, however, is not prepared to say all of these claims were frivolous. The Tierneys made allegations of improper conduct; their remedy, however, was to raise the matter with the Adams County Court, which they evidently did. See Id. at 13. Given the allegations of misconduct, these claims were not frivolous.

The remaining federal Counts, however, were frivolous. The Tierneys alleged civil rights claims because the Defendants allegedly conspired with a private club, the Sheridan Swim Club (Sheridan), to deny the Tierneys' son, Case Tierney, a youth membership at Sheridan as long as the Tierneys kept suing Sheridan and the other Defendants. Complaint, Counts II-V. These Counts were all frivolous because the Court had already decided, in a prior action filed by the Tierneys, that Sheridan was not a state actor and that denying the Tierneys membership in the club did not violate their civil

rights. <u>Tierney v. Powers, Case No. 99-3149 (Original Action), Order entered October 23, 2001 (Case No. 99-3149 d/e 189)</u>; see <u>Opinion entered August 11, 2005</u> at 4-5. The Tierneys, thus, knew that Sheridan and the other Defendants were not violating their civil rights by denying Case Tierney a club membership. The Tierneys, however, persisted in pursuing these frivolous claims.

The Court, in its discretion, has decided not to award fees to Gorman even though some of the claims in the Complaint were frivolous. The principle allegations against Gorman related to the non-frivolous claims in Counts I, VI and VII. Gorman would have needed to expend attorneys' fees to respond to these claims regardless of whether the frivolous claims had been included in the Complaint. Furthermore, the matter was disposed of at the motion to dismiss stage, before Gorman filed an answer or engaged in any discovery. Given that the matter was terminated at an early stage and some of the claims were not frivolous, the Court, in its discretion, determines that an award of attorneys' fees would not be appropriate in this case.

THEREFORE, Defendant's Motion for Attorneys' Fees (d/e 79) is DENIED. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: March 2, 2006.

FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                              UNITED STATES DISTRICT JUDGE